FILED

2003 NOV 18 P 2: 56

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| Defendants. | : | NOVEMBER 18, 2003 |

## JOINT STATUS REPORT

The parties to the above-entitled case, by and through their counsel of record, do hereby respectfully submit this joint status report pursuant to the Court's Order dated November 4, 2003.

A. <u>Nature of the Case</u>

The case is now awaiting a decision on the defendants' motion to dismiss of March 28, 2003. The plaintiffs filed their opposition to the motion on May 28, 2003, and the defendants filed their reply to the opposition on June 12, 2003.

The Nature of the Case is set forth in Section III of the Form 26(f) Report filed March 31, 2003, and approved and ordered by this Court on April 23, 2003, a copy of which is attached. Since

CTDOCS:1567891.1                                            1

that time, the parties, by a stipulation dated May 22, 2003, have stipulated to the dismissal of the plaintiffs' claims against the defendant Norris J. Young, Jr.

In sum, the plaintiffs claim that the defendants, Nationwide Federal Credit Union, et al (collectively, "NFCU"), engaged in certain misconduct with respect to the lending relationship between the plaintiff Robert Morin and NFCU, rendering NFCU liable to the plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, conversion of Mr. Morin's motor vehicle, intentional infliction of emotional distress, slander and libel, violation of certain federal and state fair credit reporting and financial reporting statutes and violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42a-110b. As of this time, NFCU has set forth various defenses to the plaintiffs' claims in its pending motion to dismiss and has reserved its right to assert additional claims, as may be necessary after the resolution of that motion. Nationwide has further reserved its right to assert counterclaims against the plaintiffs, including for the recovery of all sums due and unpaid under the loans NFCU made to the plaintiffs. The plaintiffs have made a demand for a jury trial in this case.

B.  Discovery

The Form 26(f) contemplates the completion of discovery on or before June 24, 2004. Discovery is presently awaiting resolution of the pending motion to dismiss so that it may be conducted in an efficient and cost-effective manner. The parties do not now anticipate a request for modification of that date.

C.  Settlement

No settlement conference has been held in this case. The parties request that a settlement conference before a Magistrate Judge be scheduled for a date following the ruling upon the pending motion to dismiss.

D.  Trial Preparation

As more fully set forth in the attached Form 26(f) Report, the parties anticipate that the matter will be ready for trial on October 29, 2004 and the parties' joint trial memorandum is due on or before October 18, 2004. The parties presently anticipate that additional pleadings will be filed subsequent to the resolution of the pending motion to dismiss including a counterclaim and motions for summary judgment.

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| By _____ <br> Richard P. Weinstein, Esquire of <br> WEINSTEIN & WISSER, P.C. <br> 29 South Main Street, Suite 207 <br> West Hartford, CT  06107 <br> Telephone No. (860) 561-2628 <br> Facsimile No. (860) 521-6150 <br> Federal Bar No. ct06215 | By Deborah S. Freeman <br> Deborah S. Freeman, Esquire of <br> Bingham McCutchen LLP <br> One State Street <br> Hartford, CT  06103-3178 <br> Telephone No. (860) 240-2700 <br> Facsimile No. (860) 240-2818 <br> Federal Bar No. ct05257 |