# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD P. MORIN, SR., ET AL.<br>Plaintiffs, | : Civil Action No.<br>: 3:03 CV 0277 (CJD)<br>: |
| v. | : |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL.,<br>Defendants. | : June 30, 2004<br>:<br>: |

## JOINT MOTION FOR EXTENSION OF
## DISCOVERY DEADLINE PENDING MOTION TO DISMISS

Plaintiffs Ronald P. Morin, Sr. et al. ("Plaintiffs") and Defendants Nationwide Federal Credit Union ("NFCU"), Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life and Annuity Insurance Company, Nationwide Property and Casualty Company, and Nationwide Life Insurance Companies and Norris J. Young, Jr., ("Defendants") (Plaintiffs and Defendants collectively, the "Parties") respectfully move this Honorable Court for an Order modifying the current scheduling order in this case pending resolution of the Defendants' motion to dismiss the complaint. As grounds for this motion, the Parties state as follows:

     1.     On March 28, 2003, the Defendants filed a motion to dismiss the complaint. The motion is fully briefed and is pending before the Court.

     2.     On April 23, 2003, this Court ordered that discovery be complete by June 28, 2004 (see Docket, April 23, 2003 Endorsement).

3.      The Defendants motion to dismiss the twelve causes of action alleged in the Complaint remains pending.  This Court's resolution of the Defendants' motion to dismiss will have a significant impact on the scope of discovery in that no discovery may be required if the Defendants prevail.  Accordingly, the Parties November 18, 2003 Joint Status Report explained that *"[d]iscovery is presently awaiting resolution of the pending motion to dismiss so that it may be conducted in an efficient and cost-effective manner."*

4.      Good cause exists for this motion.  At present, the nature of the suit has yet to be determined (through resolution of the motion to dismiss), the complaint has not been answered and potential counterclaims have not been asserted.  In the interests of judicial economy and efficient utilization of the Parties' resources, discovery should not be completed until the claims and counterclaims in the litigation are known.  The current discovery completion deadline would work a serious injustice to the Parties, as discovery would be concluded before the Defendants had even answered the complaint and asserted any potential counterclaims.

WHEREFORE, the Parties respectfully move this Honorable Court for an Order deferring the discovery completion deadline and all other deadlines until resolution of the pending motion to dismiss the complaint, at which time the Parties will report to the Court to present a proposed scheduling order.

PLAINTIFFS,

By  /s/Richard P. Weinstein
    Richard P. Weinstein, Esquire of
    WEINSTEIN & WISSER, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107
    Telephone No. (860) 561-2628
    Facsimile No. (860) 521-6150
    Federal Bar No. ct06215

DEFENDANTS,

By  /s/ Deborah S. Freeman
    Deborah S. Freeman, Esquire of
    Bingham McCutchen LLP
    One State Street
    Hartford, CT  06103-3178
    Telephone No. (860) 240-2700
    Facsimile No. (860) 240-2818
    Federal Bar No. ct05257