UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET. AL. | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 0277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL. | : | |
|     Defendants. | : | NOVEMBER 15, 2004 |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants, Nationwide Federal Credit Union ("NFCU"), Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life and Annuity Insurance Company, Nationwide Property and Casualty Insurance Company, and Nationwide Life Insurance Company (collectively referred to as "Nationwide"), by and through their attorneys, hereby answer the Complaint in the above-referenced matter as follows:

FIRST COUNT:

1.  Denied except Nationwide admits that Ronald P. Morin, Sr. ("Mr. Morin") was a Nationwide employee before he became an exclusive independent contractor agent in approximately 1988.

2.  Nationwide denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore leaves Plaintiffs to their proof.

-2-

3. Denied except Nationwide admits that NFCU is a federally chartered credit union that is affiliated with Nationwide and that NFCU extends credit to, among others, Nationwide employees, exclusive independent contractor agents and their families.

4. Nationwide avers that the allegations in paragraph 4 are too vague to permit an answer. To the extent that an answer is required, Nationwide denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore leaves Plaintiffs to their proof.

5. Denied.

6. Nationwide avers that the allegations in paragraph 6 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 6 may be deemed to contain any factual allegations, they are denied.

7. Denied except Nationwide admits that at times pertinent to this litigation Nationwide offered to certain independent contractor exclusive agents an Agent Security Compensation Plan, and Nationwide respectfully refers the Court to plan documents for a statement of the plan's terms.

8. Denied except Nationwide admits that it received a letter dated February 6, 2000 from Mr. Morin stating that, among other things, he was terminating his relationship with Nationwide.

9. Denied except Nationwide admits that as of February 6, 2000, Mr. Morin had outstanding loans from NFCU.

-3-

10. Denied.

11. Denied except Nationwide admits that on February 8, 2000, it received a letter from Mr. Morin dated February 6, 2000, which was addressed to Norris J. Young, Jr.

12. Denied except Nationwide admits that, on or about February 9, 2000, it notified Mr. Morin that he was in default on his NFCU loans.

13. Denied.

14. Denied as to the first sentence except Nationwide admits that it communicated with NFCU on or about February 9, 2000. As to second sentence, denied.

15. Denied.

16. Denied except Nationwide admits that, pursuant to the loan agreements approximately $30,000 was paid to NFCU.

17. Denied except Nationwide admits that Mr. Morin requested information.

18. Nationwide denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore leaves Plaintiffs to their proof.

19. Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

SECOND COUNT:

1 - 19. Nationwide repeats its responses to paragraphs 1 through 19 of the First Count in response to paragraphs 1 through 19 of the Second Count.

20.     Nationwide avers that the allegations in paragraph 20 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 20 may be deemed to contain any factual allegations, they are denied.

THIRD COUNT:

1 - 18. Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Third Count.

19.     Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

FOURTH COUNT:

1 - 18. Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Fourth Count.

19.     Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

FIFTH COUNT:

1 - 19. Nationwide repeats its responses to paragraphs 1 through 19 of the First Count in response to paragraphs 1 through 19 of the Fifth Count.

20.     Nationwide avers that the allegations in paragraph 20 are Plaintiffs' legal conclusions to which no response is required. To the extent that paragraph 20 may be deemed to

contain any factual allegations, they are denied.

SIXTH COUNT:

1 - 18.   Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Sixth Count.

19.   Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

SEVENTH COUNT:

1 - 18.   Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Seventh Count.

19.   Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

EIGHTH COUNT:

1 - 19.   Nationwide repeats its responses to paragraphs 1 through 19 of the First Count in response to paragraphs 1 through 19 of the Eighth Count.

20.   Nationwide avers that the allegations in paragraph 20 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 20 may be deemed to contain any factual allegations, they are denied.

NINTH COUNT:

1 - 18.  Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Ninth Count.

19.  Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

TENTH COUNT:

1 - 18.  Nationwide repeats its responses to paragraphs 1 through 18 of the First Count in response to paragraphs 1 through 18 of the Tenth Count.

19.  Nationwide avers that the allegations in paragraph 19 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 19 may be deemed to contain any factual allegations, they are denied.

ELEVENTH COUNT:

1 - 19.  Nationwide repeats its responses to paragraphs 1 through 19 of the First Count in response to paragraphs 1 through 19 of the Eleventh Count.

20.  Nationwide avers that the allegations in paragraph 20 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 20 may be deemed to contain any factual allegations, they are denied.

TWELFTH COUNT:

1 - 19.  Nationwide repeats its responses to paragraphs 1 through 19 of the First Count in

response to paragraphs 1 through 19 of the Twelfth Count.

20. Nationwide repeats its response to paragraph 20 of the Second Count in response to paragraph 20 of the Twelfth Count.

21. Nationwide repeats its response to paragraph 19 of the Third Count in response to paragraph 21 of the Twelfth Count.

22. Nationwide repeats its response to paragraph 19 of the Fourth Count in response to paragraph 22 of the Twelfth Count.

23. Nationwide repeats its response to paragraph 20 of the Fifth Count in response to paragraph 23 of the Twelfth Count.

24. Nationwide repeats its response to paragraph 19 of the Sixth Count in response to paragraph 24 of the Twelfth Count.

25. Nationwide repeats its response to paragraph 19 of the Seventh Count in response to paragraph 25 of the Twelfth Count.

26. Nationwide repeats its response to paragraph 20 of the Eighth Count in response to paragraph 26 of the Twelfth Count.

27. Nationwide repeats its response to paragraph 19 of the Ninth Count in response to paragraph 27 of the Twelfth Count.

28. Nationwide repeats its response to paragraph 19 of the Tenth Count in response to paragraph 28 of the Twelfth Count.

29. Nationwide repeats its response to paragraph 20 of the Eleventh Count in

response to paragraph 29 of the Twelfth Count.

30.     Nationwide avers that the allegations in paragraph 30 are Plaintiffs' legal conclusions to which no response is required.  To the extent that paragraph 30 may be deemed to contain any factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every allegation in the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs waived their right to assert the causes of action alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

If the Plaintiffs were injured in any of the ways claimed in their Complaint, their injuries were caused by their own conduct or that of a third party unrelated to Nationwide.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs incurred damages, Plaintiffs failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of failure and/or lack of consideration.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by contract.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to perform under the contracts.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs materially breached the contracts.

### FOURTEENTH AFFIRMATIVE DEFENSE

Nationwide is entitled to set-off and/or recoupment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Nationwide reserves the right to raise any and all other defenses that may become evident during discovery in this action.

## COUNTERCLAIM

## PARTIES

1. Counterclaim-Plaintiff, Nationwide Federal Credit Union ("NFCU") has its principal place of business at One Nationwide Plaza, Columbus, Ohio.

2. Counterclaim-Plaintiff, Nationwide Mutual Insurance Company, ("Nationwide") has its principal place of business at One Nationwide Plaza, Columbus, Ohio.

3. Counterclaim Defendant, Ronald P. Morin, ("Morin") is an individual residing at 159 Trumbull Lane, South Windsor, Connecticut.

## COUNT I

4. During the period 1994 through 2000, Morin became indebted to NFCU in a total amount exceeding $300,000.00 pursuant to a series of loan agreements made by and between NFCU and Morin (the "Loans").

5. Good and valuable consideration was given by NFCU for the Loans.

6. NFCU and/or Nationwide through assignment are the owners and holder of the Loans.

7. Morin defaulted under the Loans in February, 2000. Morin continues to be in default under the Loans due to, inter alia, failure to make payments when due.

8. By virtue of said default, the entire unpaid principal balance under the Loans (exceeding $146,000) is immediately due and payable together with, but not limited to, interest,

late charges, reasonable attorneys' fees and costs of collection.

   9.  Despite repeated demand, Morin has neglected and refused to make payment under the Loans.

   10.  As a result of the foregoing, the Plaintiffs have been damaged in an amount not less than $146,000 excluding interest, costs and attorneys fees.

WHEREFORE, Plaintiffs pray for the following relief:

1. Money damages in an amount to be determined at trial.

2. Interest including interest pursuant to Conn. gen. Stat. § 37-3(a).

3. Attorneys' fees and costs.

4. Such other and further relief as the Court deems just and proper.

        DEFENDANTS,
NATIONWIDE FEDERAL CREDIT UNION, NATIONWIDE MUTUAL INSURANCE CO., NATIONWIDE MUTUAL FIRE INSURANCE CO., NATIONWIDE LIFE AND ANNUITY INSURANCE CO., NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO., AND NATIONWIDE LIFE INSURANCE CO.

By: /s/ Deborah S. Freeman_____
    Deborah S. Freeman (ct05257)
    Michael D. Blanchard (ct25891)
    BINGHAM MCCUTCHEN LLP
    One State Street
    Hartford, CT 06103
    (860) 240-2700
    (860) 240-2800 (fax)
    email: deborah.freeman@bingham.com
    email: michael.blanchard@bingham.com
    Their attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on this 15th day of November, 2004 via first-class U.S. mail, postage prepaid to the following counsel of record:

Richard P. Weinstein, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, Connecticut  06107


/s/ Deborah S. Freeman
Deborah S. Freeman