UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET. AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:03 CV 277 (CFD) |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET. AL., | : | |
|     Defendants. | : | DECEMBER 21, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Defendants hereby respectfully submit this Memorandum of Law In Opposition to the Plaintiffs' Motion For Leave To Amend the Complaint. By his Motion, the Plaintiffs seek leave of Court (as required here pursuant to Rule 15) to add a claim against Nationwide for, *inter alia*, failure to pay "renewal commissions" pursuant to Conn. Gen. Stat. § 38a-709 (the "Section 38a-709 Claim"). The Plaintiffs' Section 38a-709 Claim is futile because (1) the statutory provision on which the Plaintiffs rely was not enacted at the time Mr. Morin's agency relationship with Nationwide was terminated; and (ii) it is a compulsory counterclaim in a previously filed action between the parties pending in this Court. Plaintiffs' Motion should, therefore, be denied.

**I.  THE PLAINTIFFS' PROPOSED SECTION 38A-709 CLAIM IS FUTILE**

The Plaintiffs may amend the complaint at this juncture (after the Defendants have answered) only by leave of Court or by the consent of the Defendants. Fed.R.Civ.P. 15(a). A

Case 3:03-cv-00277-CFD   Document 40   Filed 12/21/2004   Page 2 of 6

court may exercise its discretion to deny an amendment if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 41 (D. Conn. 2003) (citing *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). It is appropriate to deny a motion for leave to amend based on futility where "it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Here, the Plaintiffs can prove no set of facts in support of the proposed Section 38a-709 claim. The Plaintiffs' claim is premised upon Section 38a-709(c) *as amended in 2001*. The statutory provisions upon which the Plaintiff relies *did not exist* prior to a 2001 amendment to § 38a-702a (a definitions section) which took effect on September 1, 2002, *one and one-half years after* Mr. Morin terminated his agency relationship with Nationwide.

The Plaintiffs allege that Mr. Morin was an exclusive insurance agent with Nationwide, which agency relationship ended in February, 2000. The Plaintiffs' propose a new claim that Mr. Morin is entitled to renewal commissions post-dating the termination of his relationship. Under Section 38a-709(c), which requires post-termination payments of "renewal commissions" for insurance "producers."[1] The definitions section applicable at the time that Mr. Morin's agency relationship terminated (§ 38a-702) distinguished between an

---

[1] As amended effective September 1, 2002, the definitions section of the statute provides that an 'insurance producer' is "a person required to be licensed under the laws of this state to sell, solicit or negotiate insurance." 38a-7-2a(6).

2

CTDOCS/1612939.1

"insurance producer" and an "insurance agent." An "insurance producer" was defined as one who "solicits and negotiates coverage of insurance for the public *without an agreement or contract with any specific insurance company . . . and <u>not</u> as . . . a licensed producer holding an agency appointment*." (Emphasis added). *See* Ex. A. Mr. Morin, as a Nationwide agent, had both an agreement with a specific insurance company and was licensed holding an agency appointment, and accordingly did not fall within the statutory definition of "producer." *See* Agent's Agreement, Ex. B. Because Mr. Morin was not a statutory "producer" at the time of termination under the repealed version of the statute, he was not entitled to post-termination payments for renewal commissions.

The new Section 38a-709(c) does not apply retroactively. As General Statutes § 55-3 states: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect." *See Colonial Penn Ins. Co. v. Bryant*, 245 Conn. 710, 714 A.2d 1209 (1998) (holding amendment to definitions section of UM/UIM insurance statute did not apply retroactively). The proposed Section 38a-709 Claim would be futile, and therefore, leave to amend should be denied. *Coleman v. Aztec Lighting*, No. Civ. A. 303CV1182CFD 2004 WL 213031 (D. Conn. Jan. 28, 2004) (denying in part motion for leave to amend due to futility where plaintiff did not allege facts sufficient to support claim).

II.  **THE PLAINTIFFS' PROPOSED SECTION 38A-709 CLAIM IS BARRED AS IT IS A COMPULSORY COUNTERCLAIM THAT THE PLAINTIFFS HAVE FAILED TO PURSUE PREVIOUSLY**

Federal Rule of Civil Procedure 13(a) states that "[a] pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any

3

opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." (Emphasis added). Mr. Morin admits in his motion for leave to amend that he "is a party to another lawsuit involving the Nationwide Companies, but he was unaware that a claim under § 38a-709(c) had not been asserted in that other, pending litigation." Motion at 1. Mr. Morin, however, was *required* to assert the Section 38a-709 Claim in the previous litigation, because it was a *compulsory counterclaim* arising out of the same transaction or occurrence as the Nationwide plaintiffs' claims there, claims which the Plaintiff had answered and asserted various other counterclaims. *See* Ex. C (answer and counterclaims in *Nationwide et al. v. Morin, et al.*, Civ. No 301CV02 (AHN) (D. Conn.)) ("Morin I").

In Morin I, Nationwide Mutual Insurance Company sued Mr. Morin asserting several claims based upon his termination of his independent contractor agency relationship with Nationwide and his breach of the Agent's Agreement that governed his relationship with Nationwide. *See* Ex. D (complaint in Morin I). Mr. Morin asserted counterclaims, including claims directed to Nationwide's alleged post-termination conduct. *See* Ex. E (answer and counterclaims, Third Counterclaim). Mr. Morin's proposed Section 38a-709 Claim here seeks payment of renewal commissions that he alleges are due based upon the termination of his previous agency relationship -- the same facts at issue in the other pending litigation. *See* Proposed Amended Complaint. Clearly, the proposed Section 38a-709 claim "arises out of the transaction or occurrence that is the subject matter of" Morin I, yet the Plaintiff failed to raise it there. Having failed to do so, he is barred from bringing the claim in this litigation. *See, e.g., Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697 (2d Cir. 2000) (antitrust action barred because the plaintiff failed to raise it as a compulsory counterclaim in a previous patent infringement action based on the same facts); *Vukich v. Nationwide et al.* 2003 WL 213569061 Unpublished Decision, Not Precedential (3rd Cir. June 11, 2003)

4

(holding that Nationwide agent's claims for breach of contract and misrepresentation were logically related to Nationwide's previously asserted claims for breach of employment agreement, fiduciary duty and covenant not to compete as both claims concerned the Agent's Agreement) (attached hereto as Ex. B).

## Conclusion

For the foregoing reasons, the Plaintiffs' Motion For Leave To Amend The Complaint should be denied.

        DEFENDANTS,
        NATIONWIDE FEDERAL CREDIT UNION, ET. AL.

        By_/s/ Deborah S. Freeman_____
          Deborah S. Freeman, Esq. (ct05257)
          Michael D. Blanchard, Esq. (ct25891)
          BINGHAM McCUTCHEN LLP
          One State Street
          Hartford, CT 06103-3178
          Juris No. 27045
          (860) 240-2700
          (860) 240-2818 (fax)
          deborah.freeman@bingham.com
          michael.blanchard@bingham.com
          Their Attorneys

**CERTIFICATION**

This is to certify that on this 21st day of December, 2004, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

                                        /s/ Deborah S. Freeman
                                        Deborah S. Freeman

CTDOCS/1612939.1