**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | May 17, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure, Rule 26(c), Defendants Nationwide Federal Credit Union, et al. (collectively "NFCU"), hereby respectfully submit this Memorandum of Law in Support of Motion for Protective Order with respect to the Plaintiffs' purported Re-Notice of Deposition of Michael Weisenberger ("Mr. Weisenberger").

**Preliminary Statement**

By Re-Notice of Deposition dated May 4, 2005, ("Notice") the Plaintiffs seek, "pursuant to Rule 30 of the Federal Rules of Civil Procedure" to take the deposition of Mr. Michael Weisenberger at the offices of Plaintiffs' counsel in West Hartford, Connecticut. Mr. Weisenberger is Vice President of Lending Services for NFCU (with its principal place of business in Ohio) and Mr. Weisenberger resides in Ohio. NFCU objected to the deposition proceeding in Connecticut and objected to the form of notice as it was unclear whether the deposition was intended as a Rule 30(b)(6) deposition or otherwise. By letter dated May 11,

**ORAL ARGUMENT REQUESTED**

CTDOCS/1628291.2

2005, counsel for the Plaintiffs clarified that the Plaintiffs were "seeking to take Mr. Weisenburger's deposition as an officer or managing agent of NFCU." After unsuccessful attempts in good faith to resolve the location of the deposition, counsel for the parties agreed that the matter must be resolved by the Court through application for a protective order. *See* Affidavit Of Michael D. Blanchard Pursuant to L.R. 37(a)(2) Concerning Defendants' Motion For Protective Order, submitted herewith.

Mr. Weisenberger is an out-of-state resident of Ohio and is Vice President of Lending for NFCU, likewise located in Columbus, Ohio. Case law dictates that Mr. Weisenberger and NFCU are entitled to a protective order requiring that any deposition of Mr. Weisenberger be conducted in Ohio, and not Connecticut.

### I.   MR. WEISENBERGER'S DEPOSITION IS PROPERLY CONDUCTED IN OHIO, NOT CONNECTICUT

Defendant NFCU moves for a protective order under Fed. R. Civ. P. 26(c) on the grounds that the deposition of its purported corporate representative Michael Weisenberger is properly conducted at the location of its principal place of business in Columbus, Ohio. Rule 26(c) requires "good cause" to obtain a protective order. Here, "good cause" is satisfied by the presumption that the deposition of an Ohio representative of an Ohio corporation should proceed in Ohio, not Connecticut.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); see also Dagen v. CFC Group Holdings, Ltd.,

No. 54682 2003 WL 21910861 (S.D.N.Y. Aug. 11, 2003) (same).[1]  "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum.*"  *Tailift USA, Inc. v. Tailift Co., Ltd.*, NO. CIV.A.3:03-CV-0196-M 2004 WL 722244 * 1 (N.D. Tex. Mar 26, 2004) (emphasis added) (citing *Payton v. Sears, Roebuck & Co.*, 148 F.R.D. 667, 669 (N.D. Ga. 1993)).  *"This presumption satisfies the Rule 26(c) requirement of good cause.*"  *Id.* (emphasis added) (citing, *Chris-Craft Indust. Prod., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.") (quoting *Sears v. American Entm't Group, Inc.*, 1995 WL 66411, at * 1 (N.D. Ill.  Feb. 13, 1995)).

      Plaintiffs' counsel has attempted to shift the burden by indicating that the deposition should proceed in Connecticut because NFCU has filed a counterclaim in this action.  Plaintiffs fail to appreciate, however, that NFCU's counterclaim in this action is *compulsory,*[2] and "[i]f a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location . . . ." *Zuckert v. Berkliff Corporation*, 96 F.R.D. 161 (N.D. Ill. 1982);  *Sears,* 1995 WL 66411 at * 2-3 (same).  That presumption makes eminent

---

[1] All unreported decisions cited herein are attached hereto for the convenience of the Court.

[2]  The Plaintiffs' claim in this action is for various claims concerning loans made by the defendants to the Plaintiffs.  NFCU's counterclaim is for repayment of the loans.  Unquestionably, it is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

3

sense here -- NFCU did not choose to litigate in this forum, but having been haled into court here, was required to either assert its counterclaim or forego it.[3]

## CONCLUSION

For the foregoing reasons, NFCU respectfully submits that it has demonstrated the requisite "good cause" for entry of protective order, and respectfully requests that its Motion For Protective Order be granted in all respects.

**DEFENDANTS**
**NATIONWIDE FEDERAL CREDIT UNION, ET AL**


By: /s/ Michael D. Blanchard_____
    Deborah S. Freeman (ct05257)
    Michael D. Blanchard (ct25891)
    BINGHAM McCUTCHEN LLP
    One State Street
    Hartford, CT 06103-3178
    (860) 240-2700
    (860) 240-2818 (fax)
    Their Attorneys
    deborah.freeman@bingham.com
    michael.blanchard@bingham.com

---

[3] With the deposition presumptively to proceed in Connecticut, it is now the Plaintiffs' burden to demonstrate "peculiar circumstances" warranting deviation from the general rule. *See Federal Deposit Ins. Co. v. La Antillana, S.A.*, NO. 88 CIV. 2670 (JFK) 1990 WL 155727(S.D.N.Y. Oct. 05, 1990) ("If a plaintiff notices an individual defendant's deposition with a location other than defendant's residence or place of business and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location."). Defendants intend to respond to the Plaintiffs' proffer of such circumstances as appropriate following Plaintiffs' memorandum in opposition.

4

## **CERTIFICATION**

This is to certify that on this 17th day of May, 2005, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

/s/ Michael D. Blanchard
Michael D. Blanchard



Not Reported in F.Supp.2d  
2003 WL 21910861 (S.D.N.Y.)  
**(Cite as: 2003 WL 21910861 (S.D.N.Y.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
S.D. New York.  
Darryl L. DAGEN, Plaintiff,  
v.  
CFC GROUP HOLDINGS LTD., et al., Defendants.  
**No. 00 Civ. 54682(CBM).**

Aug. 11, 2003.

Former employee sued employer financial services company, claiming wrongful termination by constructive discharge. Company moved for protective order requiring that deposition of its chief executive officer (CEO) be taken in Hong Kong. The District Court, Motley, J., held that deposition must be taken in Hong Kong.

Order accordingly.

See, also, 2003 WL 194208.

West Headnotes

**Federal Civil Procedure** 🔑 **1383**  
170Ak1383 Most Cited Cases  
Former employee bringing wrongful termination claim against financial services firm was required to take deposition of firm's chief executive officer, who hired him, in Hong Kong, where CEO lived; there was presumption in favor of having deposition take place where deponent resided, which remained in force in light of relative equal burden on nonresident party if deposition were held in Hong Kong or New York.

Chaim B. Book, Moskowitz & Book, LLP, New York, NY, for the Plaintiff.

Steven M. Hecht, Lowenstein Sandler PC, Roseland, NJ, for the Defendants.

MEMORANDUM OPINION & ORDER

MOTLEY, J.

*1 This case was transferred to the undersigned from the docket of Judge Deborah A. Batts on May 20, 2003. In accordance with the rulings in this opinion, defendants' motion for a protective order directing that individual defendant Boris Merkenich be deposed in Hong Kong is GRANTED. Plaintiff's application to compel the deposition of Mr. Merkenich in the Southern District of New York is DENIED.

I. Background

This action arises out of the employment of plaintiff, Darryl L. Dagen ("plaintiff" or "Dagen"), by defendants, a group of affiliated corporate entities specializing in the provision of financial services. In September, 1998, plaintiff met with defendant Boris Merkenich ("Merkenich") of CFC Group Holdings Limited and Steve Domney of CFC Securities, Inc., to discuss the prospect of plaintiff's employment by defendants. Merkenich, who is at the center of the dispute before the court, is the Chairman of CFC Group Holdings Limited and President of CFC Securities Limited in Hong Kong. Merkenich Decl. ¶ 1. On November 3, 1998, plaintiff signed an employment contract with CFC Group Holdings and CFC Securities. Pursuant to this agreement, Dagen was hired to become president and a managing director of the company's new Hong Kong affiliate, CFC Securities Asia.

Since Magistrate Judge Katz's March 7, 2002 Report and Recommendation ("Report") to Judge Batts on defendants' motion to dismiss presents a summary description of plaintiff's allegations, it is not necessary for the court to present a detailed discussion of the facts of the case. While presuming familiarity with Judge Katz's Report, the court briefly notes that Dagen generally claims that Merkenich took various unreasonable actions which undermined his ability to succeed in his capacity as a director at CFC and ultimately resulted in his constructive discharge.

On August 1, 2000, plaintiff commenced this lawsuit in federal district court. In April 2001, defendants filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, *forum non conveniens,* and failure to state a claim. On March 6, 2002, Magistrate Judge Katz issued his Report, denying defendants' motion

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 21910861 (S.D.N.Y.)
**(Cite as: 2003 WL 21910861 (S.D.N.Y.))**

Page 2

to dismiss on various grounds, and dismissing several counts of the complaint, with leave for plaintiff to replead. *See* Report at 67. On September 24, 2002, Judge Batts adopted the Report. Defendants answered the amended complaint and counterclaimed, alleging breach of contract, intentional and negligent misrepresentation, conversion, unjust enrichment, and breach of fiduciary duties. Defendants claim, *inter alia,* that plaintiff made repeated and deliberate misrepresentations regarding his purported skills and expertise which induced CFC Group Holdings and CFC Securities to hire him to manage the Hong Kong office. Defendants claim that plaintiff was incompetent, dishonest, unqualified for the position for which he was hired and incapable of discharging the duties which inhered in that position.

**\*2** These intriguing factual details aside, the very narrow matter now before the court arises out of plaintiff's issuance upon Merkenich of a notice of deposition designating plaintiff's counsel's office in New York City as the location of the deposition. Merkenich resides and is employed far from New York, in Hong Kong. At a June 12, 2003 pretrial conference, the parties expressed their disagreement regarding the appropriate location for the deposition of Merkenich. Defendants, who assert that the proper location for the deposition is Hong Kong, suggested that the court could easily dispose of this issue with reference to the Hague Evidence Convention. The court granted defendants' request for leave to move for a protective order, agreeing to consider briefs on the "applicability of the Hague Convention" to the issue of where Merkenich ought properly to be deposed. Thus, in accordance with the schedule set out by the court, defendants have made an application styled as a motion for a protective order "directing that certain Hong Kong Defendants be deposed, if at all, in their place of residence and employment in Hong Kong...." Def. Br. at 1. Plaintiff, opposing this motion, has submitted a motion to compel the deposition of Merkenich in New York.

II. Location of Deposition of Boris Merkenich

There is a general presumption that the deposition of a defendant should "be held in the district of his residence." *In Re Livent Securities Litigation,* 2002 WL 31366416, at \*1 (S.D.N.Y. Oct.21, 2002) (citing *Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.,* 203 F.R.D. 98, 107 (S.D.N.Y.2001); *Devlin v. Transp. Communications Int'l Union,* 2000 WL 28173, at \*3 (S.D.N.Y. Jan.14, 2000); *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 550 (S.D.N.Y.1989)). Generally, if a plaintiff notices a defendant's deposition with a location other than defendant's residence or place of business and defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location. *See Six West Retail Acquisition, Inc* 203 F.R.D. at 107 (citing *Federal Deposit Insurance Co. v. La Antillana, S.A.,* 1990 WL 155727, at \*1 (S.D.N.Y. Oct.5, 1990)) (plaintiff may overcome presumptive deference to defendant "by showing 'peculiar' circumstances favoring depositions at a different location"). The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate. Since "defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents." *Federal Deposit Insurance,* 1990 WL 155727, at \*1.

Plaintiff has failed to rise to the challenge of presenting evidence of "peculiar" circumstances in support of its noticing defendant Merkenich in New York. It appears that plaintiff wishes to depose Merkenich in New York for significant but seemingly unremarkable reasons, including cost and convenience. While cognizant of the fact that travel between Hong Kong and New York is both costly and time-consuming, the court finds that plaintiff has failed to describe any peculiar reasons why the depositions should not take place at the deponent's location of residence.

**\*3** The court notes that the force of the presumption of deference to the defendant is diminished if the plaintiff was constrained in choosing the forum for litigation. *See Devlin,* 2000 WL 28173, at \*3; *Doe v. Karadzic,* 1997 WL 45515, at \*3 (S.D.N.Y.1997); *Mill-Run Tours, Inc.,* 124 F.R.D. at 550. In the instant case, plaintiff has made no argument that he was limited in his ability to choose the forum for litigation. Indeed, defendants appear to have been amenable to suit in Hong Kong. While the circumstances of the case suggest that travel to New York in the event of a legal action such as this cannot be said to have been unforeseeable, the court is initially prepared to accord a slight, albeit defeasible, presumption in favor of the depositions occurring in Hong Kong.

It is now well-settled, though, that the familiar presumption in favor of locating a deposition at the deponent's residence or place of business "can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                  Page 3
2003 WL 21910861 (S.D.N.Y.)
**(Cite as: 2003 WL 21910861 (S.D.N.Y.))**

favor of" a different location. *Livent Securities,* 2002 WL 31366416 at *1; *Six West Retail Acqusition, Inc.,* 203 F.R.D. at 107; *Devlin,* 2000 WL 28173, at *3; *Mill-Run Tours, Inc.,* 124 F.R.D. at 550. Plaintiff fails to convince the court with respect to these issues.

*A. Cost*

Cost considerations related to the location of depositions can be viewed through at least two lenses: the relative ability of the parties to bear the expense of depositions in a given location, and the effect that the choice of location will have upon the total costs of litigation. In the instant case, both plaintiff and defendants insist that cost considerations militate in favor of designating their preferred locations for the deposition. Plaintiff, for example, is currently unemployed; accordingly, he notes that it would be financially prohibitive for him to have to pay expenses related to sending at least one attorney and a court reporter to Hong Kong for a deposition. Arguing pursuant to the "relative ability to pay" strand of the cost analysis, plaintiff asserts that defendants are much better positioned to absorb the cost of Merkenich's round trip travel to New York.

Plaintiff presents little evidence in support of his assertion that defendants are better able to bear the significant costs of travel and lodging related to the deposition. By contrast, defendants claim that their firm is not a large corporate entity, but actually a "small securities trading business" made up of only one shareholder. Defendants claim that CFC Securities Asia is on precarious financial footing. Whereas Merkenich is the company's principal trader, defendants argue that his absence from the office during a deposition in New York will result in significant financial losses which the company is poorly positioned to absorb at this time. In addition, defendants assert that only one person--Dagen's counsel--would have to travel to Hong Kong to conduct the deposition. Defendants posit that a court reporter in Hong Kong can transcribe the deposition, thus obviating the need for a reporter to travel from the United States. [FN1]

> FN1. Defendants also note that under the Hague Evidence Convention, plaintiff's lawyer may use a tape recorder to record the deposition and have a certified transcript prepared in the United States.

**\*4** It is unclear whether overall costs would be greater if the depositions were held in New York or Hong Kong. Plaintiff's counsel work in New York; defendants' counsel are based nearby in New Jersey. If the deposition were held in New York, only one person--Merkenich--would have to make the trip between Hong Kong and New York. Plaintiff acknowledges that only one of plaintiff's attorneys would have to travel to Hong Kong. Pl.'s Br. at 4. Defendants have suggested that they would use local counsel if the deposition were located in Hong Kong. Def. Reply at 2. This factor does not appear to definitively favor either party; the presumption in favor of defendants, while slight, remains in force.

*B. Convenience*

Factors relevant to convenience include convenience of counsel, defendants' residence, and the extent of disruption of defendants' affairs during travel to and from the depositions. *See Federal Deposit Insurance Company,* 1990 WL 155727, at *3 (citing *Mill-Run Tours, Inc.,* 124 F.R.D. at 550). Plaintiff is represented by a small firm comprised of four attorneys which does business almost exclusively in New York. If the depositions are scheduled to take place in Hong Kong, the absence of one of the attorney's from the office could place a significant strain on the other attorneys. Defendants' counsel are employed by a large New Jersey law firm. Presumably, sending an attorney to Hong Kong would be less difficult to schedule and would inconvenience the larger firm to a lesser degree. Indeed, if depositions occur in Hong Kong, only plaintiff's attorney will be discommoded. In any event, "the convenience of counsel is less compelling than any hardship to the witnesses." *Devlin,* 2000 WL 28173 at *4.

In this case, the relevant witness, Boris Merkenich, resides in Hong Kong. He occupies a senior management position in the firm's Hong Kong office. He is the principal securities trader for CFC Securities operating in Hong Kong. His absence from the workplace for a number of days, and perhaps an entire work-week, would have an adverse impact on Merkenich and the company. Merkenich Decl. ¶ 5.

Plaintiff fails to make his case with respect to considerations of litigation efficiency. While it is true that the court would likely be unable to make rulings contemporaneous with the deposition, plaintiff does not explain why it is likely that the court will need to intervene during a deposition in this matter.

For all of these reasons, and without reference to the Hague Evidence Convention, the court rules that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 21910861 (S.D.N.Y.)  
**(Cite as: 2003 WL 21910861 (S.D.N.Y.))**

Page 4

defendants' application for a protective order designating Hong Kong as the site for Merkenich's deposition is GRANTED. Plaintiff's motion to compel deposition in New York is DENIED.

  SO ORDERED.

2003 WL 21910861 (S.D.N.Y.)

  **Motions, Pleadings and Filings (Back to top)**

•     1:00CV05682    (Docket) (Aug. 01, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d  
2004 WL 722244 (N.D.Tex.)  
**(Cite as: 2004 WL 722244 (N.D.Tex.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
N.D. Texas, Dallas Division.  
TAILIFT USA, INC., Plaintiff,  
v.  
TAILIFT CO., LTD., Defendant and Counter-Plaintiff,  
v.  
TAILIFT USA, INC., Rowan Cornil, Inc., d/b/a Sunbelt Industrial Trucks, and  
Warren Cornil, Counter-Defendants.  
No. Civ.A.3:03-CV-0196-M.

March 26, 2004.  
Robert B. Cousins, Jr., Lawrence S. Fischman, Glast Phillips & Murray, Dallas, TX, for Plaintiff.

Randal C. Shaffer, Jeffrey C. Mateer, Mateer & Shaffer, Dallas, TX, for Defendant.

ORDER

RAMIREZ, Magistrate J.

**\*1** Before the Court are *Defendant and Counter-Plaintiff's Motion for Protective Order and Brief in Support,* filed January 20, 2004, and *Tailift USA, Inc., Rowan Cornil, Inc., and Warren Cornil's Response to Tailift Co., Ltd.'s Motion for Protective Order and Brief in Support,* filed January 27, 2004. The preceding filings were referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for determination pursuant to the District Court's Order Referring Motion, filed January 22, 2004. Based on the motion, the response, the evidence submitted therewith, and the applicable law, the Court is of the opinion that the motion should be GRANTED.

I.

This is a declaratory judgment action filed by Tailift USA, Inc. ("Plaintiff") against Tailift Co., Ltd. ("Defendant") to clarify the parties' duties and obligations under an agreement to distribute forklifts throughout the United States, Mexico, and Canada. Plaintiff is a Texas corporation, with its principal place of business in Dallas, Texas. (Compl. at 1.) Defendant is an entity created and existing under the laws of the Republic of China, and its principal place of business is located in Ta Ya Hsiang, Taichung Hsien, Taiwan, R.O.C. *See id.* Plaintiff claims that Defendant anticipatorily breached an agreement to maintain Plaintiff as the exclusive distributor of forklifts in the United States, Mexico, and Canada. *See id.* On March 14, 2003, Defendant filed its Original Answer, Counterclaim and Third-Party Complaint seeking relief through several causes of action against Plaintiff's president, Rowan Cornil, Inc., d/b/a Sunbelt Industrial Trucks and Warren Cornil. (Resp. at 3.)

On January 13, 2004, Plaintiff served a Notice of Deposition to depose Defendant in Dallas, Texas, on January 21, 2004. (Resp. at Ex. A.) Counsel for Defendant had previously informed Plaintiff's counsel that a deposition of Defendant's corporate representative "must occur in Taiwan, at their place of business" via letter dated January 7, 2004. (Mot. at Ex. B.) Defendant objects to the time and location of the deposition and filed the instant motion to quash the deposition notice and obtain a protective order requiring that the deposition occur only at Defendant's principal place of business in Taiwan, R.O.C.

II.

Defendant moves for a protective order under Fed. R. Civ. P. 26(c) on the grounds that its corporate representative should be deposed at the location of its principal place of business in Taiwan, R.O.C. Rule 26(c) requires that the movant establish "good cause" to obtain a protective order. This court has broad discretion to determine the appropriate place for examination. *See Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.,* 147 F.R.D. 125, 127 (N.D.Tex.1992). This discretion is guided by the presumption that " '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when ... the corporation is the defendant." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979); *see also Resolution Trust Corp.,* 147 F.R.D. at 127 (citing *Turner v. Prudential Ins. Co.,* 119 F.R.D. 381, 383 (M.D.N.C.1988); *Moore v. Pyrotech Corp.,* 137 F.R.D. 356, 357 (D.Kan.1991); *Farquhar v. Shelden,* 116 F.R.D. 70 (E.D.Mich.1987)). This presumption is based on the concept that it is the plaintiff who brings

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

...

Not Reported in F.Supp.2d                                                                                      Page 2
2004 WL 722244 (N.D.Tex.)
**(Cite as: 2004 WL 722244 (N.D.Tex.))**

the lawsuit and who exercises the first choice as to the forum. *See Payton v. Sears, Roebuck & Co.,* 148 F.R.D. 667, 669 (N.D.Ga.1993) (citing *Farquhar,* 116 F.R.D. at 72). Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. *See, e.g., Chris-Craft Indust. Prod., Inc. v. Kuraray Co., Ltd.,* 184 F.R.D. 605, 607 (N.D.Ill.1999) ("[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.") (quoting *Sears v. American Entm't Group, Inc.,* 1995 WL 66411, at * 1 (N.D.Ill. Feb.13, 1995)).

 **\*2** A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business. *See Salter,* 593 F.2d at 652 (noting that the deposing party failed to show "peculiar circumstances" to rebut the presumption); *see also Chris-Craft Indust. Prod., Inc.,* 184 F.R.D. at 607 (noting that the corporation's objection to a deposition elsewhere should be sustained unless there are "unusual circumstances"); *accord Zuckert v. Berkliff Corp.,* 96 F.R.D. 161, 162 (N.D.Ill.1982) (same) (citing *Salter,* 593 F.2d at 652). In *Resolution Trust Corp.,* a court in this District enumerated five factors for consideration when determining whether sufficient circumstances had been shown to overcome the presumption:

  1. Counsel for the parties are located in the forum district;
  2. The deposing party is seeking to depose only one corporate representative;
  3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;
  4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and
  5. The claim's nature and the parties' relationship is such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

 *Resolution Trust Corp.,* 147 F.R.D. at 127 (quoting *Turner,* 119 F.R.D. at 383-84). The court concluded that it "must ultimately consider each case on its own facts and the equities of the particular situation." *Id.*

 In this case, Plaintiff alleges that Defendant's motion "sets forth no facts that favor taking its deposition in Taiwan." However, the burden to show sufficient circumstances to overcome the presumption that Defendant's corporate representative should be deposed at its principal place of business is on Plaintiff. *See Salter,* 593 F.2d at 652 (finding that *plaintiff* did not show peculiar circumstances to overcome the presumption); *see also Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.,* 203 F.R.D. 98, 107 (S.D.N.Y.2001) (same); *Payton,* 148 F.R.D. at 669 (finding that *plaintiffs* produced no compelling reason to depart from the general rule).

 In support of its position that the deposition should take place in this District, Plaintiff notes that all counsel of record are located here, which is the first factor cited in *Resolution Trust Corp.* This assertion assumes that Defendant does not have counsel at its principal place of business in Taiwan, and that its local counsel in this District would also have to travel to Taiwan for the deposition. Even if this assumption is correct, "the convenience of counsel is less compelling than any hardship to the witnesses." *Six West Retail Acquisition, Inc.,* 203 F.R.D. at 108 (quoting *Devlin v. Transportation Comm. Int'l Union,* 2000 WL 28173, at *4 (S.D.N.Y. Jan.14, 2000). Plaintiff has not presented evidence that its counsel would incur hardship by traveling to Taiwan. Courts have held that plaintiffs normally cannot complain if they must take discovery at great distances from the forum. *See Payton,* 148 F.R.D. at 669 (citing *Farquhar,* 116 F.R.D. at 72).

 **\*3** Plaintiff also alleges that it seeks to depose only one witness, which is the second factor considered in *Resolution Trust Corp.* However, Plaintiff's deposition notice was issued pursuant to Fed. R. Civ. P. 30(b)(6) and seeks the deposition of "one or more officers, directors, or managing agents, or other persons" regarding thirty-three different topics. There has been no showing that only one witness will be designated for deposition on all thirty-three topics. Having the deposition at the Defendant's principal place of business will be more efficient to the extent that additional witnesses are needed for some of the listed topics.

 As to the fourth factor, although Plaintiff argues that the deposition should be conducted in this forum in order to have ready resort to the Court to resolve discovery disputes, there have been no previous discovery disputes in this case. The mere possibility of such disputes does not necessarily weigh in favor of conducting the deposition here. *See Rapoca Energy Co., L.P. v. Amci Export Corp.,* 199 F.R.D. at 191, 193 (W.D.Va.2001) (finding that this factor did not weigh against the presumption because the court had "no reason to anticipate the likelihood of additional discovery disputes which would necessitate the court's intervention.").

Not Reported in F.Supp.2d
2004 WL 722244 (N.D.Tex.)
**(Cite as: 2004 WL 722244 (N.D.Tex.))**

Page 3

Regarding the fifth factor, both parties in this case are corporations, and Plaintiff has not alleged that it would suffer financial hardship if its counsel traveled to Taiwan. *See* Turner, 119 F.R.D. at 384 (finding that financial hardship favored the plaintiff who was "a small employer" and the defendant was "a large company whose officers may be expected to travel with minimal inconvenience."); *see also* Rapoca Energy Co., 199 F.R.D. at 193 (noting that the case involved two corporate parties, and the deposing party showed no evidence that paying for its counsel's travel would be a hardship). Although Plaintiff generally alleges that it would be more efficient and inexpensive to secure a deposition location and court reporter in this District, Plaintiff fails to provide any evidence that it would be inefficient or costly to secure these matters in Taiwan. In this case, both corporations appear equally "well-equipped to bear the costs associated with the deposition" *See* Six West Retail Acquisition, Inc., 203 F.R.D. at 107.

In addition to the foregoing *Resolution Trust Corp.* factors, Plaintiff alleges that the one presumed deponent, the sole owner and chief executive officer who resides in Taiwan, has traveled to Dallas on a number of occasions in furtherance of his company's business. (Resp. at Ex. C.) Whether the persons sought to be deposed often engage in travel for business purposes is another factor that some courts have considered. *See* Rapoca Energy Co., 199 F.R.D. at 193; Armsey v. Medshares Mgmt. Serv., 184 F.R.D. 569, 571 (W.D.Va.1998). Even assuming *arguendo* that the owner will be the lone witness, the fact that he has traveled to the United States only seven times since 1998, and only for a few days each time, hardly presents a frequency of presence in the United States that weighs in favor of overcoming the presumption. *See* Six West Retail Acquisition, Inc., 203 F.R.D. at 108 (rejecting the plaintiff's argument that the witness regularly traveled to forum district on business and that scheduling deposition on one of the trips would lessen disruption to the witness's schedule and the defendant's business).

*4 Plaintiff further contends that Defendant should be treated as a plaintiff in this action because it asserts permissive counterclaims. (Mot. at 4-5.) Courts in other districts have considered the filing of counterclaims, including whether the counterclaims are permissive or compulsory, when determining the location of a defendant's deposition. *See* Rapoca Energy Co., 199 F.R.D. at 193; Chris-Craft Indust. Prod., Inc., 184 F.R.D. at 607-08; Armsey, 184 F.R.D. at 571; Zuckert, 96 F.R.D. at 162-63. This Court find the reasoning in *Rapoca Energy Co.* persuasive. Whether or not Defendant's counterclaims are permissive or compulsory, it would be unfair to require Defendant's corporate representatives to travel here "simply because it made the determination that economy would be served by the same court hearing" its counterclaims, in light of the above factors. *See* Rapoca Energy Co., 199 F.R.D. at 194. "Clearly the parties' dispute can be resolved far more easily, more expeditiously, less expensively and with far more efficient use of judicial resources if all aspects of the dispute are consolidated before the same court." *Id.* (citing Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson, 1999 WL 592399 (E.D.Pa. Aug.5, 1999)).

Finally, Plaintiff also contends that Defendant should be treated as a plaintiff in this action based on its filing of a third party action. (Mot. at 4-5.) This factor was considered by the court in Chris-Craft Industrial Products, Inc., 184 F.R.D. at 608. As in *Chris-Craft Industrial Products, Inc.,* the Court notes that this deposition was noticed by Plaintiff, not the third-party defendant. Further, a review of the thirty-three topics listed in the deposition notice reveals issues that appear to be primarily related to Plaintiff's complaint and the answer thereto. Under these circumstances, and for the same reasons as the counterclaims, the third-party complaint does not weigh in favor of overcoming the presumption. *See id.* (finding that the fact that the defendants filed a third-party action did not require deviation from the general rule favoring the corporation's place of business where requested deposition was noticed by plaintiff and did not pertain to third-party complaint).

III.

After considering all of the foregoing factors, the Court finds that Plaintiff has failed to overcome the presumption that Defendant's corporate representative should be deposed at its principal place of business in Taiwan, R.O.C. Consequently, *Defendant and Counter-Plaintiff's Motion for Protective Order and Brief in Support* is hereby GRANTED. It is therefore

ORDERED that the deposition of Defendant's corporate representative shall be conducted at Defendant's principal place of business in Taiwan, R.O.C. on a mutually agreeable date and time within 30 days from the date of this Order, unless otherwise agreed by the parties.

SO ORDERED

Not Reported in F.Supp.2d                                                                                                    Page 4
2004 WL 722244 (N.D.Tex.)
**(Cite as: 2004 WL 722244 (N.D.Tex.))**

2004 WL 722244 (N.D.Tex.)

**Motions, Pleadings and Filings (Back to top)**

•           4:03MJ00196        (Docket) (Jul. 23, 2003)

•           4:03CR00196        (Docket) (Jun. 26, 2003)

•           3:03CR00196        (Docket) (Jun. 04, 2003)

•           3:03CV00196        (Docket) (Jan. 29, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

Not Reported in F.Supp.  
1995 WL 66411 (N.D.Ill.)  
**(Cite as: 1995 WL 66411 (N.D.Ill.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
N.D. Illinois, Eastern Division.  
Bradley SEARS and Bradwell Midwest Limited, an Illinois Corporation,  
Plaintiffs,  
v.  
AMERICAN ENTERTAINMENT GROUP, INC., a Colorado Corporation, Corporatel International, Inc., a Delaware Corporation, Harve Sherman, and Joel S-Z. Wagman, Defendants.  
**No. 94 C 0165.**

Feb. 13, 1995.

MEMORANDUM OPINION AND ORDER

COAR, District Judge.

**\*1** Plaintiffs have served a Notice of Deposition on Defendants for the depositions of Joel S-Z Wagman, Harve Sherman, Jerry Hugo and Mark A. Stevens. The depositions were to have been held on four different days in January, 1995, at the offices of plaintiffs' counsel in Chicago, Illinois. Wagman, Sherman and Hugo reside in Toronto, Canada; Stevens resides in Atlanta, Georgia. All four deponents are officers of defendant American Entertainment Group, Inc., which maintains its principal place of business in Toronto, Canada. Defendants move for entry of a protective order requiring the depositions to proceed in Toronto, Canada, at mutually convenient dates and times.

In their motion for protective order, defendants initially argue that the Notice of Deposition is defective. This argument is well taken. The Notice does not identify whether the deposition is being taken pursuant to Federal Rule of Civil Procedure 30(b)(1) or 30(b)(6). Since plaintiff has designated the deponents, the Notice cannot be made pursuant to Rule 30(b)(6). See Fed.R.Civ.Proc. Rule 30(b)(6); Operative Plasterers' & Cement Masons' Int'l Assoc. of U.S. & Canada v. Benjamin, 144 F.R.D. 87, 89 (N.D.Ind.1992). The Notice is defective under Rule 30(b)(1) because it does not designate whether the deponents are to testify on behalf of AEG or in their individual capacities. See Benjamin, 144 F.R.D. at 89-90.

In addition to this technical deficiency, defendants object to the Notice because they believe that the proper situs for the depositions is Toronto, Canada. It is well established that "as a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business.... [p]articularly when the corporation is a defendant." Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D.Ill.1982); accord Magnus Electronics, Inc. v. Masco Corp. of Ind., 871 F.2d 626, 630 (7th Cir.1989); see also 8 Wright & Miller, Federal Practice & Procedure: Civil § 2112, at 410 (1970). Where a corporation has objected to a deposition noticed for a location other than its principal place of business, "the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation." Zuckert, 96 F.R.D. at 162; see also Benjamin, 144 F.R.D. at 89 (a deposition of an organization, through its officers or agents, should be taken at its principal place of business, unless justice requires otherwise).

The court has very broad discretion under Rule 26(c)(2) to alter the place and time of deposition. See Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1365 (7th Cir.1985). The standard for entry of a protective order is "good cause;" within the context of this case, defendants may establish "good cause" by showing that AEG would be subject to "annoyance, embarrassment, oppression, or undue burden or expense" if the four depositions proceeded in Chicago. See Fed.R.Civ.Pro. Rule 26(c); Kasper v. Cooper Canada Ltd., 120 F.R.D. 58, 59 (N.D.Ill.1988). The purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the defendants have good cause for a protective order under Rule 26(c). In addition, as detailed below, defendants have affirmatively demonstrated good cause through Joel Wagman's affidavit. Since plaintiffs have noticed the depositions for Chicago, Illinois, they have the burden to establish that unusual circumstances or principles of justice require the court to deviate from the general rule that the depositions should proceed at

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1995 WL 66411 (N.D.Ill.)  
**(Cite as: 1995 WL 66411 (N.D.Ill.))**

Page 2

the corporation's principal place of business in Toronto, Canada. The plaintiffs have not satisfied their burden.

**\*2** Sears' claim of financial hardship is unsubstantiated and unconvincing. First, Sears has not represented, much less demonstrated, that he lacks sufficient funds to pay the expenses that his counsel will incur in taking depositions in Toronto. Second, as defendants correctly argue, the fact that Sears has retained his counsel on a contingency basis sheds absolutely no light on his financial status. Third, Sears's representations about Bradwell Midwest Ltd.'s financial status are lacking in foundation, constitute inadmissible hearsay and are outdated. Finally, fourth, the costs of a roundtrip ticket from Chicago to Toronto with two weeks notice is only $340.00, [FN1] a sum that is comparatively inconsequential given the amount in dispute between the parties.

Sears's claim that travelling to Toronto for the depositions will impose a hardship for his current employer is equally unconvincing. First, his statements on this subject are entirely self-serving and have not been supported by an affidavit from his employer. Second, Sears has the right to attend the depositions, but his attendance is not mandated by the Rules. He certainly may choose to attend the depositions for strategic purposes, but if he elects to do so, he must bear the costs that accompany his decision. Third, regardless of the location, if Sears elects to attend the depositions, he would still miss work and his employer would still be disadvantaged. His arguments concerning convenience of counsel and judicial economy are similarly unpersuasive.

The totality of plaintiffs' arguments on this subject do not establish a basis for this court to deviate from the general rule that the depositions should proceed at AEG's principal place of business in Toronto, Canada. Sears has not established unusual circumstances or injustice. In fact, AEG has established via affidavit a more compelling argument that having four of its officers deposed in Chicago (a city in which it does not *presently* maintain a business office [FN2]) on four different days will impose a significant cost on the company in terms of lost time, manpower and expenses. [FN3]

Finally, plaintiffs argue that defendants have filed a permissive counterclaim and, as a result, should be treated as a party plaintiff for purposes of any deposition. *See* Zuckert, 96 F.R.D. at 162 (citation omitted). However, if the counterclaim is compulsory, the defendant/counterplaintiff "remains entitled to protection from deposition anywhere but for his or her residence or business location." *Id.* Rule 13(a) provides:

  Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

**\*3** Fed.R.Civ.Pro. Rule 13(a). According to the Seventh Circuit, a " 'transaction' may comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Warshawsky Co. v. Arcata Nat'l Corp.,* 552 F.2d 1257, 1261 (7th Cir.1977). Under this standard, it is clear that AEG's counterclaim is compulsory. Plaintiffs allege that defendants have, *inter alia,* breached an employment agreement. AEG, in turn, alleges in its counterclaim that Sears fraudulently induced it into entering and subsequently ratifying the employment agreement that is the subject matter of plaintiffs' complaint. The defendants/counterplaintiffs are therefore entitled to be deposed at their corporate offices in Toronto, Canada. *See* Zuckert, 96 F.R.D. at 162-63.

WHEREFORE, for the foregoing reasons, defendants' Motion for Protective Order is GRANTED. Plaintiffs shall issue Amended Notices of Depositions that comply with Rule 30(b)(1). The depositions shall take place in Toronto, Canada, on mutually agreeable dates after March 7, 1995 but not later than May 7, 1995.

> FN1. Per a United Airlines Ticket Agent. The price was quoted on February 9, 1995, and, of course, is subject to change without notice.
>
> FN2. Wagman Affidavit, at ¶ 4.
>
> FN3. Moreover, because these four officers are "actively involved in ongoing financial and acquisition activities with a target date of February 28, 1995, which activities are crucial to the future viability of AEG" (Wagman Aff., at ¶ 6), this court in its discretion orders that the depositions proceed on mutually agreeable (and ideally consecutive) dates after March 7, 1995, but in any event before May 7, 1995.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1995 WL 66411 (N.D.Ill.)  
**(Cite as: 1995 WL 66411 (N.D.Ill.))**

Page 3

1995 WL 66411 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 1:94CV00165 (Docket) (Jan. 10, 1994)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Not Reported in F.Supp. Page 1
1990 WL 155727 (S.D.N.Y.)
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
FEDERAL DEPOSIT INSURANCE COMPANY,
Plaintiff,
v.
La ANTILLANA, S.A., Ricardo Mario Roveda, Juan Tomas Frias, Enrique Waterhouse,
and Alberto Gabrielli, Defendants.
**No. 88 Civ. 2670 (JFK).**

Oct. 5, 1990.

Ira L. Hyams, P.C., Jericho, N.Y. (Ira L. Hyams, Jericho, N.Y., of counsel), for plaintiff.

Fox & Horan, New York City, for Alberto Gabrielli; Carl L. Distefano, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for Ricardo Mario Roveda; Marisa A. Marinelli, New York City, of counsel.

Winston & Strawn, New York City, for Juan Tomas Frias and Enrique Waterhouse; Dan S. Durham, New York City, of counsel.

*OPINION AND ORDER*

KEENAN, District Judge.

**\*1** Before the Court are the motions of defendants Alberto Gabrielli, Ricardo Mario Roveda, Juan Tomas Frias and Enrique Waterhouse, for a protective order under Fed.R.Civ.P. 26(c), directing that defendants' depositions be conducted at defendants' residences in Argentina, and that plaintiff advance to defendants' New York counsel travel expenses and reasonable attorneys' fees incurred in attending the depositions in Argentina. Defendants Frias and Waterhouse move jointly for the protective order. Defendants Roveda and Gabrielli each move separately, although each joins in the motion of Frias and Waterhouse.

*BACKGROUND*

The parties are involved in an action over the default of certain loans extended from an account at the Central National Bank in New York, New York. Defendants were signatories and guarantors of this account, known as the La Antillana account. In May 1990, defendants were noticed to appear on July 19, 1990, at the offices of plaintiff, the Federal Deposit Insurance Company, in New York for oral depositions pertaining to this lawsuit. In July, 1990, defendants moved for a protective order, pursuant to Rule 26(c); plaintiff however refused to respond to the motions. Plaintiff claimed that defendants had not made full responses to plaintiff's document requests, and until they completed discovery, plaintiff asked the Court not to require him to respond to defendants' motions. On September 11, 1990, the Court found defendants' compliance with discovery to be proper, and ordered plaintiff to respond to defendants' motions for protective orders by September 21, 1990; plaintiff complied.

*DISCUSSION*

Ordinarily, the proper place for taking an individual's deposition is his or her place of residence. *See Deep South Oil Co. of Texas v. Metropolitan Life Insurance Co., 21 F.R.D. 340, 342 (S.D.N.Y.1958). See also Buryan v. Max Factor & Co.,* 41 F.R.D. 565 (S.D.N.Y.1967) (court followed general rule that proper place for taking deposition of a corporate defendant is corporation's place of business or at officer's residence); *Kurt M. Jachmann Co. v. Hartley, Cooper & Co., Ltd., 16 F.R.D. 565 (S.D.N.Y.1954)* (court vacated plaintiff's notices to depose defendants, British subjects residing in England, in New York). If a plaintiff notices an individual defendant's deposition with a location other than defendant's residence or place of business and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location. *See Salter v. Upjohn Co., 593 F.2d 649 (5th Cir.1979). See also Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D.Ill.1982)* (defendant's objections to alternate deposition location should be sustained unless unusual circumstances exist which justify defendant's inconvenience). The rationale behind this presumptive deference to the defendant is that plaintiff has had the liberty of bringing the suit and has exercised choice as to the action's forum; because defendants are not before the Court by choice, it is the plaintiff who should bear any

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1990 WL 155727 (S.D.N.Y.)  
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

Page 2

reasonable burdens of inconvenience that the action presents. *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547 (S.D.N.Y.1989) (citing *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D.Mich.1987)).

**\*2** Plaintiff has failed to rise to the challenge of presenting "peculiar" circumstances to the Court in support of its noticing defendants in New York. Plaintiff claims:

[t]he defendants chose to do business through a New York bank account and there is no reason why they should not attend in New York for their depositions.... FDIC does not wish to conduct the depositions in New York.

Hyams Aff. at 2-3.

The Court finds that although plaintiff noticed defendants, all of whom live and work in Buenos Aires, Argentina, to appear in New York, plaintiff has provided the Court with no peculiar and certainly no compelling reason why the depositions should not take place at defendants' residence, except for plaintiff's convenience.

In *Mill-Run Tours, Inc. v. Khashoggi, supra,* cited by both parties, the Court found that while "caselaw has established a general presumption that an individual defendant's deposition will be held in the district of his or her residence," depending on the level of choice defendant had in coming before the Court, other factors influencing the designation of the deposition site might compel the Court to exercise its discretionary power over the site. *Mill-Run,* 124 F.R.D. at 550. The more choice a defendant had in coming before the Court, the more likely it is that the presumption will be suspended. If the presumption is suspended, other factors such as cost, convenience and efficiency, are weighed to determine whether the Court should exercise its discretionary power over the deposition site. While not putting forth any justification as to why the Court should suspend the presumption and consider the *Mill-Run* factors, plaintiff asserts that *Mill-Run* supports its position.

The Court found in *Mill-Run* that the plaintiff, seeking to recover for unpaid airline tickets from a number of members of the Khashoggi family, brought its suit in the only practical forum possible since the defendants were reputed to live in many Middle Eastern and European countries. The plaintiff had "little choice" but to proceed with its action in New York, noticing defendants in New York. Acknowledging plaintiff's lack of freedom in choosing a forum and defendants' ability to be in many places, including New York, the Court suspended the general rule presumption and consulted the other factors in ruling on defendants' protective order. 124 F.R.D. at 550. Plaintiff in the instant case is not in a similar predicament. Defendants in the instant case all reside in the same country and city; defendants have noted additionally that a number of non-party witnesses also live in Buenos Aires, Argentina. Plaintiff had pragmatic choices before it when choosing a forum and a deposition site and presents no like reasons to *Mill-Run* for the suspension of the general rule presumption.

Even assuming *arguendo* that the presumption should be suspended, plaintiff's choice of deposition site must fail pursuant to the three *Mill-Run* factors.

I. *Cost*

**\*3** In *Mill-Run,* the cost of holding the depositions, while substantial, was agreed to be awarded to the prevailing party at the conclusion of the litigation. *Mill-Run,* 124 F.R.D. at 550. There is no such agreement in the instant case and thus consideration of which party is best able to absorb the related costs for the depositions, as noted in *Mill-Run,* is the measuring scale guiding this factor. Defendants are being sued in their individual capacity, and two of the four defendants have indicated meaningful financial difficulties in pursuing this matter, while plaintiff is a corporation of significant size and resources. The Court finds, therefore, that the cost factor weighs in defendants' favor.

II. *Convenience*

The *Mill-Run* court breaks convenience into three sub-factors: convenience of counsel, defendants' residence, and extent of disruption to defendants' affairs during travel to and from the depositions.

A. Convenience of counsel

Although it is impossible to conclude from his affirmation, plaintiff's counsel is possibly a solo practitioner. Accordingly, were the depositions to be held in Argentina, plaintiff's counsel would have to make burdensome schedule changes in order to attend the depositions. *Mill-Run,* 124 F.R.D. at 551. Defendant's New York counsel are employed by large firms which realistically makes their trip to Argentina less difficult to schedule. However, if the depositions were held in New York, the only

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1990 WL 155727 (S.D.N.Y.)  
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

Page 3

inconvenience to either party's counsel would be to Mr. Alejandro Allende, defendants Frias and Waterhouse's Argentine counsel who, due to his clients' inability to communicate effectively in English, would need to accompany defendants to New York.

B. Residence of defendants

Unlike the defendants in *Mill-Run* who were unable to demonstrate to the Court proof of their residence outside the United States, defendants in the instant case have offered affidavits in support of their claim that each of them resides in Argentina. Additionally, plaintiff has provided no evidence challenging these assertions except in the case of defendant Gabrielli's place of employment. However, according to Gabrielli's Reply Declaration, the information that plaintiff cites in support of his claim that Gabrielli should be deposed in the United States is no longer accurate: Gabrielli now lives and works in Buenos Aires, Argentina. Gabrielli Reply Declaration at ¶ 2.

C. Disruption of defendants' affairs

The majority of defendants have demonstrated in detail in their affidavits that their business affairs would be considerably disrupted were they to be compelled to travel to New York for the taking of their depositions. Plaintiff has again provided no evidence to refute these declarations and thus this sub-factor is resolved in favor of defendants.

III. *Efficiency*

The *Mill-Run* court noted two considerations to be evaluated when resolving the efficiency factor: retrieval of documents and the need for judicial supervision. In the instant case, the parties agree that accessibility to documents for both plaintiff and defendants is not an important consideration. Since the parties in the instant case have conducted their discovery process with no unusual degree of acrimony, the Court does not anticipate that there will be a need for the resolution of discovery disputes which might prove to be unwieldy should the depositions be held in Argentina.

**\*4** Thus, even if the Court suspends the general rule presumption of a defendant's residence being the best place to conduct depositions, the three *Mill-Run* factors do not compel the Court to exercise its discretionary power over the deposition site. In addition, the Court also notes that plaintiff has failed to comply with Local Rule 3(b) by neglecting to provide the Court with a memorandum of law. [FN1] That in and of itself is sufficient cause for the Court to grant defendants' motions by default.

The Court orders plaintiff to take defendants' deposition at their residences or places of business, in Buenos Aires, Argentina. The Court declines to direct plaintiff to advance defendants' New York counsel their travel expenses since these expenses are anticipated costs in the representation of defendants in foreign countries. In addition, the Court also declines to order plaintiff to shoulder defendants' attorneys' fees since these fees are necessarily part of defendants' defense expenses.

*CONCLUSION*

For the reasons stated above, the Court grants defendants' motions for a protective order under Fed.R.Civ.P. 26(c) and orders that plaintiff take defendants' depositions in Buenos Aires, Argentina.

SO ORDERED.

> FN1. Rule 3. Motions.
> (b) Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion an answering memorandum, similarly divided, setting forth the points and authorities relied on in opposition. *Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.* (emphasis added).

1990 WL 155727 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:88CV02670 (Docket) (Apr. 15, 1988)

END OF DOCUMENT