UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| | : | JUNE 1, 2005 |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

The plaintiffs in the above-entitled matter have noticed the deposition of Michael Weisenberger. As noticed, said deposition is to take place in Connecticut. By Motion for Protective Order dated May 17, 2005, the defendants have objected to the location of the deposition, arguing that the deposition must take place in Ohio and not in Connecticut. However, for the reasons that follow, which are further supported by the accompanying Affidavit of Ronald P. Morin, Sr., this Court should deny the defendants' Motion For Protective Order and thereby allow the deposition to take place in Connecticut.

Nationwide Federal Credit Union ("NFCU") is a defendant in this case. The deponent, Michael Weisenberger, is the Vice President of Lending for NFCU. By serving a notice of deposition upon the defendants which names Weisenberger as the deponent in his capacity as the defendant NFCU's Vice President of Lending, the deponent is considered to be a party for purposes of Rule 30. See Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1451 (D.C. Cir. 1986); see also Armsey v. Medshares Management Services, Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998).

Furthermore, while there is a general presumption that the officers or agents of a defendant corporation will be deposed in the place of their residence, or in the place of the corporation's principal place of business (which, in this instance, is Ohio), "[a] number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place. . . . Ultimately, the Court must consider each case on its own facts and the equities of the particular situation." Turner v. Prudential Ins. Co., 119 F.R.D. 381, 383 (M.D.N.C. 1988); accord Armsey, 184 F.R.D. at 571. The factors most often cited by the courts in making this equitable determination include: (a) whether counsel for the

parties are located in the forum district; (b) whether the plaintiff is seeking to depose only one or several corporate officers; (c) whether the person sought to be deposed often engages in travel for business purposes; and (d) the equities with regard to the nature of the claim and the relationship of the parties.  Armsey, 184 F.R.D. at 571; Turner, 119 F.R.D. at 383.[1]

Here, the attached Affidavit of Ronald P. Morin, Sr. attests to the following factors which demonstrate that the equities lie in favor of the plaintiffs and, consequently, that sufficient good cause exists to permit the Weisenberger deposition to go forward in Connecticut:

1.  The two plaintiffs in this case are located in Connecticut.

2.  The plaintiffs had extensive dealings with NFCU which gave rise to their claims in this action, all of which occurred while the plaintiffs were here in Connecticut.

3.  The loans which are the subject of the Complaint and Counterclaim were extended to plaintiff Ronald Morin, Sr. in

---

[1] Another factor often mentioned in these cases is whether significant discovery disputes may arise and whether judicial economy favors their resolution by the forum court.  However, the plaintiffs have no reason to anticipate that such discovery disputes will arise with respect to the Weisenberger deposition.

        Connecticut, and the payments on said loans were made from Connecticut and/or deducted from Connecticut bank accounts. . In addition, deposits to NFCU accounts can be made at the regional office of the Nationwide Insurance Companies here in Connecticut.

4. Both the plaintiffs' attorney and the defendants' attorneys who have appeared in this action are located in Connecticut.

5. The case is pending in Connecticut, based on the plaintiffs' Complaint and the defendants' Counterclaim.

6. NFCU does business in Connecticut, and throughout the United States.

7. NFCU is affiliated with the Nationwide Insurance Companies, who are co-defendants in this action, which do business in Connecticut (and throughout the United States) and even have a regional office here in Connecticut.

8. NFCU is a very large corporate entity with substantial assets, while the plaintiffs are individuals of modest means.

9. The only deposition in issue is that of one corporate officer.

10. The plaintiffs are unaware of whether Mr. Weisenberger engages in travel for business purposes or the frequency of the same, and likewise the plaintiffs are unaware of whether a day of travel and deposition in Connecticut would disrupt his business activities, but the defendants have provided no evidence to support such a claim in their moving papers.

11. A day of travel and deposition in Ohio, however, would significantly inconvenience Connecticut counsel (for both parties) and would create additional expense for the plaintiffs who are not in as good a position as the defendants to bear that expense.

Based on all of these factors, some of which were present in the aforementioned <u>Armsey</u> and <u>Turner</u> cases in which the courts required depositions of corporate officers to take place in the forum state, this Court should likewise require the Weisenberger deposition to go forward as noticed in Connecticut.  <u>See</u> <u>also</u> <u>Tomingas v. Douglas Aircraft Co.</u>, 45 F.R.D. 94 (S.D.N.Y. 1968) (where no showing that any harm would result to defendant manufacturer by virtue of engineers' absence from their jobs and it appeared that defendant was most able to bear expense of trip, engineers were required

to appear for taking of deposition in New York office of plaintiff's counsel rather than at defendant's principal place of business in California).

In their moving papers, the defendants rely exclusively on the initial presumption to urge that the Weisenberger deposition take place in Ohio. They have failed to present any independent evidence to support the conclusion that Weisenberger's deposition should take place in Ohio. Yet, the presumption on which the defendants rely is "merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Here, however, the other relevant factors, which are substantiated by the attached affidavit of Ronald P. Morin, Sr., tip in favor of the plaintiffs. Therefore, the plaintiffs are authorized to take the Weisenberger deposition in Connecticut.

Accordingly, for all of the foregoing reasons, the defendants' Motion for Protective Order should be denied in its entirety.

However, to the extent that the Court is largely in agreement with the arguments urged herein by the plaintiffs but is nonetheless inclined to afford the defendants some relief in regard to their Motion For Protective Order,

then, pursuant to Rule 26(c), the Court could grant limited protection to the defendants only to the extent of requiring the parties to split the cost of Mr. Weisenberger's travel to Connecticut if the deposition is held here. See, e.g., Connell v. Biltmore Sec. Life Ins. Co., 41 F.R.D. 136 (D.S.C. 1966). Under the circumstances, the defendants are not entitled to any further relief in regard to the noticed deposition of Michael Weisenberger.

        PLAINTIFFS,

     By_____
      Richard P. Weinstein, Esquire of
      WEINSTEIN & WISSER, P.C.
      29 South Main Street, Suite 207
      West Hartford, CT  06107
      Telephone No. (860) 561-2628
      Facsimile No. (860) 521-6150
      Federal Bar No. ct06215

## **CERTIFICATION**

  This is to certify that on the 1st day of June, 2005, a copy of the foregoing was served upon:

Michael D. Blanchard, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178

                _____
                Richard P. Weinstein

Morin Ron Sr./OPP 2 PROT ORD – WEISNEBERGER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| | : | MAY 31, 2005 |
| Defendants. | : | |

## **AFFIDAVIT OF RONALD P. MORIN, SR.**

Ronald P. Morin, Sr., having been duly sworn, hereby deposes and says:

12. I am over the age of eighteen years and understand and believe in the obligations of an oath.

13. All statements set forth in the affidavit are based on my personal knowledge.

14. I am a plaintiff in the above-entitled matter along with Denise Morin, my wife.

15. The two plaintiffs in this case are located in Connecticut.

16. The plaintiffs had extensive dealings with Nationwide Federal Credit Union ("NFCU") which gave rise to their claims in this action, all of which occurred while the plaintiffs were here in Connecticut.

1

17. The loans which are the subject of the Complaint and Counterclaim in this case were extended to me in Connecticut, and the payments on said loans were made from Connecticut and/or deducted from Connecticut bank accounts. In addition, deposits to NFCU accounts can be made at the regional office of the Nationwide Insurance Companies here in Connecticut.

18. Both the plaintiffs' attorney and the defendants' attorneys who have appeared in this action are located in Connecticut.

19. The case is pending in Connecticut, based on the plaintiffs' Complaint and the defendants' Counterclaim.

20. NFCU does business in Connecticut, and throughout the United States.

21. NFCU is affiliated with the Nationwide Insurance Companies, who are co-defendants in this action, which do business in Connecticut (and throughout the United States) and even have a regional office here in Connecticut.

22. NFCU is a very large corporate entity with substantial assets, while the plaintiffs are individuals of modest means.

23. I am aware that Michael Weisenberger is NFCU's Vice President of Lending. The plaintiffs seek to depose Mr. Weisenberger here in Connecticut.

24. I am unaware of whether Mr. Weisenberger engages in travel for business purposes or the frequency of the same, and likewise I am unaware of whether a day of travel and deposition in Connecticut would disrupt his business

activities, but the defendants have provided no evidence to support such a claim in the papers accompanying their Motion for Protective Order.

25. A day of travel and deposition in Ohio, however, would significantly inconvenience my attorney and would create additional expense for the plaintiffs who are not in as good a position as the defendants to bear that expense.

_____
RONALD P. MORIN, SR.

Sworn to and subscribed before me
this 31st day of May, 2005.

_____

Notary Public
My commission expires:

3