**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
| Defendants. | : | June 3, 2005 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure, Rule 26(c), Defendants Nationwide

Federal Credit Union, et al. (collectively "NFCU"), hereby respectfully submit this Reply

Memorandum of Law in Support of Motion for Protective Order with respect to the Plaintiffs'

purported Re-Notice of Deposition of Michael Weisenburger ("Mr. Weisenburger").

**Preliminary Statement**

On May 17, 2005 NFCU moved for a protective order with respect to the deposition of

Michael Weisenburger, an Ohio resident sought to be deposed by the Plaintiffs due to his

position with defendant NFCU, a corporation with headquarters also in Ohio.  In NFCU's

**ORAL ARGUMENT REQUESTED**

CTDOCS/1629721.1

moving brief, NFCU established that the deposition is presumptively to proceed in Ohio,[1] as Ohio is NFCU's principal place of business, shifting to the Plaintiffs the burden to demonstrate "peculiar circumstances" warranting deviation from the general rule.[2]

The Plaintiffs have opposed the motion for protective order, urging that the deposition should proceed in Connecticut for principally two reasons: (i) the convenience of Connecticut counsel; and (ii) because "the plaintiffs [] are not in as good a position as the defendants to bear [the] expense" of travel (without any further explanation). *See* Pl. Mem. at 5.

Along with this Reply, NFCU submits the Affidavit of Michael P. Weisenburger, clearly setting forth that his traveling to Connecticut for a deposition would be extremely burdensome on both Mr. Weisenburger, his staff and third parties. Under well-established case law, the undue burden that would be visited upon the deponent far outweighs any inconvenience to the

---

[1] As a general rule, "the depositions of officials of a corporate party should be taken at the corporation's principal place of business." 4 Moore's Federal Practice ¶ 26.70[1.-4], at p. 25-456. *See also* Wright & Miller, Federal Practice and Procedure: Civil § 2112, at p. 410 ("[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"). This is particularly so where the corporation is the defendant, because a defendant "will usually be examined at his residence or place of business or employment, and if proper objection is made to a notice naming some other place, by motion under Rule 26(c), normally such objection will be successful." Moore's, supra, ¶ 26.70[1.-3], at p. 26- 454.

[2] *See Federal Deposit Ins. Co. v. La Antillana, S.A.*, NO. 88 CIV. 2670 (JFK) 1990 WL 155727(S.D.N.Y. Oct. 05, 1990) ("If a plaintiff notices an individual defendant's deposition with a location other than defendant's residence or place of business and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating 'peculiar'

2

Plaintiffs' counsel or unexplained burden on the Plaintiffs, and the deposition should therefore proceed only in Ohio.

## I.  THE BURDEN ON MR. WEISENBURGER AND HIS DEPARTMENT AT NFCU FAR OUTWEIGHS INCONVENIENCE TO COUNSEL OR THE PURPORTED BURDEN ON PLAINTIFFS

The Plaintiffs contend that convenience of counsel militates in favor of deposing Mr. Weisenburger in Connecticut, rather than Ohio.  In support, the Plaintiffs argue that Plaintiffs' counsel will be inconvenienced by traveling to Ohio, and that NFCU's counsel located in Connecticut will be subject to the same inconvenience.  Pl. Mem. at 5.  The Plaintiffs, however, overlook that (i) in house counsel for Nationwide, located in Columbus, Ohio, who will be attending the deposition, will also be subject to the inconvenience of travel if the deposition proceeds in Connecticut, and (ii), most importantly, Mr. Weisenburger and his small, understaffed and currently overburdened department at NFCU will suffer undue burden if required to travel to Connecticut for a deposition.  In this respect, Mr. Weisenburger has submitted an affidavit detailing the following:

- Mr. Weisenburger's department is primarily responsible for underwriting business loans to independent contractor exclusive agents of Nationwide Mutual Insurance Company ("Nationwide Agents") throughout all regions of the United States in which Nationwide conducts business.  In the past year, Nationwide has rapidly expanded the number of Nationwide Agents, and in conjunction with a large number of agent retirements, the volume of underwriting handled by his department has increased dramatically.

---

circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location.").

CTDOCS/1629721.1

- Indeed, the total number of applications processed in 2004 was 650 while the number of applications processed in 2005 to date -- with seven months remaining in the year -- is 936. In addition to the daily volume of new loans there has been a spike in credit activity from June through August. During this period Mr. Weisenburger's department has been and will be required to reanalyze the credit on 122 loan commitments for a total of $29.2 million in loans, and the backlog continues.

- In addition to Mr. Weisenburger, there are only four other individuals working in his department. Of these four individuals, two are in training -- one for only 3 months and the other for less that 2 months. There is only one other senior loan officer in the department, albeit with limited lending authority. Accordingly, Mr. Weisenburger's daily presence is required to review the credits for any loan amounts that exceed the other officer's authority, and must personally review at least half of all new applications received. His absence from work therefore has a dramatic effect on the rest of the department, and the backlog and delays created thereby would be disruptive not only to his department, but to numerous third parties as well (*i.e.* Nationwide Agents seeking financing) by resulting delays.

- Mr. Weisenburger hardly ever travels on business (once in the last two years), and has no plans to travel to Connecticut or the Northeast in the near future.

Weisenburger Affidavit, ¶¶ 3-8 (submitted herewith).

"Factors relevant to convenience include [1] convenience of counsel, [2] defendants' residence, and [3] the extent of disruption of defendants' affairs during travel to and from the depositions." *Dagen v. CFC Group Holdings Ltd.*, NO. 00 CIV. 5682 (CBM) 2003 WL 21910861 *4 (S.D.N.Y. Aug. 11, 2003) (numeration added). Each factor decisively dictates that the deposition should proceed in Ohio.

*Importantly, courts have long recognized that "the convenience of counsel is less compelling than any hardship to the witnesses." Id.* (emphasis added) (citing *Devlin v. Transportation Communications Intern. Union*, NO. 95 CIV. 0752 JFK JCF, 95 CIV. 10838 JFK

4

JC 2000 WL 28173 * 4 (S.D.N.Y. Jan. 14, 2000) (holding that, where high-ranking officers and employees whose absence from their workplace would have an adverse impact on the functioning of the company were sought to be deposed outside of their employer's residence, deposition should occur at location of employer's residence).  Clearly here, Plaintiffs' attorney must expect to be required to travel outside of Connecticut when suing a foreign corporation, and travel for depositions is a regular component of litigation.  Mr. Weisenburger, however, rarely travels on business, has no plans to travel to Connecticut in the near future and is the key individual working with his department at NFCU.  On balance, the inconvenience to Mr. Weisenburger and his department far outweighs the inconvenience to Plaintiffs' counsel.

In any event, "the plaintiff is generally required to 'bear any reasonable burdens of inconvenience that the action presents.'"  *Buzzeo v. Board of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998).  In this case, while the inconvenience to Mr. Weisenberger and NFCU is great, the inconvenience to the Plaintiffs' counsel is negligible.  The deposition should proceed in Connecticut. *E.g.*, *Media Group, Inc. v. In-finn-ity Productions, Inc.*, NO. 3:99CV1014 (PCD) 2000 WL 303221 (D. Conn. Feb. 1, 2000) (holding that deposition of corporate defendant should be taken at corporate residence given inconvenience of travel for corporate deponents).

To the extent that Plaintiffs' counsel is inconvenienced, the Defendants have no objection to the deposition proceeding by telephone.  Fed. R. Civ. P. 30(b)(7).

## II.    THE CASES CITED BY THE PLAINTIFFS ARE UNAVAILING HERE

The two out-of-jurisdiction cases principally relied upon by the Plaintiffs are unavailing

5

in this case.  In *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381 (M.D.N.C. 1988) the Middle District of North Carolina merely held that a foreign corporation could be deposed in North Carolina because "All of the counsel are located here [and] . . . [the deponent] may be expected to travel with minimal inconvenience" while the plaintiff was experiencing a financial burden due to "large medical bills." *Id.* at 383.  Here, by contrast, Nationwide's general counsel is in Ohio, the deponent would be extremely inconvenienced by travel that is not a part of his usual business activity, and the Plaintiffs have made no showing whatever of financial hardship.

Similarly, in *Armsey v. Medshares Management Services, Inc.*, 184 F.R.D. 569 (W.D. Va. 1998) the Western District of Virginia permitted a deposition of a corporation's officers to proceed in the forum district because the officers "often engage in travel for business purposes, including travel to the Western District of Virginia to manage Medshares' Virginia offices," by "choosing to file [a] counterclaim in this district" that the defendant was not required to file, the company "consciously chose to avail itself of the services of this court," and because the court "anticipate[d] the likelihood of additional discovery disputes arising which would necessitate resolution by the forum court." *Id.* at 571.  Here, by contrast, Mr. Weisenburger does not travel on business, let alone to Connecticut, the Defendants have not chosen to avail themselves of this forum,[3] and the Plaintiffs have represented that they do not anticipate further discovery disputes requiring resolution by this Court.  *See* Pl. Mem. at 3 n.1.

---

[3]  *See* Defendants' initial memorandum of Law In Support Of Motion For Protective Order (noting that the counterclaim filed here was permissive and citing authority holding that such counterclaim does not militate in favor of in-forum deposition).

6

## CONCLUSION

For the foregoing reasons, NFCU respectfully submits that it has demonstrated the requisite "good cause" for entry of protective order, and respectfully requests that its Motion For Protective Order be granted in all respects.

**DEFENDANTS**
**NATIONWIDE FEDERAL CREDIT UNION, ET AL**

By: /s/ Michael D. Blanchard
    Deborah S. Freeman (ct05257)
    Michael D. Blanchard (ct25891)
    BINGHAM McCUTCHEN LLP
    One State Street
    Hartford, CT 06103-3178
    (860) 240-2700
    (860) 240-2818 (fax)
    Their Attorneys
    deborah.freeman@bingham.com
    michael.blanchard@bingham.com

CTDOCS/1629721.1

## CERTIFICATION

This is to certify that on this 3rd day of June, 2005, a copy of the foregoing was sent via

U.S. Mail, postage prepaid, to:


Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107


/s/ Michael D. Blanchard
Michael D. Blanchard

CTDOCS/1629721.1