UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD P. MORIN, SR., ET AL.,  :<br>    Plaintiffs,  :<br>   :<br>v.  :<br>   :<br>NATIONWIDE FEDERAL CREDIT UNION,  :<br>ET AL.,  :<br>    Defendants.  : | CIVIL ACTION NO.<br><br>3:03 CV 277 (CFD)<br><br><br><br><br>June 2, 2005 |

### AFFIDAVIT OF MICHAEL P. WEISENBURGER IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

I, Michael P. Weisenburger, being duly sworn upon oath, depose and state the following:

1. I am over eighteen years of age and understand the meaning of an oath. My statements herein are made on personal knowledge. I am a resident of Hilliard, Ohio.

2. I am Assistant Vice President of Agent Business Lending for Nationwide Federal Credit Union ("NFCU"), located with its principal place of business in Columbus, Ohio. I am aware that the plaintiffs in the above-captioned litigation seek to take my deposition in Connecticut. Given my position and responsibilities, and the current amount of business being processed through my understaffed department, it would be extremely burdensome to both me and NFCU if I were required to travel to Connecticut for a deposition.

3. Among other things, Agent Business Lending is primarily responsible for underwriting business loans to independent contractor exclusive agents of Nationwide Mutual

Insurance Company ("Nationwide Agents") throughout all regions of the United States in which Nationwide conducts business. In general, because my department underwrites business loans to Nationwide Agents, the amount of business being conducted by my department expands along with Nationwide's expansion of exclusive agencies and growth of existing agencies, which generates financing requirements for the new or enlarged agencies underwritten by my department. The amount of business conducted by my department also expands with the number of retiring Nationwide Agents, which necessitates calling the retired agents' loans for payment. More importantly, Nationwide Agent retirement generates financing requirements handled by my department because the servicing of Nationwide policyholders previously serviced by the retiring agents' is assumed by new Nationwide agencies.

4. In addition to myself, there are four other individuals working in my department. Of these four individuals, two are in training. There is only one senior loan officer in my department, and I am the loan officer with ultimate lending authority.

5. In the past year, Nationwide has rapidly expanded the number of Nationwide Agents established in the upper west region of the country. This expansion, along with Nationwide promotional activities and a large number of retirements, has caused the volume of underwriting handled by my department to increase substantially in the past year, while my staffing has remained constant, albeit with 50% turnover. Indeed, one of my staff has been on staff for only 3 months and the other has been on board for less that 2 months. In terms of volume of work, the number of applications processed in 2004 was 650 while the number of

applications processed in 2005 -- with seven months remaining in the year -- is 936. In addition to the daily volume of new loans we are facing a spike in credit activity from June through August. During this period we have to reanalyze the credit on 122 loan commitments for a total of $29.2 million in loans. I only have one loan officer with any approved lending authority in my department, but his authority is limited. Accordingly, I must daily review the credits for any loan amounts that exceed his authority plus at least half of all new applications received. My department has a constant backlog, and the pressures only increase when a fiscal quarter nears and end. Currently, we are in the last month of the quarter, resulting in strict deadlines (and longer hours) for my department.

6.   In short, my understaffed department is inundated with loan processing, requiring consistent overtime of both myself and my staff. I have worked 50-60 hour weeks including 12 hour days and weekends and have foregone my usual vacation and time off in an effort to keep up.

7.   Because I am the only individual with ultimate lending authority, my absence from work has a dramatic effect on the rest of the department. Without my presence for final authorization of Nationwide Agent loans, much of the work in loan processing is "put on hold" until my return, when both the backlog created by my absence and the new loan processing that came during my absence will have to be completed. My absence, even for the few days it would take (including travel time) to be deposed in Connecticut, would result in many even longer days and perhaps additional weekend work for both my staff and myself. In addition, to the extent

that any disruption in my department results in delayed processing, numerous third parties (*i.e.* Nationwide Agents seeking financing) will be affected.

8. I travel on business very infrequently (once in the last two years). I have no plans to travel to Connecticut or the Northeast in the near future.

9. I am aware that the plaintiffs in this litigation chose to sue NFCU in Connecticut. Neither I nor my department chose to be subjected to litigation in Connecticut. In short, being required to travel to Connecticut to be deposed would result in disrupting my department, causing significant burdens and hardship to not only myself, but my staff as well, and potentially causing significant disruptions in financing for Nationwide Agents thus affecting the business and livelihoods of third parties.

Dated at Columbus, Ohio this 2d day of June, 2005.

_____
Michael P. Weisenburger

Sworn to and subscribed before me
this 2nd th day of June, 2005

_____
Notary Public
My Commission expires:



RUDY D. MILOSEVICH
Notary Public, State of Ohio
My Commission Expires 04-18-10

## CERTIFICATION

I hereby certify that on this $2^d$ day of June, 2005, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Nathan A. Schatz, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Ste. 207
West Hartford, CT 06107
*Counsel for Plaintiff*

_____
Michael D. Blanchard