## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | JUNE 6, 2005 |
| ET AL, | : | |
| | : | |
| Defendants. | : | |

### MOTION FOR MODIFICATION OF SCHEDULING ORDER BY CONSENT

The plaintiffs in the above-entitled matter hereby move the Court to modify the order for submission of the joint trial memorandum which is scheduled to be filed on or before July 1, 2005 for the reasons hereinafter set forth.

The plaintiffs have noticed the deposition of an officer of the defendant Nationwide Federal Credit Union to which a protective order was filed on May 17, 2005 and objection in response to the protective order was filed on June 1, 2005. The parties await adjudication by the Court in regard to the location for taking the deposition of the defendant's officer. The issue has been fully briefed by the parties. Until there has been adjudication in regard to the

protective order and a determination made in regard to where the deposition of the defendant's officer will take place, discovery cannot be completed and hence the delay in submission of the trial memorandum. There is no objection by the defendants to suspending the time for submission until 30 days after completion of the discovery. That will be determined by the Court's ruling in regard to the aforesaid motion.

There is an additional issue which has arisen to which the defendants do not consent but which will give rise for the plaintiffs to seek permission to file a late disclosure of expert. During the deposition of the Morins, which took place on May 25, 2005, it was revealed that the Morins who have suffered and claimed to have suffered, mental distress and anguish as a result of the activities of the defendants, have sought and received medical attention from a physician and have been on one or more medications for a substantial period of time. Because of the nature of previous interrogatories and request for production, and for a reason which remains a mystery in regard to the communication between individuals, this matter was never brought to plaintiffs' counsel's attention until the deposition. Plaintiffs' counsel is in the process of verifying with the doctor that he will make the causal connection

between the medical prescriptions that have been prescribed and taken by the plaintiffs and the anxiety to which the plaintiffs testified during their depositions. Hence, if in fact the doctor makes that causal connection, and the Court permits this late disclosure of expert witness, the defendants may wish to take the deposition of the doctor and secure his medical records. Hence, same may be accomplished during the same period of time that we are arranging the deposition of the defendant's officer, but it also would provide reason to suspend the time for submission of the trial memorandum.

The undersigned represents that a review of the interrogatories and production material to determine whether or not the plaintiffs claimed any mental distress and anguish, revealed such information in regard to medical treatment was never requested and hence, the issue was candidly overlooked until the deposition aforesaid.

PLAINTIFFS,


By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT  06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215


## CERTIFICATION

This is to certify that on the 6th day of June, 2005, a copy of the foregoing Motion for Modification of Scheduling Order by Consent was served upon:

Michael D. Blanchard, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178


_____
Richard P. Weinstein


4