**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | June 8, 2005 |

**DEFENDANTS' OPPOSITION, IN PART, TO PLAINTIFFS'
MOTION FOR MODIFICATION OF SCHEDULING
ORDER UPON CONSENT AND REQUEST FOR ADDITIONAL
MODIFICATIONS TO SCHEDULING ORDER IN VIEW OF PLAINTIFFS' MOTION**

Defendants (collectively, "NFCU") hereby oppose that portion of Plaintiffs' Motion for Modification of Scheduling Order by Consent (the "Modification Motion") to which no consent of NFCU was either sought or given -- *i.e.*, Plaintiffs' request to reopen and extend the deadline for the disclosure of experts which lapsed over 14 months ago.

NFCU, however, affirms its consent to the portion of the Modification Motion which seeks to extend the discovery deadline and the filing date for the parties' joint trial memorandum to accommodate Plaintiffs' deposition of NFCU's officer, Michael Weisenburger. Plaintiff's notice to depose Mr. Weisenburger is presently the subject of NFCU's pending motion for protective order against deposing Mr. Weisenburger in Connecticut, as opposed to NFCU's Ohio headquarters.

CTDOCS/1630511.1

In this regard, NFCU requests that the filing deadline for dispositive motions be extended to correspond to the filing deadline for the parties' joint trial memorandum, consistent with the format of the present scheduling order.

However, Nationwide objects to the portion of the Plaintiffs' Modification Motion which requests that the deadline for expert disclosure be reopened and extended.  As more fully set forth below, Plaintiffs fail to present any good cause for their belated request and, further, the grant of such untimely request results in ordinate delay and prejudice to NFCU.  If, however, Plaintiffs' request is granted, NFCU seeks additional appropriate modifications to the Scheduling Order.

**I.     PLAINTIFFS SHOULD NOT BE PERMITTED TO REOPEN EXPERT DISCOVERY OVER ONE YEAR LATE BASED ON PLAINTIFFS' LACHES**

The Plaintiffs seek to identify an expert and reopen expert discovery now, 14 months after the deadline to identify experts has expired.  *See* March 31, 2003 Form 26(f) Report, ¶ 7 (Plaintiffs will identify experts by March 29, 2004).  The Plaintiffs have shown no good cause for their belated request, which will result only in the further delay of this action, pending since February, 2003.

According to the Plaintiffs, "[b]ecause of the nature of previous interrogatories and request for production, and for a reason which remains a mystery in regard to communication between individuals, [plaintiffs' medical treatment for emotional distress] was never brought to

2

plaintiffs' counsel's attention until the [May 25, 2005] deposition" of the Plaintiffs. Pl. Mem. at 2. In a word, the Plaintiffs request that the trial schedule be derailed indefinitely because of a "mystery" regarding communications to the Plaintiffs' attorney about the nature of their damages, "discovered" only through NFCU's deposition of the Plaintiffs' client.

Over the course of this 2 ½ year old litigation, the Plaintiffs and their counsel have had sufficient opportunities (indeed obligations) to investigate, discuss and explore the nature of their claims, such as:

- the filing of the Complaint, which claims that "[t]he defendants . . . cause[d] the injuries aforesaid to plaintiffs including wrongfully affecting Denise M. Morin's credit, which actions were done recklessly and/or willfully and have caused substantial emotional distress and anguish for the plaintiffs." Complaint, Fourth Count, ¶19. Plaintiffs' counsel had a Rule 11 obligation to investigate the factual bases for the legal claim brought against the Defendants. Fed. R. Civ. P. 11 (by signing a pleading, counsel represents to the Court, "formed after an inquiry reasonable under the circumstances" that "the allegations and other factual contentions have evidentiary support").

- responding to discovery, such as "All documents evidencing any damages you allege to have incurred as a result of each of the claims alleged in the Complaint," and as "Describe each action you have taken to mitigate your damages, if any, including the nature of the action, the date when each such action was taken, and the identity of all parties involved in the action." (Defs.' Request For Production Nos. 24 & Interrogatory No. 13). The Plaintiffs were obligated to produce documents and answer the interrogatories concerning their purported mental distress.

- serving the "Plaintiffs' Damages Analysis" on April 4, 2005, as required by Standing Order of this Court. The Plaintiffs failed to provide any calculation of damages regarding emotional distress.

Contrary to the Plaintiffs' assertions, the reason why Plaintiffs failed to identify an expert

3

over one year ago as required cannot be ascribed to a "mystery" nor the "nature of previous interrogatories and requests for production." The Plaintiffs' waiver in this respect should not be allowed to cause the inordinate delay to the resolution of this matter that would be required.

## II. ALLOWING IDENTIFICATION OF DISCOVERY REQUIRES THE OPPORTUNITY FOR ADDITIONAL DISCOVERY, DELAYING THIS ACTION

In the event that the Plaintiffs are allowed to identify an expert, NFCU requests the following abbreviated amount of time to conduct expert discovery under the Federal Rules of Civil Procedure:

- written expert discovery, completed 2 months following Plaintiffs' disclosure of expert and serving of expert's report;

- identification of NFCU's rebuttal expert, 3 months following Plaintiffs' disclosure of expert;

- Rule 35 mental examination of the Plaintiffs (one for each Plaintiff), completed 5 months following Plaintiffs' disclosure of expert;

- Rule 35(b) reports of examiners due, 6 months following Plaintiffs' disclosure of expert;

- Deposition of Rule 35 examiners, completed 7 months following Plaintiffs' disclosure of expert

- Deposition of NFCU's expert, completed 8 months following Plaintiffs' disclosure of expert;

- Deposition of Plaintiffs' expert, completed 8 months following Plaintiffs' disclosure.

NFCU would also request that the trial schedule be adjusted accordingly.

4

## CONCLUSION

For the foregoing reasons, NFCU respectfully requests the relief as sought herein.

**DEFENDANTS
NATIONWIDE FEDERAL CREDIT UNION, ET AL**


By: /s/ Michael D. Blanchard
    Deborah S. Freeman (ct05257)
    Michael D. Blanchard (ct25891)
    BINGHAM McCUTCHEN LLP
    One State Street
    Hartford, CT 06103-3178
    (860) 240-2700
    (860) 240-2818 (fax)
    Their Attorneys
    deborah.freeman@bingham.com
    michael.blanchard@bingham.com

## **CERTIFICATION**

This is to certify that on this 8th day of June, 2005, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

/s/ Michael D. Blanchard
Michael D. Blanchard

6