UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | JUNE 14, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO COMPEL INTERROGATORY
RESPONSES AND PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure, Rule 37, the Defendants Nationwide Federal Credit Union, et al. (collectively "NFCU"), hereby respectfully submit this Memorandum of Law in Support of Motion To Compel Interrogatory Responses and Production of Documents.

**Preliminary Statement**

The Plaintiffs in this action have failed to comply with their discovery obligations. In particular, the Plaintiffs: (i) have responded to several interrogatories simply by directing the Defendants to "see attached documents," -- *i.e.* the Plaintiffs' entire, unnumbered document production on multiple topics -- in violation of Fed. R. Civ. P. 33(d); (ii) have refused, based on claimed irrelevance, to produce documents bearing directly on whether the Plaintiff competed with Nationwide, an issue that is central to the claims, counterclaim and defenses in this

CTDOCS/1630968.1

litigation; and (iii) in response to several interrogatories and document requests, have refused to respond on the ground that the information was produced by the Plaintiffs to the Defendants in other litigation -- when it was not.  *See* Ex. A.

I.  **THE PLAINTIFFS MUST CONFORM THEIR INTERROGATORY RESPONSES TO RULE 33(D)**

In response to Interrogatories Nos. 5-7, 9 and 11, the Plaintiffs have simply responded "see attached documents."[1]

---

[1] The Interrogatories and responses are as follows:

Interrogatory No. 5  Identify each instance that "the defendant Credit Union misappl[ied] payments to said loans," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such misapplication of payment.

Response  **See attached documents**.

Interrogatory No. 6  Identify each instance that "the defendant Credit Union improperly debit[ed] plaintiffs' accounts established for automatic payments," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such improper debiting.

Response  **See attached documents**.

Interrogatory No. 7  Identify each instance that "the defendant Credit Union fail[ed] to timely and adequately advise plaintiff in regard to the status of said loans" as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance and the loan involved.

Response  **Repossession of Dodge Durango and write-off of snowmobile loan.  See correspondence and complaints therein from plaintiffs**.

Interrogatory No. 9  Identify each instance that "the defendant Credit Union made artificial demands, defaults and claims of financial charges based on such improper or wrongful application of funds," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such demand.

Response  **See attached correspondence and default notices.**

2

To the extent that the Plaintiffs seek to rely on Rule 33(d),[2] the responses are deficient. Fed. R. Civ. P. 33(d) requires that a responding party "specify the records from which the answer may be derived or ascertained" and that a "specification shall be in *sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served*, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d) (emphasis added). The Plaintiffs' "see attached documents" responses here fail to comply with Fed. R. Civ. P. 33(d).

The Plaintiffs' responses are especially deficient in light of the fact that the documents that the Plaintiffs produced are voluminous in number, are not bates labeled, contain a range of categories of correspondence, records, notes, documentation on numerous topics, and in many instances are not readily identifiable (there are many pages of handwritten notes). Without any identification by the Plaintiffs as to which documents satisfy which interrogatories, the Defendants are unable to discern which documents contain the Plaintiffs' answers, and are left to speculate as to precisely what the Plaintiffs intend to provide as their answer under oath. The responses are inadequate. *E.g., Jobe v. ATR Marketing, Inc.*, NO. CIV.A 1998 WL 252382(E.D. La. May 15, 1998) ("plaintiff's vague reference to documents and a 400-page document index in

---

Interrogatory No. 11  Identify each instance that "the defendant Credit Union generally created a paper morass to negatively impact plaintiffs' credit and maximize the retaliation for his departure" as that phrase is used in paragraph 15 of the Complaint, including identification of the timeframe and nature of such morass and the manner by which said morass negatively impacted the plaintiffs' credit.

Response  **See attached documentation**.

[2]  The Plaintiffs make no declaration that they intend to invoke Rule 33(d), which is in itself a ground upon which the court may order complete responses. *See Caruthers v. Proctor & Gamble Mfg. Co.*, NO. CIV. A. 96-2071-GTV 1996 WL 745587 (D. Kan. Dec. 27, 1996) (failure to state invoking Rule 33(d) basis for granting motion to compel). All unreported cases are attached as Ex. B.

3

its answers to Interrogatories No. 3-11 does not satisfy the specification requirements of Fed. R. Civ. P. 33(d)"); *United Oil Co., Inc. v. Parts Associates, Inc.*, NO. CIV. WDQ-03-2949 2005 WL 1115861 *11, (D. Md. March 4, 2005) ("plaintiff's answers to interrogatories through reference to certain boxes of files of documents is inadequate under Rule 33"); *In re G-I Holdings, Inc.*, 218 F.R.D. 428, 438 (D.N.J.2003) ("The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them.... Rather, the responding party has a 'duty to specify, by category and location' the records from which he knows the answers to the interrogatories can be found"); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal.1996) ("The answers to Interrogatory Nos. 9 and 10 are not in sufficient detail to comply with Rule 33(d). The responses did not specify where in the records the answers could be found"); *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D.Kan.1996) ("Under the guise of Fed.R.Civ.P. 33(d) defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents"); *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993) ("When a party responding to interrogatories chooses to produce its business records in lieu of a conventional response, the responding party must specifically identify the documents from which the responding party may derive an answer. In this case, Herdlein has not responded with the candor and specificity that the rules of discovery

4

require; Herdlein has merely stated the information is available from documents that it has produced already pursuant to an unspecified document request").

## II. THE PLAINTIFFS MUST PRODUCE DOCUMENTS ON ISSUES THAT ARE POTENTIALLY CRITICAL TO THIS CASE

Document Requests No. 14-15 and 20-23 seek documents related to Mr. Morin's agreements with and compensation from insurance companies or businesses and individuals in the insurance business other than Nationwide.[3] The Requests have become potentially critical in

---

[3] The Document Requests and responses are as follows:
Document Request No. 14. All documents that evidence or relate to contracts or agreements between Ronald Morin and any Other Insurance Company.

Response: **Objection. Documents deemed confidential, proprietary, not relevant or material and not likely to assist in defense of this instant action.**

Document Request No. 15. All documents reflecting, evidencing, or relating to commission records or any other compensation, remuneration, or other payments of monies received by Ronald Morin directly or indirectly as consideration for transferring Nationwide's Policyholders to any Other Insurance Company.

Response: **Objection. Irrelevant, immaterial and not likely to assist in the defense of this instant action.**

Document Request No. 20. All Documents which refer to, relate to or memorialize any agreement between Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally, or between the Community Agency Network and Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally.

Response: **Objection. Irrelevant, immaterial and propriety and will not assist in the defense of this matter.**

Document Request No. 21. All Documents which refer to, relate to or memorialize any agreement between the Community Agency Network and any insurance carrier.

Response: **Objection. Irrelevant, immaterial and propriety and will not assist in the defense of this matter.**

Document Request No. 22. All Documents which refer to, relate to or memorialize any remuneration paid by any insurance carrier to the Community Agency Network or any participant in the Community Agency Network.

5

this case. This litigation involves in part Mr. Morins' claim for damages for allegedly improper actions taken against him with regard to his Nationwide insurance business loans, which Mr. Morin claims were not in default. Under the Nationwide loan documents governing Mr. Morin's promissory debt obligations, Mr. Morin was in default if (among other things) his collateral for the loans, identified in loan documents here as "deferred compensation incentive credits" ("DCIC"), became impaired. *See, e.g.* Ex. B. DCIC was a contingent, post-employment benefit to which Mr. Morin would have been entitled absent an election to, among other things, compete with Nationwide within a 25 mile radius of his office and within one year following termination. *See* Ex. C (Agent's Agreement, §11(f)(1)). Mr. Morin has taken the position that he did not plan to compete with Nationwide, apparently contending that he therefore was entitled to the DCIC, and therefore was not in default.[4] In response to the above-numerated document requests seeking information related to this very issue, Mr. Morin has, however, withheld production, claiming that the information is not relevant.

Unquestionably, whether Mr. Morin had a relationship with other insurance companies, either before or during one year following the termination of his affiliation with Nationwide, is

---

<u>Response</u>: **Objection. Irrelevant, immaterial and propriety and will not assist in the defense of this matter.**

<u>Document Request No. 23</u>. All Documents which refer to, relate to or memorialize any oral or written correspondence or communication between any of the following: Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally.

<u>Response</u>: **Objection. Irrelevant, immaterial and propriety and will not assist in the defense of this matter.**

---

[4] *See Ex. D,* Deposition Transcript of Ronald P. Morin, dated May 25, 2005, pp. 53-58.

6

relevant to whether Mr. Morin forewent his DCIC-collateral for his loans, and thus defaulted under the promissory notes. Accordingly, information concerning Mr. Morin's insurance business relationships with other insurance companies, before and after his resignation from his agent relationship with Nationwide, is relevant to Mr. Morin's own claims and defenses and the counterclaims in this litigation. The documents should be produced.

Mr. Morin also objects to producing the documents sought by Requests No. 14 and 20-23 on the grounds that the information is confidential and proprietary. That the information is confidential (even assuming it is), however, does not preclude its production, but rather, only merits its production pursuant to a protective order or stipulation for the exchange of confidential documents. Counsel for the Defendants proffered a draft stipulation for the exchange of confidential documents to the Plaintiffs several months ago. *See* Ex. E. (excerpt of Defendants' Responses to Plaintiffs' Supplemental Requests for Production, January 20, 2005, Response No. 3, and excerpt of Draft Stipulation and Order for the Protection and Exchange of Confidential Information). The Plaintiffs have never responded. The Plaintiffs' failure to respond to, comment on or otherwise take measures toward the entry of such an order, or to simply agree between the parties as to confidentiality, cannot be used as a shield from production.

III.  **THE PLAINTIFFS MAY NOT RESPOND TO DISCOVERY REQUESTS BY REFERRING DEFENDANTS TO UNSPECIFIED INFORMATION AT ISSUE IN A DIFFERENT LITIGATION -- ESPECIALLY WHERE THE DOCUMENTS WERE NOT PRODUCED IN THE OTHER LITIGATION**

With respect to Interrogatory No. 1, and Document Requests No. 11, the Plaintiffs have responded that documentation related to the information sought has been produced in other litigation.[5] There is pending in the United States District Court for the District of Connecticut litigation between the Plaintiff Mr. Morin and Nationwide Mutual Ins. Co., et al. (those entities indicated on Ex. C). However, to the best knowledge of the undersigned, Mr. Morin has produced no documents, nor answered interrogatories in that litigation. Even if he had, there is no procedural mechanism by which the Plaintiffs in one litigation may shift their discovery obligations to the Defendants by telling them to go seek discovery produced in another litigation, and such tactic is particularly infirm in light of the obligations imposed by Rule 33(d) with

---

[5] The interrogatories and responses are as follows:

Interrogatory No. 1. For the time period from the date of the termination of Ronald Morin's agent relationship with Nationwide until one year after, did Ronald Morin directly or indirectly engage in business activity as an agent, solicitor, representative or broker relating to the fire, casualty, health or life insurance business within a 25 mile radius of the business location he last maintained as an agent with Nationwide.

Response: **Objection. The foregoing interrogatory seeks information that is irrelevant, immaterial and will not assist in the defense of this matter. Further, already in the defendants' possession by virtue of other litigation between the parties.**

Document Request No. 11. All documents that evidence communications and correspondence between the Plaintiffs and the Defendants concerning the Plaintiff Ronald Morin's purported interest in Agency Security Compensation, DCIC or extended earnings.

Response: **Objection. The foregoing request is already within the possession of the defendant from other litigation between parties.**

respect to interrogatories as explained above. The Plaintiffs cannot satisfy their discovery obligations in this case by referring to documents involved in a different case, especially where Mr. Morin provided no documents or interrogatory responses therein.

## CONCLUSION

For the foregoing reasons, NFCU respectfully submits that its Motion To Compel be granted in all respects.

**THE DEFENDANTS,**
**NATIONWIDE FEDERAL CREDIT UNION, ET AL**


By: /s/ Michael D. Blanchard
Deborah S. Freeman (ct05257)
Michael D. Blanchard (ct25891)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT  06103-3178
(860) 240-2700
(860) 240-2818 (fax)
Their Attorneys
deborah.freeman@bingham.com
michael.blanchard@bingham.com

## **CERTIFICATION**

This is to certify that on this 14th day of June, 2005, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street - Suite 207
West Hartford, CT  06107

                                           /s/ Michael D. Blanchard
                                           Michael D. Blanchard

CTDOCS/1630968.1