# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | APRIL 22, 2005 |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF
### INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Rules 33 and 34, Defendants Nationwide Federal Credit Union, et al. (collectively "Nationwide"), hereby respectfully request that the Plaintiffs Ronald and Denise Morin ("Plaintiffs") answer the following interrogatories separately and in writing, under oath, and produce at the offices of Bingham McCutchen, LLP, One State Street, Hartford, Connecticut 06103, the following documents within thirty (30) days after the date of service of this Request:

### INSTRUCTIONS

1.    These requests shall be deemed continuing so as to require supplemental responses if either of the Plaintiffs acquires any additional information or documents between the time a response is served and the time of trial.

2.    In responding to these requests, each of the Plaintiffs shall furnish all information and documents available to him/her at the time of his/her response, including information and/or

3.     documents in the possession, custody or control of each of the Plaintiff's agents, employees or representatives.   These requests also seek nonprivileged information and documents in the possession, custody or control of each of the Plaintiff's attorneys.

4.     Where the name or identity of a person is requested, state the full name, home address and business address of that person, if known.

5.     All terms defined below are used throughout these requests in the precise manner in which they have been defined and are to be consistently so interpreted.   Some terms are specially defined so as to have a broader meaning herein than they may have in general usage, and accordingly, responses will be inadequate that do not take into account the special sense in which terms such as "document," "identify," "in connection," "relating to," and other defined terms are defined and used.

6.     If you claim that the attorney-client privilege or any other privilege or protection applies to any documents sought please produce a log containing the following information:

(i)      The date or approximate date of any such document withheld;

(ii)     The type of document (e.g., letter, memorandum, etc.);

(iii)    A description of the subject matter of any such document;

(iv)     Identification of each and every person who prepared, signed, or participated in the preparation of any such document;

(v)      Identification of each and every person who received a copy of any such document;

(vi) Identification of the present custodian or custodians of any such documents;

(vii) Identification of all attachments or enclosures to any such document; and

(viii) Identification of the nature of the privilege asserted and any statutes or rules which you believe support your assertion of privilege as to any withheld document.

Unless otherwise indicated, the Interrogatories and Request for Production seek information and/or documents dated, generated, and/or transmitted from the date when Plaintiff Ronald Morin's Agent Relationship with Nationwide began through the date of compliance.

## DEFINITIONS

1.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Identify (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.      Identify (with respect to documents). When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.      Identify (with respect to events) means to provide a detailed description of the event, including the (i) date (ii) parties involved; and (iii) detailed description of what happened.

6.      Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9.      All/Each.  The terms "all" and "each" shall both be construed as all and each.

10.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Number. The use of the singular form of any word includes the plural and vice versa.

12.     "Correspondence" includes, but is not limited to, any letter, telegram, telex, facsimile, notice, message, memorandum, electronic mail message, or other written communication or transcription or notes of a communication.

13.     The term "any" shall mean "any and all."

14.     The term "evidence" shall mean providing, indicating, showing or tending to show, or probative of the existence or nature of.

15.     The term "with respect to," "relating to" or "which relates to" a given subject shall mean any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject including, but not limited to, documents concerning the presentation of other documents.

16.     "Communication" means every manner or means of disclosure, transfer, and exchange of information, and every disclosure, transfer, and exchange of information, including, but not limited to, any disclosure, transfer, and exchange of information made orally or in writing, in person or by telephone, by other electronic or mechanical means, mail, personal delivery, or otherwise. "Communication" includes any internal communications such as notes, memoranda, correspondence, or other documents prepared by or for any person for his, her, or its files or other internal use.

17.     "You" and "Your" means each of the plaintiffs and his/her present or former partners, assigns, agents, representatives, counsel and all persons acting or purporting to act on his/her behalf.

18.     "Complaint" means the complaint filed in the above-captioned action.

19.     "Other Insurance Company" means any insurance company other than Defendants, and any of their officers, directors, employees, agents, assigns, subsidiaries or affiliates, successors, predecessors, and/or any other persons or entities acting or purporting to act on its behalf.

20.     The term "Community Agency Network" shall mean any arrangement between one or more of the individuals Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin or any of their insurance agencies.

21.     "Nationwide's Policyholders" shall mean each and every person who had any policy of insurance with Nationwide in effect as of the date when the Plaintiff Ronald P. Morin, Sr. last worked with Nationwide as an insurance agent.

22.     The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request for production all responses that might otherwise be considered outside its scope.

## DOCUMENTS TO BE PRODUCED

1.      A copy of your current resume or curriculum vitae.  **Attached.**

2.      All documents consulted or referred to in connection with the preparation of the answers to the Interrogatories.          **Attached.**

3.      All documents reflecting or evidencing each and every communication you had with relating to or concerning the allegations of the Complaint.   **Objection. The foregoing request for is overly broad, vague and ambiguous and objection to the extent that it seeks informat protected by attorney-client privilege or the attorney work product doctrine, notwithsta attached correspondence.**

4.      Without limiting any other request, all documents that relate to or support the allegations of the Complaint. **See Objection to request No.3, but notwithstanding see attached documents.**

5.      All documents that evidence or relate to any contract between any of the Defendants and the Plaintiffs. **Objection.  Contract could relate to each piece of insurance placed with Nationwide but notwithstanding, relevant contracts attached.**

6.      All documents that evidence or relate to the Plaintiff Ronald Morin's "book of business" (as that term is used in paragraph 6 of the Complaint) during the time that the Plaintiff Ronald Morin performed any services for Nationwide as its agent or in any other capacity. **Objection.  The foregoing request is overly broad and would include each insured's file and**

**the information is already within Defendant Nationwide's control and possession. Further, the information is not relevant, is immaterial and would not be of assistance in defense or lead to the discovery of admissible material. Such material has presumably already been produced in another lawsuit between parties.**

7.      All documents that support the allegation "As agents, the customer base often referred to as the 'book of business' is owned by the agent" as that term is used in paragraph 6 of the Complaint.          **None, except the contractual language which allowed defendants to solicit customers.**

8.      All documents that Plaintiff Ronald Morin received that relate to the "Security Compensation Plan" as that term is used in paragraph 7 of the Complaint.     **Objection. Documents already produced in other litigation between parties but notwithstanding, see attached annual statements.**

9.      All documents that evidence or relate to the allegations contained in paragraph 15 of the Complaint. **Attached.**

10.      All documents that evidence communications and correspondence between the Plaintiffs and the Defendants concerning the Plaintiffs' loans with Nationwide Federal Credit Union. **Attached.**

11.      All documents that evidence communications and correspondence between the Plaintiffs and the Defendants concerning the Plaintiff Ronald Morin's purported interest in Agency Security Compensation, DCIC or extended earnings.     **Objection.   The foregoing**

request is already within the possession of the defendant from other litigation between parties.

12.    All documents that support or evidence the allegations of paragraph 18 of the Complaint. **Attached.**

13.    All documents that evidence the Plaintiffs' payment on each of the loans from Nationwide Federal Credit Union. **Objection. Overly broad, time span is neither relevant or material; the dispute arose subsequent to termination and any such documents should be so limited. Hence, see attached documents.**

14.    All documents that evidence or relate to contracts or agreements between Ronald Morin and any Other Insurance Company. **Objection. Documents deemed confidential, proprietary, not relevant or material and not likely to assist in defense of this instant action.**

15.    All documents reflecting, evidencing, or relating to commission records or any other compensation, remuneration, or other payments of monies received by Ronald Morin directly or indirectly as consideration for transferring Nationwide's Policyholders to any Other Insurance Company. **Objection. Irrelevant, immaterial and not likely to assist in the defense of this instant action.**

16.    All Nationwide Policyholder files or copies of Nationwide Policyholders files that Ronald Morin retained after the date of your termination as a Nationwide agent. **Objection.**

**Irrelevant and immaterial.  Customer files are deemed confidential and proprietary and protected under state and federal law.**

17.     All documents retained by Ronald Morin that are in any way connected with his work as an independent contractor exclusive insurance agent for Nationwide including, but not limited to, any lists, databases, or other data compilations listing the names and/or addresses and/or phone numbers of Nationwide's Policyholders, correspondence files, billings, commission files, as well as any information retrieved, downloaded, copied or printed in any fashion from "AOA" (Agent's Office Automation) or "AOL" (Agent's Office Online).     **Objection. Irrelevant, immaterial and not likely to assist in defense of this instant action.  Further, said information is confidential, proprietary and protected under state and federal law.**

18.     All documents reflecting, evidencing, or relating to the termination of Ronald Morin's agency relationship with Nationwide.    **Objection.  Irrelevant, immaterial and not likely to assist in the defense of this instant action.  Further, already within the defendants' possession.**

19.     All documents reflecting, referring, evidencing, or relating to Ronald Morin's interest in, involvement in, or relationship with any Other Insurance Company during the year before and year after his agent relationship with Nationwide ended.  **Objection.  Irrelevant, immaterial and will not assist in the defense of this matter, but notwithstanding, none.**

20.     All Documents which refer to, relate to or memorialize any agreement between Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly

or severally, or between the Community Agency Network and Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally. **Objection. Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.**

21.    All Documents which refer to, relate to or memorialize any agreement between the Community Agency Network and any insurance carrier. **Objection. Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.**

22.    All Documents which refer to, relate to or memorialize any remuneration paid by any insurance carrier to the Community Agency Network or any participant in the Community Agency Network. **Objection. Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.**

23.    All Documents which refer to, relate to or memorialize any oral or written correspondence or communication between any of the following:  Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally. **Objection. Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.**

24.    All documents evidencing any damages you allege to have incurred as a result of each of the claims alleged in the Complaint. **Attached.**

25.    The Plaintiffs' state and federal tax returns for each tax year from the last year when Ronald Morin had any agent relationship with Nationwide to the present. **2000, 2001 and 2002 attached. As of this date. the 2003 and 2004 tax returns have not been filed.**

26.     All documents supplied by the Plaintiffs or on their behalf to any expert retained by them or on their behalf.  **Objection.  The foregoing request exceeds disclosure obligations but notwithstanding, none.**

27.     All documents prepared, generated or reviewed by any expert retained by the Plaintiffs.  **See response to request no.26.**

28.     All documents that the Plaintiffs will introduce as evidence at trial.  **Unknown at this time,  but will comply with pretrial orders.**

## INTERROGATORIES

1.     For the time period from the date of the termination of Ronald Morin's agent relationship with Nationwide until one year after, did Ronald Morin directly or indirectly engage in business activity as an agent, solicitor, representative or broker relating to the fire, casualty, health or life insurance business within a 25 mile radius of the business location he last maintained as an agent with Nationwide.

**RESPONSE TO INTERROGATORY 1**   Objection.  **The foregoing interrogatory seeks information that is irrelevant, immaterial and will not assist in the defense of this matter.  Further, already in the defendants' possession by virtue of other litigation between parties.**

2.    List with specificity all documents, materials, records and supplies furnished to Ronald Morin by Nationwide that he did not return to Nationwide within 10 days of the date when his agent relationship with Nationwide terminated and any and all reasons why he did not return such materials, records or supplies.

**RESPONSE TO INTERROGATORY 2     Objection.    The foregoing interrogatory seeks information that is irrelevant and immaterial, notwithstanding, none.**

3.    Identify each bonus Ronald Morin received from Nationwide during the five years preceding the termination of his relationship with Nationwide, including the amount of said bonuses and the dates they were paid.

**RESPONSE TO INTERROGATORY 3     Objection.    The foregoing interrogatory seeks information that is irrelevant, immaterial and will not assist in the defense of this action.    Further, the interrogatory seeks information that is already within the defendant's possession under the Producer Reports Program and by virtue of other litigation between parties.**

4.    For each of the three years preceding the date of the termination of Ronald Morin's relationship with Nationwide, specify whether he conducted any insurance business outside a 25 mile radius from his office.

**RESPONSE TO INTERROGATORY 4     Objection.   The foregoing interrogatory seeks information that is irrelevant, immaterial and will not assist in the defense of this matter.**

5.     Identify each instance that "the defendant Credit Union misappl[ied] payments to said loans," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such misapplication of payment.

**RESPONSE TO INTERROGATORY 5     See attached documents.**

6.     Identify each instance that "the defendant Credit Union improperly debit[ed] plaintiffs' accounts established for automatic payments," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such improper debiting.

**RESPONSE TO INTERROGATORY 6     See attached documents.**

7.     Identify each instance that "the defendant Credit Union fail[ed] to timely and adequately advise plaintiff in regard to the status of said loans" as that phrase is used in

paragraph 15 of the Complaint, including identification of the date of each such instance and the loan involved.

RESPONSE TO INTERROGATORY 7    **Repossession of Dodge Durango and write-off of snowmobile loan. See correspondence and complaints therein from plaintiffs.**

8.    Identify each instance that "the defendant Credit Union changed loan numbers to create confusion in regard to payments and accountings as well as automatic withdrawal for payments" as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan numbers or automatic payment information involved, and the nature of such conduct.

RESPONSE TO INTERROGATORY 8    **Loan Nos. 1 and 5, November 2000.**

9.    Identify each instance that "the defendant Credit Union made artificial demands, defaults and claims of financial charges based on such improper or wrongful application of funds," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such demand.

RESPONSE TO INTERROGATORY 9    **See attached correspondence and default notices.**

10.    Identify each instance that "the defendant Credit Union sent false reports to credit reporting agencies, including reflecting the plaintiff Denise M. Morin as a co-maker on one or more loans when she was never a co-maker on any said loans" as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the credit reporting agencies involved, the substance of the report involved, and the reason that the report is purported to be false.

RESPONSE TO INTERROGATORY 10    **See attached credit reports**.

11.    Identify each instance that "the defendant Credit Union generally created a paper morass to negatively impact plaintiffs' credit and maximize the retaliation for his departure" as that phrase is used in paragraph 15 of the Complaint, including identification of the timeframe and nature of such morass and the manner by which said morass negatively impacted the plaintiffs' credit.

RESPONSE TO INTERROGATORY 11    **See attached documentation.**

12.    Identify each libelous or slanderous statement that serves as a basis for the allegations in paragraph 19 of the Sixth Count of the Complaint.

RESPONSE TO INTERROGATORY 12    **Reports to credit reporting agencies. Frequency unknown; but believed monthly, to extent such reports showed delinquencies.**

13.    Describe each action you have taken to mitigate your damages, if any, including the nature of the action, the date when each such action was taken, and the identity of all parties involved in the action.

RESPONSE TO INTERROGATORY 13    **Objection. The foregoing presupposes such duty and requires to speculate what would be mitigating but notwithstanding, plaintiff attempted to secure replacement loans, secured a replacement vehicle, implemented a strategy to reduce expenses which included closing two sales offices and reducing staff. Further, the plaintiff liquidated personal assets to provide necessary cash flow.**

PLAINTIFF,

By _____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT  06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Juris No. 45674

## CERTIFICATION

This is to certify that on this 22nd day of April, 2005, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Deborah Freeman, Esq.
Michael D. Blanchard. Esq.
Bingham McCutchen LLP
One State Street
Hartford, Connecticut 06103
*Counsel for Defendants*

Richard P. Weinstein

WCLIENTS\MORIN\IPRSRESP\MGO

## VERIFICATION

This is to certify that I have read the foregoing Interrogatories and Request for Production of Documents and the responses thereto, and that the responses are true and accurate to the best of my knowledge and belief.

_Ronald P. Morin Sr._

Ronald P. Morin, Sr.

Subscribed and sworn to before me this ___21st___ day of April, 2005.

_Lori A Trahan_

Notary Public
My Commission Expires: 12/31/08