# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET. AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | JANUARY 20, 2005 |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' SUPPLEMENTAL**
**REQUESTS FOR PRODUCTION**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Nationwide Federal Credit Union ("NFCU"), hereby respectfully responds to the Plaintiffs' Supplemental Requests for Production dated December 1, 2004 directed solely to NFCU.

**General Objections to All Requests for Production:**

      1.    NFCU objects to the requests for production insofar as they seek to require the production of information (i) prepared for or in anticipation of litigation; (ii) that constitutes privileged attorney-client material; (iii) that constitutes attorney work product; or (iv) that is otherwise protected from disclosure. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information provided by NFCU.

      2.    NFCU objects to the requests for production insofar as they seek information which is confidential or proprietary to NFCU or involves trade secrets, as such information is privileged.

      3.    NFCU objects to the requests for production to the extent that they seek customer information the disclosure of which is prohibited by federal and/or state law, including but not limited to (i) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (ii) the Gramm-Leach-Bliley Financial Modernization Act, 15 U.S.C. § 6700 *et seq.*; (iii) the Health Insurance Portability & Accountability Act, 110 Stat. 1936; (iv) the Sarbanes-Oxley Act, 116 Stat. 745; and (v) the Connecticut Insurance & Information Privacy Protection Act, Conn. Gen. Stat. § 38a-975 *et seq.*

      3.    Copies of any and all indemnification agreement by and between NFCU and the Nationwide companies related to the issuance by NFCU of agency loans purportedly secured by agency security compensation benefits.

      **RESPONSE:**

      Please see the general objections which are incorporated herein. NFCU further objects on the ground that the term "Nationwide companies" is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. This response is made with respect to NFCU and Nationwide Mutual Insurance Company. NFCU further objects on the ground that this request is duplicative of numerous other requests propounded by the Plaintiffs in their first Requests for Production dated October 15, 2004, and accordingly, is unduly burdensome. NFCU further objects on the ground that the Request, as phrased, seeks every indemnification agreement of the described nature for every Nationwide agent, unlimited to time, and accordingly is both not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. NFCU further objects on the ground that the documents sought are confidential. Subject to and without waiving any of the foregoing objections, NFCU states that any such non-privileged, responsive documents located after diligent search will be produced upon the entry by the Court of a mutually agreeable confidentiality order. A draft confidentiality stipulation and order is provided herewith.

      4.    Any and all documents reflecting the manner in which NFCU maintains any purported claims against Morin on its financial books and records including any auditors notes in regard to Morin claims.

      **RESPONSE:**

      Please see the general objections which are incorporated herein. NFCU further objects on the ground that the phrase "reflecting the manner in which NFCU maintains any purported claims against Morin" and the terms "auditors notes" and "Morin claims" are vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. NFCU further objects on the ground that the documents sought, to the extent they exist, are confidential. Subject to and without waiving any of the foregoing objections, NFCU states that NFCU has written off the loans (excluding the Visa account) and accordingly these loans are not on the books on NFCU, and that there are no specific auditor comments concerning Morin.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET. AL | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | |

## STIPULATION AND ORDER FOR THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties and their Attorneys (the "party" or "parties") that:

1. All documents, including all Confidential Documents, as defined herein, produced by any party or nonparty in the above-captioned action (hereinafter referred to as the "Litigation") shall be used by the party receiving the documents only for the purposes of preparing for and conducting the Litigation.

2. "Confidential Documents" or "Confidential Information" as used herein means non-public documents and portions of deposition transcripts that are entitled to confidential treatment pursuant to applicable law and which any party or non-party designates as confidential. Such designation shall be made by stamping such documents as "Confidential" or by providing, within twenty (20) days of the date that Bates-numbered copies are first provided to opposing counsel, a list of the Bates numbers of those documents designated as "Confidential" (the