UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| | : | JUNE 20, 2005 |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO MODIFY SCHEDULING ORDER
AND ALLOW FOR DISCLOSURE OF EXPERT**

The defendants seek to paint a rather bleak picture in regard to the prospect of disclosing a doctor for a very limited purpose. The plaintiffs are lay people. They do not necessarily understand who constitutes an expert witness, let alone the need to necessarily have a particular expert involved in a case. The instant case is not primarily a personal injury case. The claim of nervousness, anxiety, and stress are related to the events concerning the credit disputes, loan disputes, and automobile repossession, etc., at issue in this case. As previously indicated, it was not until the depositions of the plaintiffs that it became apparent to the undersigned that the plaintiffs were

1

receiving medication for this nervousness and stress from their family doctor, hence, the desire to disclose the doctor for the limited purpose of having the doctor testify that he prescribed the medication, the purpose for which he prescribed the medication and the effect the medication is supposed to have on the patient. The doctor would also testify about when he first began to prescribe the medication. The plaintiffs can testify about their anxiety, nervousness, and stress as a result of what went on with the defendants. The doctor will merely provide some explanation in regard to the medication.

The disclosure does not need to create a lengthy delay in trial, but the defendants are clearly using that as an excuse to oppose the plaintiffs' request. But, the defendants' claims of undue delay are not realistic. The disclosure can be made expeditiously. Any deposition desired by the defendants can be conducted expeditiously. The medical records can be supplied expeditiously, and any independent medical exam can be handled expeditiously. Certainly, in terms of discovery, any additional issues concerning this matter can be resolved before the end of August. Since there remains the issue of the proper location for the deposition of the defendants' officer (Michael Weisenberger), which issue is pending before the Court by way

of the defendants' Motion for Protective Order, it is anticipated that the disclosure of the doctor-witness will not have any material impact on the ultimate trial date. In fact, in this regard, it is worth noting that the undersigned, with the exception of the month of October, is on trial through the end of the year and scheduled for two weeks of trial in January, 2006. Hence, any claim of delay is unrealistic in light of all of the facts and circumstances involved.

                PLAINTIFFS,

                By_____
                  Richard P. Weinstein, Esquire of
                  WEINSTEIN & WISSER, P.C.
                  29 South Main Street, Suite 207
                  West Hartford, CT  06107
                  Telephone No. (860) 561-2628
                  Facsimile No. (860) 521-6150
                  Federal Bar No. ct06215

## **CERTIFICATION**

  This is to certify that on the 20th day of June, 2005, a copy of the foregoing was served upon:

Michael D. Blanchard, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178


               _____
               Richard P. Weinstein