UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| | : | JULY 15, 2005 |
| Defendants. | : | |

**OBJECTION IN PART TO DEFENDANTS' MOTION TO COMPEL
INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS
AND MEMORANDUM**

Plaintiffs in the above-entitled matter partially object to Defendants' Motion to Compel Interrogatory Responses and Production of Documents (dated June 14, 2005). Not only do plaintiffs maintain that the defendants' motion is untimely, but the defendants' motion is an excuse to proceed on a fishing expedition. The nature and extent of the materials sought by the defendants is vast. It is very broad in scope and time, and would revert the case back to the most preliminary stage for discovery purposes. The right of civil discovery, while broad, is subject to limitation where the information or materials being sought is not relevant to the case or where compliance with

the request is unduly burdensome.  See Fed.R.Civ.P. 26(b)(1) (discovery may be sought only for information regarding a matter "that is relevant to the claim or defense of any party); Fed.R.Civ.P. 26(b)(2) (scope of discovery may be limited where the discovery sought is unreasonably cumulative or duplicative; where the party seeking discovery has already had ample opportunity to obtain the information sought; or where the burden or expense of the proposed discovery outweighs its likely benefit); see also Fed.R.Civ.P. 26(c) (court "may make any order which justice requires to protect a party or person from annoyance . . . oppression, or undue burden or expense . . .").  With these guiding legal principles in mind, the plaintiffs will now respond to the specifics of the defendants' motion to compel.

**I.**

In regard to Section I of the defendants' argument, namely, that **"The Plaintiffs Must Conform Their Interrogatory Responses to Rule 33(D)"**, plaintiffs will agree to provide a listing of documentation as requested in regard to answers to interrogatory nos. 5, 6, 7, 9 and 11.

**II.**

In regard to Section II of the defendants' argument, namely, that **"The Plaintiffs Must Produce Documents on Issues That Are Potentially Critical to This Case"**, plaintiffs' responses are as follows.

<u>Production Request No. 14:</u>  It is overly broad in terms of time.  Plaintiff would have no objection to producing documents within 6 months prior to plaintiff terminating his relationship with Nationwide dealing with the possibility of plaintiffs entering into agent relationships with those companies, but as phrased, the Production Request No. 14 has no time limitations and is so broad in nature that it could apply to every retail customer file of every customer for all the years plaintiff Ron Morin has been an insurance agent.

<u>Production Request No. 15:</u>  The plaintiff objects to Request No. 15 in that it is overly broad in scope, vague and ambiguous.  Plaintiff was not paid to move a customer to another company but would have earned commissions on insurance policies written by that company.

<u>Production Request No. 20:</u>  The request lacks any time frame.  Plaintiff has no objection to producing such documentation that may have been entered into between Ronald Morin and the individuals set forth in Request

3

No. 20 within 3 months prior to plaintiff's termination. While the plaintiff Ronald Morin has testified that his intention was not to compete with the defendants within the 25 mile radius, subsequent to defendants confiscating plaintiff's retirement benefits, he did so compete. Any documents subsequent to his admission of competing are irrelevant, immaterial and is not likely to lead to the discovery of any admissible evidence.

<u>Production Request No. 21</u>: Again the document request is overly broad in terms of time. Community Agency Network is not a party to the litigation, but the plaintiff would have no objection to producing any agreement by and between Ronald Morin and Community Agency Network for the period of time 3 months prior to plaintiff's termination through 3 months subsequent to his termination.

<u>As to Request No. 22</u>: The document request is overly broad in terms of time. The need for documentation from Community Agency Network, which is not a party to the litigation, is unclear and therefore of doubtful relevance. Nonetheless, the plaintiffs are prepared to produce any documentation which demonstrates any compensation received by plaintiff within the period of 3 months prior to termination through a period of 3 months subsequent to his termination.

4

As to Request No. 23: The document request is overly broad in terms of time. Plaintiffs will produce any agreement, assuming it is related to the plaintiff Ron Morin's relationship to those persons in the insurance business, within the period of 3 months prior to termination through a period of 3 months subsequent to his termination.

### III.

In regard to Section III of the defendants' argument, namely, that **"The Plaintiffs May Not Respond to Discovery Requests By Referring Defendants to Unspecified Information at issue In A Different Litigation –Especially Where The Documents Were Not Produced In The Other Litigation"**, plaintiffs' responses are as follows.

Interrogatory No. 1: The plaintiff Ronald Morin concedes that he has in fact competed with defendants after he received the notice that his retirement benefits were being confiscated, but as phrased the answer is "no."

Production Request No. 11. It is believed that the defendants already have possession of all of the documentation concerning plaintiff's interest in the agency security compensation, DCIC and extended earnings. Further, at least one such document was used during the deposition of plaintiff Ron Morin by defendants' attorney, which was the notice he received confiscating

such benefits. The language of the requested production is so broad and unlimited in time, it would require the plaintiff to comb back over years and years of records, which is just an attempt to harass the plaintiff and is immaterial, irrelevant, and will not lead to discoverable material in regard to the instant litigation. In addition, since the subject matter of the request is "communications and correspondence between the Plaintiffs and the Defendants," it would appear that such information is readily available to defendants.

Accordingly, the motion to compel need only be addressed in regard to the disputed issues and the plaintiffs will proceed to file supplemental responses consistent with their positions.

PLAINTIFFS,


By_____
　　Richard P. Weinstein, Esquire of
　　WEINSTEIN & WISSER, P.C.
　　29 South Main Street, Suite 207
　　West Hartford, CT  06107
　　Telephone No. (860) 561-2628
　　Facsimile No. (860) 521-6150
　　Federal Bar No. ct06215


**CERTIFICATION**

　　This is to certify that on this 15th day of July, 2005, a copy of the foregoing was served upon:

Michael D. Blanchard, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178



　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Richard P. Weinstein

WCLIENTS\MORIN\OBJ MOT COMPEL\TM