UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, ET AL, | : | |
| | : | |
| | : | JULY 28, 2005 |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO EXPUNGE DEFENDANTS' REPLY MEMORANDUM
OR, IN THE ALTERNATIVE, TO ACCEPT THIS MOTION AS A SUR-REPLY**

Pending before the Court is the defendants' Motion to Compel dated June 14, 2005, to which the plaintiffs have filed an opposing memorandum of law and to which the defendants have filed a Reply Memorandum (dated July 19, 2005). For the reasons that follow, portions of that Reply Memorandum should be stricken or expunged from the file by the Court or, in the alternative, the Court should accept this motion as a Sur-Reply in regard to said Motion to Compel.

In their Motion to Compel, the defendants seek a Court order compelling the plaintiffs to respond to certain interrogatories and production requests to which the plaintiffs have filed objections. In their memorandum of law in opposition to the Motion to Compel, the undersigned has set forth

the position of the plaintiffs in regard to the plaintiffs' objections to the scope of the discovery requests.  However, for the first time in their Reply Memorandum in regard to the Motion to Compel, the defendants have raised the issue of sanctions and have urged the Court to impose the same.  Yet, it is well settled that a court will not consider arguments that have been made for the first time in a reply brief.  See e.g., Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993); Wilburn v. Fleet Financial Group, 170 F.Supp.2d 219, 242 n. 67 (D. Conn. 2001).  Therefore, the Court should not consider the issue of sanctions, and the plaintiffs respectfully request that the Court strike the defendants' Reply Memorandum to the extent that it references or otherwise requests the imposition of sanctions.

  Furthermore, presumably to support their belated request for sanctions which are improperly raised for the first time in that Reply Memorandum, the defendants also make new allegations regarding the inability of counsel to resolve the discovery dispute without the intervention of the Court, which allegations are incorrect.  Contrary to the suggestion of the defendants, the undersigned states that he did call Attorney Blanchard on at least two, if not three, occasions regarding the interrogatories and production requests at issue in order to tell him that the parties could resolve much of the dispute

2

without the necessity of a motion to compel. Unfortunately, Attorney Blanchard was unavailable to take those calls. On at least one occasion when the undersigned requested that Attorney Blanchard return his phone call, the undersigned left a message stating that he believed that many, if not all, of the discovery issues could be resolved. Ultimately, the motion to compel was filed by the defendants without the attorneys having had an opportunity to fully discuss the matter and possibly narrow or resolve the existing areas of dispute.

Therefore, it is simply not the case that the undersigned did not offer to confer with opposing counsel regarding the discovery matter. After the undersigned filed the plaintiffs' compliance and objections to the discovery requests, the defendants did not raise any concern in regard to plaintiffs' compliance. In fact, the plaintiffs' responses were filed with the defendants prior to the taking of the plaintiffs' depositions. Yet, during said depositions, no reference was made to any purported inadequacies in discovery compliance notwithstanding that counsel for both parties were together for the entire day.

The undersigned acknowledges his belated memorandum in response to the Motion to Compel. However, the undersigned notes that the response was

delayed both because he had hoped that the issues could be resolved between counsel without the need for a response and because the absence of the paralegal and secretary responsible for this matter meant that the undersigned's responsive brief was not prepared as soon as anticipated and required. The undersigned certainly apologizes to the Court for any inconvenience caused by the delay.

Ultimately, as reflected in the plaintiffs' memorandum in response to the Motion to Compel, the undersigned believes, consistent with the plaintiffs' previously served objections, that the timeframe of the defendants' discovery requests is excessive. However, without waiving that previous objection, the plaintiffs have indicated a willingness to make disclosure pertinent to a more narrow timeframe. Also, the undersigned notes, as a result of the defendants' depositions of the plaintiffs and the claims of the plaintiffs that came to light as a result thereof, the defendants arguments regarding the need for production became more apparent, leading the undersigned to narrow and limit the scope of the plaintiffs' original objections to the discovery. At all times, the undersigned believes that he was acting consistent with his obligations to his client, to opposing counsel and to the Court with respect to narrowing and resolving discovery disputes where possible.

Finally, and without waiving the above claims that the request for attorneys fees is both procedurally improper and factually without basis, the undersigned believes that the amount of the attorneys fees that the defendants have requested as a monetary sanction, both in terms of the number of hours (15.7 hours) and in terms of the hourly rate ($408.40/hour), is unreasonable and excessive.

Accordingly, for all of the foregoing reasons, and in light of the facts set forth herein which are hereinafter verified under oath by the undersigned, the plaintiffs respectfully request that the portions of the defendants' Reply Memorandum pertaining to sanctions be stricken or otherwise expunged from the file by the Court or, in the alternative, that the Court accept this motion and the facts established herein as a Sur-Reply in regard to said Motion to Compel.

PLAINTIFFS,

By_____
    Richard P. Weinstein, Esquire of
    WEINSTEIN & WISSER, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107
    Telephone No. (860) 561-2628
    Facsimile No. (860) 521-6150
    Federal Bar No. ct06215

I hereby certify, under oath, that the foregoing facts are all true to the best of my knowledge and belief.

_____
Richard P. Weinstein

Sworn to and subscribed before me
this 28th day of July, 2005.


_____
Leslie M. Vosburgh
Notary Public
My commission expires:

## **CERTIFICATION**

This is to certify that on this 28th day of July, 2005, a copy of the foregoing was served upon:

Michael D. Blanchard, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178


_____
Richard P. Weinstein


WCLIENTS\MORIN\MOT TO EXPUNGE OR SUR-REPLY