UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**RONALD P. MORIN, SR., et. al.,**

   -Plaintiffs,

   v.                                No. 3:03CV277(CFD)(TPS)

**NATIONWIDE FEDERAL CREDIT UNION, et. al.,**

   -Defendants.


### RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendants, Nationwide Federal Credit Union, et. al. (collectively "NFCU"), move this court for a protective order with respect to the deposition of Michael Weisenburger by the plaintiffs, Ronald P. Morin, Sr., et. al. **(Dkt. # 49).** The plaintiffs seek to depose Mr. Weisenburger in West Hartford, Connecticut, whereas the defendants move for a protective order requiring any deposition of Mr. Weisenburger to be conducted in Columbus, Ohio. For the foregoing reasons, the defendants' Motion for Protective Order is **GRANTED.**

On May 4, 2005, the plaintiffs served a Re-Notice of Deposition to depose Michael Weisenburger, Vice President of Lending for NFCU, at the offices of plaintiffs' counsel in West Hartford, Connecticut on May 13, 2005. (Defs.' Mot. Prot. Order

Ex. A at 1). Counsel for the defendant had previously informed plaintiffs' counsel that "the deposition must take place in Ohio, NFCU's principal place of business" in a letter dated May 10, 2005. (Blanchard Aff., 5/17/05, Ex. A). NFCU filed the instant Motion for Protective Order on May 17, 2005.

Rule 26(c) requires that the movant establish "good cause" to obtain a protective order. Fed. R. Civ. P. 26(c). NFCU contends that "'good cause' is satisfied by the presumption that the deposition of an Ohio representative of an Ohio corporation should proceed in Ohio, not Connecticut." (Defs. Mem. Supp. Mot. at 2). The court agrees.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); see also Dagen v. CFC Group Holdings, Ltd., No. 00-CV5682, 2003 U.S. Dist. LEXIS 13859, at *6 (S.D.N.Y. Aug. 11, 2003). "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum*." Tailift USA, Inc. v. Tailift Co., Ltd., No. CIV.A.03-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004) (emphasis added) (citing Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993)). "*This presumption satisfies the Rule 26(c) requirement of good cause*." Id. (emphasis added) (citing Chris-Craft Indus. Prod., Inc. v.

Kuraray Co., Ltd., 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.")).

Generally, when the plaintiff seeks to depose the defendant at a location other than the defendant's place of business and the defendant objects, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the court to order the depositions to be held in an alternate location. See Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001) (citing Fed. Deposit Ins. Co. v. La Antillana, S.A., No. 88-CV2670, 1990 U.S. Dist. LEXIS 13246, at *3 (S.D.N.Y. Oct. 5, 1990)). In this case, the plaintiffs have failed to meet their burden of presenting evidence of "peculiar" circumstances in support of their re-noticing Mr. Weisenburger in Connecticut.

It appears that the plaintiffs wish to depose Mr. Weisenburger in Connecticut for valid but seemingly unremarkable reasons, including the "additional expense for the plaintiffs who are not in as good a position as the defendants to bear that expense[,]" and convenience to "[b]oth the plaintiffs' attorney and the defendants' attorneys who . . . are located in Connecticut." (Pl.'s Mem. Opp'n Mot. at 4-5). However, it is the plaintiff who is generally

required to "bear any reasonable burdens of inconvenience that the action represents." Fed. Deposit Ins. Co., 1990 U.S. Dist. LEXIS 13246, at *4. Moreover, "the convenience of counsel is less compelling than any hardship to the witnesses." Devlin v. Transp. Communications Int'l Union, No. 95-CV0742, 2000 U.S. Dist. LEXIS 264, at *11 (S.D.N.Y. Jan. 13, 2000). While travel for depositions is expected of litigators, Mr. Weisenburger states in his sworn affidavit that he travels on business "very infrequently", and "being required to travel to Connecticut to be deposed would result in disrupting [his] department, causing significant burdens and hardship to not only [him]self, but [his] staff as well . . . ." (Weisenburger Aff., 6/2/05, ¶¶ 8-9). While cognizant of the fact that travel to Ohio is both costly and time-consuming, the court finds that the plaintiffs have failed to describe any peculiar reasons why the depositions should not take place at the deponent's principal place of business.

For the foregoing reasons, the court holds that the defendants' Motion for Protective Order designating Columbus, Ohio as the location for Mr. Weisenburger's deposition is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 2nd day of August, 2005.

**THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE**