UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**RONALD P. MORIN, SR., et. al.,**

   **-Plaintiffs,**

   **v.**                                             **No. 3:03CV277(CFD)(TPS)**

**NATIONWIDE FEDERAL CREDIT UNION, et. al.,**

   **-Defendants.**

## RULING ON DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS

The plaintiffs, Ronald P. Morin, Sr., et. al., have brought this action against the defendants, Nationwide Federal Credit Union, et. al. (collectively "Nationwide"), alleging certain misconduct regarding the lending relationship between Mr. Morin and Nationwide which rendered Nationwide liable for breach of contract, breach of the covenant of good faith and fair dealing, conversion of Mr. Morin's motor vehicle, intentional infliction of emotional distress, slander and libel, violation of certain federal and state fair credit reporting and financial reporting statutes, and violation of Connecticut's Unfair Trade Practices Act ("CUTPA"). Pending before the court is the defendants' Motion to Compel Interrogatory Responses and Production of Documents from the

plaintiffs pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. **(Dkt. # 57).** For the foregoing reasons, the defendants' motion is **GRANTED IN PART AND DENIED IN PART.**

With the pending motion, Nationwide seeks to compel the plaintiffs to (i) conform their interrogatory responses to Rule 33(d) of the Federal Rules of Civil Procedure, (ii) produce documents pertaining to Mr. Morin's agreements with, and compensation from, insurance companies or businesses and individuals in the insurance business other than Nationwide, which Nationwide alleges are relevant to the claims, defenses, and counterclaims in this case, and (iii) produce documents and answer interrogatories pertaining to information which the plaintiffs claim is already in the defendants' possession.

**I.**

The defendants' Interrogatories Nos. 5-7, 9, and 11, and the plaintiffs' responses, are as follows:

> Interrogatory No. 5. Identify each instance that "the defendant Credit Union misappl[ied] payments to said loans," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such misapplication of payment.
>
> Response. See attached documents.[1]
>
> Interrogatory No. 6. Identify each instance that "the

---

[1] As the defendants point out below, the plaintiffs' responses to this set of interrogatories refer to voluminous documents covering numerous topics that the defendants claim are not readily identifiable.

-2-

defendant Credit Union improperly debit[ed] plaintiffs' accounts established for automatic payments," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such improper debiting.

Response.  See attached documents.

Interrogatory No. 7.  Identify each instance that "the defendant Credit Union fail[ed] to timely and adequately advise plaintiff in regard to the status of said loans" as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance and the loan involved.

Response.  Repossession of Dodge Durango and write-off of snowmobile loan.  See correspondence and complaints therein from plaintiffs.

Interrogatory No. 9.  Identify each instance that "the defendant Credit Union made artificial demands, defaults and claims of financial charges based on such improper or wrongful application of funds," as that phrase is used in paragraph 15 of the Complaint, including identification of the date of each such instance, the loan involved, the amount involved, and the nature of such demand.

Response.  See attached correspondence and default notices.

Interrogatory No. 11.  Identify each instance that "the defendant Credit Union generally created a paper morass to negatively impact plaintiffs' credit and maximize the retaliation for his departure" as that phrase is used in paragraph 15 of the Complaint, including identification of the timeframe and nature of such morass and the manner by which said morass negatively impacted the plaintiffs' credit.

Response.  See attached documentation.

(Defs.' Mem. Supp. Mot. Ex. A at 15-17).

Rule 33(d) of the Federal Rules of Civil Procedure states that "[a] specification shall be in sufficient detail to permit the

interrogating party to locate and to identify, *as readily as can the party served*, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d) (emphasis added). Nationwide claims that the plaintiffs' responses are inadequate

> in light of the fact that the documents that the Plaintiffs produced are voluminous in number, are not bates labeled, contain a range of categories of correspondence, records, notes, documentation on numerous topics, and in many instances are not readily identifiable (there are many pages of handwritten notes). Without any identification by the Plaintiffs as to which documents satisfy which interrogatories, the Defendants are unable to discern which documents contain the Plaintiffs' answers, and are left to speculate as to precisely what the Plaintiffs intend to provide as their answer under oath.

(Defs. Mem. Supp. Mot. at 3). The plaintiffs agree, as they stipulate in their reply brief that "plaintiffs will agree to provide a listing of documentation as requested in regard to answers to interrogatories nos. 5, 6, 7, 9 and 11." (Pls.' Obj. Mot. at 2). It is so ordered by the court.

## II.

The defendants' Document Requests Nos. 14, 15, and 20-23 seek information concerning Mr. Morin's business relationships with other insurance companies before and after his resignation from his agent relationship with Nationwide. These document requests and the plaintiffs' responses are as follows:

> Document Request No. 14. All documents that evidence or relate to contracts or agreements between Ronald Morin and any Other Insurance Company.
>
> Response. Objection. Documents deemed confidential,

proprietary, not relevant or material and not likely to assist in defense of this instant action.

<u>Document Request No. 15</u>.  All documents reflecting, evidencing, or relating to commission records or any other compensation, remuneration, or other payments of monies received by Ronald Morin directly or indirectly as consideration for transferring Nationwide's Policyholders to any Other Insurance Company.

<u>Response</u>.  Objection.  Irrelevant, immaterial and not likely to assist in the defense of this instant action.

<u>Document Request No. 20</u>.  All Documents which refer to, relate to or memorialize any agreement between Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally, or between the Community Agency Network and Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally.

<u>Response</u>.  Objection.  Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.

<u>Document Request No. 21</u>.  All Documents which refer to, relate to or memorialize any agreement between the Community Agency Network and any insurance carrier.

<u>Response</u>.  Objection.  Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.

<u>Document Request No. 22</u>.  All Documents which refer to, relate to or memorialize any remuneration paid by any insurance carrier to the Community Agency Network or any participant in the Community Agency Network.

<u>Response</u>.  Objection.  Irrelevant, immaterial and proprietary and will not assist in the defense of this matter.

<u>Document Request No. 23</u>.  All Documents which refer to, relate to or memorialize any oral or written correspondence or communication between any of the following: Bonnie Johnson, Diane Deming, Edward McMahon, Robert Bardin and/or Ronald Morin, jointly or severally.

>    <u>Response</u>.    Objection.    Irrelevant, immaterial and
>    proprietary and will not assist in the defense of this
>    matter.

(Defs.' Mem. Supp. Mot. Ex. A at 10-12).

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that

>    [p]arties may obtain discovery regarding any matter, not
>    privileged, that is relevant to the claim or defense of
>    any party, including the existence, description, nature,
>    custody, condition, and location of any books, documents,
>    or other tangible things and the identity and location of
>    persons having knowledge of any discoverable matter. For
>    good cause, the court may order discovery of any matter
>    relevant to the subject matter involved in the action.
>    Relevant information need not be admissible at the trial
>    if the discovery appears reasonably calculated to lead to
>    the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Nationwide contends that these document requests are in fact relevant because Mr. Morin claims he did not intend to compete with Nationwide upon the termination of his agent relationship, is consequently not in default on his insurance business loans with Nationwide, and is therefore entitled to "deferred compensation incentive credits" ("DCIC"), a contingent, post-employment benefit to which he is entitled absent an election to, among other things, compete with Nationwide within a twenty-five mile radius of his office and within one year following the termination of his agent relationship. (Defs.' Mem. Supp. Mot. at 6). In the absence of any argument to the contrary by the plaintiffs in their reply briefs, the court agrees and finds that the documents the

-6-

defendants seek are, at the very least, reasonably calculated to lead to the discovery of admissible evidence.

With respect to the plaintiffs' objection to these document requests on the grounds that the information sought is confidential and proprietary, the defendants counter that, assuming *arguendo* the information is indeed confidential, production is not precluded altogether, but rather, may proceed "pursuant to a protective order or stipulation for the exchange of confidential documents." (Id. at 7). Again, in the absence of any argument by the plaintiffs in their reply briefs addressing confidentiality, and more specifically, why such an order is inadequate, the court agrees and finds that the parties' failure to agree on issues of confidentiality and take steps towards the entry of such an order cannot be used by the plaintiffs as a shield from producing relevant evidence.[2]

---

[2] Counsel for the defendants claim to have "proffered a draft stipulation for the exchange of confidential documents to the Plaintiffs several months ago[,]" to which "[t]he Plaintiffs have never responded." (Defs.' Mem. Supp. Mot. at 7; see also Blanchard Aff., 6/14/05, Ex. A). Attorney Weinstein, however, states in his brief that

> [c]ontrary to the suggestion of the defendants, the undersigned states that he did call Attorney Blanchard on at least two, if not three, occasions regarding the interrogatories and production requests at issue in order to tell him that the parties could resolve much of the dispute without the necessity of a motion to compel. Unfortunately, Attorney Blanchard was unavailable to take those calls. On at least one occasion when the undersigned requested that Attorney Blanchard return his phone call, the undersigned left a message stating that he believed many, if not all, of the discovery issues could be resolved. Ultimately, the motion to compel was

The plaintiffs do not appear to take issue with Nationwide's arguments in their reply briefs, choosing instead to argue for the first time that Document Request Nos. 14 and 20-23 are "overly broad in terms of time" and that Document Request No. 15 is "overly broad in scope, vague and ambiguous." (Pls.' Obj. Mot. at 3-5). But as this court has held, a party "is not free to raise in its brief--almost as an afterthought--entirely new objections which it did not assert earlier." Kimbro v. I.C. System, Inc., No. 01-CV1676, 2002 U.S. Dist. LEXIS 14599, at *3 (D. Conn. July 22, 2002). Instead, "a party which fails to object to a discovery request waives any objections it otherwise might have made." Id.

In any event, had such objections not been waived, the court is unpersuaded by the plaintiffs' counterproposal to limit production of some of these documents to the time period from three months prior to three months after Mr. Morin's resignation, or for Document Request No. 14, six months prior to his resignation. (Pls.' Obj. Mot. at 3-5). Mr. Morin may be in breach of his contractual obligations if he competed with Nationwide at any time prior to his resignation, and any such competition may have affected certain potential payments which he pledged as security for his loans for that time period through one year following his resignation. (See Defs. Reply Mem. at 5). Accordingly, the

---

filed by the defendants without the attorneys having had an opportunity to fully discuss the matter and possibly narrow or resolve the existing areas of dispute.

(Pls.' Sur-Reply at 2-3).

defendants' motion to compel Document Requests Nos. 14, 15, and 20-23 is granted.

### III.

The defendants' Interrogatory No. 1 and Document Request No. 11, and the plaintiffs' responses, are as follows:

> Interrogatory No. 1. For the time period from the date of the termination of Ronald Morin's agent relationship with Nationwide until one year after, did Ronald Morin directly or indirectly engage in business activity as an agent, solicitor, representative or broker relating to the fire, casualty, health or life insurance business within a 25 mile radius of the business location he last maintained as an agent with Nationwide.
>
> Response. Objection. The foregoing interrogatory seeks information that is irrelevant, immaterial and will not assist in the defense of this matter. Further, already in the defendants' possession by virtue of other litigation between the parties.
>
> Document Request No. 11. All documents that evidence communications and correspondence between the Plaintiffs and the Defendants concerning the Plaintiff Ronald Morin's purported interest in Agency Security Compensation, DCIC or extended earnings.
>
> Response. Objection. The foregoing request is already within the possession of the defendant from other litigation between the parties.

(Defs.' Mem. Supp. Mot. Ex. A at 10, 13).

The defendants state that

> [t]here is pending in the United States District Court for the District of Connecticut litigation between the Plaintiff Mr. Morin and Nationwide Mutual Ins. Co., et al. However, to the best knowledge of the undersigned, Mr. Morin has produced no documents, nor answered interrogatories in that litigation. Even if he had, there is no procedural mechanism by which the Plaintiffs in one litigation may shift their discovery obligations to the Defendants by telling them to go seek discovery produced in another litigation, and such tactic is particularly infirm in light of the obligations imposed

>by Rule 33(d) . . . . The Plaintiffs cannot satisfy their discovery obligations in this case by referring to documents involved in a different case, especially where Mr. Morin provided no documents or interrogatory responses therein.

(Defs.' Mem. Supp. Mot. at 8-9) (internal citations omitted).

The plaintiffs' reply brief makes no mention of relevancy, and instead attempts to answer Interrogatory No. 1 by stating that "[t]he plaintiff Ronald Morin concedes that he has in fact competed with defendants after he received the notice that his retirement benefits were being confiscated, but as phrased the answer is 'no.'" (Pls.' Obj. Mot. at 5). Rule 33(b) of the Federal Rules of Civil Procedure, however, provides in pertinent part that

>(1) Each interrogatory shall be answered separately and fully in writing *under oath*, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
>(2) The answers are to be signed *by the person making them*, and the objections signed by the attorney making them.

Fed. R. Civ. P. 33(b)(1) & (2) (emphasis added). To the extent the plaintiffs' reply in their memorandum is an answer to Nationwide's Interrogatory No. 1, such an answer is deficient in that it is not made under oath and is not signed by the person making it, i.e., Ronald Morin. Mr. Morin is hereby ordered to properly answer Interrogatory No. 1 in accordance with the Federal Rules of Civil Procedure.

With respect to the defendants' Document Request No. 11, the plaintiffs respond that "since the subject matter of the request is

'communications and correspondence between the Plaintiffs and the Defendants,' it would appear that such information is readily available to defendants." (Pls.' Obj. Mot. at 5-6). The court agrees, and the defendants' motion to compel Document Request No. 11 is denied.

At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. See Fed. R. Civ. P. 37(a); see also Local R. Civ. P. 37(a)(4).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 10th day of August, 2005.**

_____
**THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE**