**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | August 17, 2005 |

**DEFENDANTS' OPPOSITION MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFFS" MOTION TO EXPUNGE**

      Defendants Nationwide Federal Credit Union, et al. (collectively "NFCU"), hereby respectfully submit this Opposition to the Plaintiffs' Motion To Expunge, Dated July 28, 2005 ("Pl. Mot." or "Plaintiffs' Motion"). Plaintiffs seek to strike NFCU's reply memorandum dated July 19, 2005 ("Reply") in support of NFCU's motion to compel insofar as the Reply suggested that sanctions were appropriate for Plaintiffs' failure to comply with NFCU's discovery requests or assert a good faith basis for not complying. Plaintiffs' Motion rests on a demonstrably incorrect factual assertion and should be denied in all respects.

**Plaintiffs' Counsel *Never* Attempted To Contact**
**NFCU's Counsel *Prior* To Filing The Motion To Compel**

      In the Plaintiffs' Motion, Plaintiffs' counsel (incorrectly) claims that the undersigned made "new allegations regarding the inability of counsel to resolve the discovery dispute without intervention by the Court, which allegations are incorrect." Pl. Mot. at 2. Plaintiffs' counsel

CTDOCS/1636089.1

then (incorrectly) asserts that he did in fact attempt to resolve the discovery issues that are the subject of NFCU's motion to compel. Plaintiffs' counsel then argues in a manner that conveys a patently incorrect factual impression:

> Ultimately, the motion to compel was filed by the defendants without the attorneys having had an opportunity to fully discuss the matter and possibly narrow or resolve the existing areas of dispute.

Pl. Mot. at 3.

First, there are no "new allegations" in the Plaintiffs' reply papers. The failure of Plaintiffs' counsel to respond to the undersigned's written requests to resolve issues is stated in the undersigned's affidavit, filed *with* NFCU's motion to compel as required by the Rules.[1] That affidavit is true in all respects.

Second, while the undersigned did receive Plaintiffs' counsel's two phone messages referred to in Plaintiffs' Motion -- those messages were left only *weeks after* the motion to compel was filed, and in any event, did not reference the outstanding motion to compel. The above-quoted statement by Plaintiffs -- that the motion to compel was filed before there was an

---

[1] *See* L.R. 37(a)(2) Blanchard Affidavit, June 14, 2005 ("I have engaged in written communications with Plaintiff's counsel in a good faith effort to resolve the parties' discovery dispute without Court intervention. In particular, on June 7, 2005, I wrote to Plaintiffs' counsel detailing the deficiencies in the Plaintiffs' interrogatory responses and document production, and requesting that Plaintiffs' counsel respond by June 10, 2005. As of this date [June 14, 2005], the Plaintiffs have not responded."); *see also* L.R. 37(a)(2) (requiring affidavit of counsel stating that good faith effort was made to resolve discovery disputes).

2

opportunity to narrow or resolve the areas of dispute -- is simply wrong, as stated in the Blanchard L.R. 37(a)(2) affidavit.[2]

The purpose of this Court's Local Rule 37(a)(2) is obviously to require an attempt at resolution *before* a motion to compel is filed -- thus relieving the moving party from the expense and time in drafting and filing a motion, and lifting an unnecessary burden on the Court's docket. Plaintiffs' counsel's vague attempts[3] to resolve the discovery dispute *after* the motion to compel was already filed did not comply with the intent of the Local Rule, and is further reason why this Court should award sanctions.

**NFCU's Request For Sanctions Is In Accord With Rule 37 -- And**
**Was Raised As Soon As It Became Evident That Sanctions Were Appropriate**

Federal Rule 37 and Local Rule 37 state no time requirement for requesting sanctions in connection with a failure to comply with discovery obligations. Indeed, Federal Rule 37(a)(4)(A) contemplates that questions of sanctions be decided *after* a motion to compel is decided. *Id*. (Court shall order sanctions after motion is decided). NFCU's request in its Reply

---

[2] Moreover, Plaintiffs' counsels' belated calls were each returned by the undersigned, and not returned by Plaintiffs' counsel thereafter.

[3] Plaintiffs' counsel's belated messages were far from clear regarding the intended subject of discussion. The first message (about a week after the motion to compel was filed) simply identified the caller and requested a return phone call (which call was returned). The second call (about one more week later) said little more, indicating that "some areas of dispute could be resolved," though not referencing the motion to compel or otherwise indicating what dispute was being referenced (and which call was returned). At the time, the parties had several disputes before the Court, including a motion for protective order and disputes about the Plaintiffs' desire to identify an expert witness after the deadline.

merely gives notice to the Court of the grounds for sanctions as are apparent on the record and in accord with the rule.

In any event, at the time that the undersigned filed the initial motion to compel, there was no basis to request sanctions: NFCU had served discovery and the Plaintiffs had objected, as is their prerogative. Discovery disputes happen, and the undersigned does not view *good faith* objections as grounds for requesting sanctions.

However, upon receipt of the Plaintiffs' opposition to the motion to compel, the propriety of sanctions became painfully apparent. Only then did it become clear that the Plaintiffs in fact *abandoned* their original (meritless) objections and *agreed to produce* documents and information in response to the discovery requests. That the Plaintiffs' previously stated "position [was] not warranted under existing law and [could not] be supported by good faith argument" (Local Rule 37(a)(4)) -- which was only made apparent only after receipt of the "opposition" -- serves as an appropriate basis for shifting the costs associated with the motion.[4]

---

Counsel for NFCU did not, and could not be expected to, discern the intended subject matter of the call without Plaintiffs' counsel explicitly describing it.

[4] In fact, under Federal Rule 37, if this Court grants NFCU's motion to compel, the Court "*shall* . . . require [Plaintiffs] to pay to [NFCU] the reasonable expenses incurred in making such motion . . . ." No motion by NFCU is *per se* even required. The only grounds obviating sanctions under Federal Rule 37 are (i) the motion to compel was filed without a good faith effort at resolution (not applicable here, *see* L.R. 37(a)(2) Blanchard Affidavit); (ii) the Plaintiffs' noncompliance was "substantially justified" (not applicable here, see Opposition to Motion to Compel, abandoning objections and agreeing to comply) or (iii) "other circumstances" making an award unjust (none have been offered to date).

4

## **CONCLUSION**

For the foregoing reasons, NFCU respectfully submits that the Plaintiffs' Motion To Expunge be denied in all respects.

 

**THE DEFENDANTS,**
**NATIONWIDE FEDERAL CREDIT UNION, ET AL**


By: /s/ Michael D. Blanchard
Deborah S. Freeman (ct05257)
Michael D. Blanchard (ct25891)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT  06103-3178
(860) 240-2700
(860) 240-2818 (fax)
Their Attorneys
deborah.freeman@bingham.com
michael.blanchard@bingham.com

## **CERTIFICATION**

      This is to certify that on this 17th day of August, 2005, a copy of the foregoing was sent via U.S. Mail, postage prepaid, to:

Richard P. Weinstein, Esq.
Weinstein & Wisser P.C.
29 South Main Street - Suite 207
West Hartford, CT  06107

                                         /s/ Michael D. Blanchard_____
                                         Michael D. Blanchard