UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD P. MORIN, SR., ET AL.,<br>    Plaintiffs, | :<br>:<br>: | CIVIL ACTION NO.<br><br>3:03 CV 277 (CFD) |
| v. | : | |
| NATIONWIDE FEDERAL CREDIT UNION,<br>ET AL.,<br>    Defendants. | :<br>:<br>:<br>: | <br><br>DECEMBER 15, 2006 |

## JOINT STATUS REPORT

Pursuant to this Court's December 7, 2006 Order, the parties submit this Joint Status Report. In short, the parties are currently awaiting this Court's ruling on Plaintiffs' request to be permitted to disclose an expert after the March 29, 2004 deadline (see Docket 55 and Defendants' opposition, Docket 56). If the Court allows disclosure of the expert, Defendants request that they be permitted discovery of the expert in accord with the Federal Rules of Civil Procedure, which will require additional time as set forth in Docket No. 56. If the Court does not permit the disclosure of the expert, the Defendants are prepared to brief summary judgment.

### Pertinent Procedural History

Pursuant to this Court's Order dated April 22, 2005, the parties originally had until May 31, 2005 to complete discovery and until July 1, 2005 to file dispositive motions and a joint trial memorandum. On June 6, 2005 the plaintiffs moved (Docket 55) to modify the pre-trial scheduling order to provide that the filing of a joint trial memorandum occur 30 days after the

close of discovery, and that the discovery deadline be extended until some undetermined date after the Court ruled on the Defendants' then-pending motion for protective order. In the same motion for extension of time, the Plaintiffs sought to be permitted to disclose an expert after the expert disclosure deadline, which had passed 14 months before. See March 31, 2003 Form 26(f) Report, ¶ 7 (Plaintiffs will identify experts by March 29, 2004). Defendants opposed the disclosure of the expert only, and requested that, in the event that Plaintiffs' motion was granted, that Defendants be permitted discovery concerning the expert in accord with the Federal Rules of Civil Procedure. See Docket 56.

On June 22, 2005 the Court "granted absent objection" the Plaintiffs' request that the deadline for filing the pre-trial memorandum and dispositive motions be extended until 30 days following the close of discovery, without setting a date for the close of discovery (presumably because at that time a motion for protective order was still pending effecting the discovery schedule).

The Court, however, did not rule on Plaintiff's motion for late disclosure of an expert, to which Defendants did object. To this date, the Court has not ruled on that motion.

Accordingly, the parties request that this Honorable Court Rule on Plaintiffs' request to disclose expert (Docket 55) and Defendants' opposition and request for time to complete expert discovery in the event the Court grants the motion (Docket 56). If the Plaintiffs are permitted to disclose the expert, the parties propose that Defendants be entitled to expert discovery, followed by deadlines for dispositive motions and, if necessary, trial readiness.

| THE DEFENDANTS,<br>NATIONWIDE FEDERAL<br>CREDIT UNION, ET AL | THE PLAINTIFFS,<br>RONALD & DENISE MORIN |
|---|---|
| By: *[signature]*<br>Deborah S. Freeman (ct05257)<br>Michael D. Blanchard (ct25891)<br>BINGHAM McCUTCHEN LLP<br>One State Street<br>Hartford, CT 06103-3178<br>(860) 240-2700<br>(860) 240-2818 (fax)<br>Their Attorneys<br>deborah.freeman@bingham.com<br>michael.blanchard@bingham.com | By: *[signature]*<br>Richard P. Weinstein, Esq.<br>Weinstein & Wisser P.C.<br>29 South Main St. - Suite 207<br>West Hartford, CT 06107<br>(860) 561-2628<br>(860) 521-6150<br>Their Attorney<br>attyrpweinstein@dtg.net |