UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | APRIL 11, 2007 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

In an abundance of caution, Defendants Nationwide Federal Credit Union, et al. (collectively "Defendants") move for leave to amend their Answer, Affirmative Defenses and Counterclaim, dated November 15, 2004 ("Answer"), in order to assert the additional affirmative defenses (1) that Plaintiffs' claims for violations of federal consumer credit statutes are time barred by the limitations periods provided by those statutes,[1] and (2) that Plaintiffs' state law claims premised on the furnishing of information to credit reporting agencies are expressly

---

[1] It is not settled as to whether limitations periods that are an integral part of a statute creating a cause of action is a substantive element of a plaintiff's claim or a matter to be raised as an affirmative defense. See, e.g., Fishman v. Delta Air Lines, Inc., 132 F.3d 138 (2d Cir. 1998) ("Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute."); Savings Bank of Rockville v. Wieglos, No. CV970065409, 2001 WL 835411, at *2 (Conn. Super. Ct. June 27, 2001) ("Since the TILA provides for statutory rights and remedies, the statute of limitations applicable to the Act is jurisdictional."). Thus, in an abundance of caution, Defendants seek to amend their Answer to include these limitations periods as an affirmative defense.

preempted by federal law, including, *inter alia*, section 1681t(b)(1)(F) and section 1681h(e) of the FCRA.[2]

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that absent undue delay, bad faith or dilatory motive leave to amend should be granted); Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003) (interpreting Rule 15(a) in favor or allowing amendment absent a showing of bad faith or undue prejudice and construing defendants' motion for summary judgment as a motion to amend their answer to assert a qualified immunity defense); Royal Ins. Co. of America v. DHL Worldwide Exp., No. 99-7951, 2000 WL 232766, *1 (2d Cir. Feb. 28, 2000) (explaining that a court should freely grant leave to amend under Rule 15(a) when "justice so requires" and holding that district court properly exercised discretion in allowing defendant to raise a defense for the first time at the summary judgment stage).[3] Moreover, "[m]ere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

---

[2] It appears that courts vary in their interpretation of whether federal preemption is an affirmative defense contemplated under Fed. R. Civ. P. 8(c). Compare Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) (explaining that ERISA preemption defense should be raised as an affirmative defense) with Ultra-Precision Mfg., Ltd. v. Ford Motor Co., 411 F.3d 1369, 1376 -1377 (Fed. Cir. 2005) ("preemption defense [is] not waived if raised anytime before the pretrial order, even if not pled as an affirmative defense"); see also Fitzgerald v. Mallinckrodt, Inc., 681 F. Supp. 404, 405, n. 1 (E.D. Mich. 1987) ("the Court is not convinced preemption qualifies as an affirmative defense"). Thus, in an abundance of caution, Defendants seek to amend their Answer to include federal preemption as an affirmative defense.

2

Here, justice requires that Defendants be given leave to amend its Answer to assert these legal defenses. The addition of these affirmative defenses will not prejudice Plaintiffs as they have had notice of them in the context of Defendants' Motion to Dismiss (see Memorandum of Law in Support of Defendants' Motion to Dismiss, dated March 28, 2003, pp. 18 n. 10, 22-23) and, in fact, opposed at least one such argument at that time. See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated May 27, 2003, at 22. Moreover, because there is no need for further discovery regarding these purely legal affirmative defenses that only require the interpretation and application of limitation period and preemption clauses of federal statutes, Plaintiffs will suffer no prejudice from the Court's allowance of this Motion. See, e.g., C.B.C. Distribution and Marketing Inc. v. Major League Baseball Advanced Media, L.P., No. 4:05CV252MLM, 2006 WL 1522988, at *1 (E.D. Mo. May 30, 2006) (allowing motion to amend answer to assert affirmative defense of federal preemption under copyright law and explaining that "the issue of copyright is primarily a legal issue and would not necessitate further fact discovery…[t]hus, there is no prejudice…."); Northeast Jet Center, Ltd. v. Lehigh-Northampton Airport Authority, No. CIV. A. 90-CV-1262, 1997 WL 230821, at *4 (E.D. Pa. May 5, 1997) (allowing motion to amend answer to assert *res judicata* affirmative defense and explaining that "the fact that discovery is closed does not greatly prejudice Plaintiff, because the amendment that Defendants seek to make presents only a legal question for which all of the relevant facts are already before the court").

---

[3]    Copies of unreported cases are attached hereto as Exhibit A.

For all of the reasons stated above, Defendants respectfully request that the Court grant this Motion to Amend.

**DEFENDANTS NATIONWIDE FEDERAL CREDIT UNION, ET AL**

By: /s/ Michael D. Blanchard
   Deborah S. Freeman (ct05257)
   Michael D. Blanchard (ct25891)
   BINGHAM McCUTCHEN LLP
   One State Street
   Hartford, CT  06103-3178
   (860) 240-2700
   (860) 240-2818 (fax)
   Their Attorneys
   deborah.freeman@bingham.com
   michael.blanchard@bingham.com

**CERTIFICATION**

I hereby certify that on this 11th day of April, 2007, a copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail to:

Richard P. Weinstein, Esq.
Nathan A. Schatz, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Ste. 207
West Hartford, CT 06107
*Counsel for Plaintiff*

                          /s/ Michael D. Blanchard
                            Michael D. Blanchard