## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | APRIL 11, 2007 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedures, Defendants Nationwide Federal Credit Union ("NFCU") and Nationwide Mutual Insurance Company and its affiliates (collectively "Nationwide") hereby move for the entry of summary judgment in their favor upon the claims asserted against them by Plaintiffs Robert P. Morin and Denise M. Morin. The reason for this Motion is that there exists no genuine dispute over any fact material to the Plaintiffs' claims and, based on those undisputed facts, Defendants are entitled to judgment as a matter of law on those claims.

More specifically, Plaintiffs now assert twelve claims against Defendants as set forth in Counts 1 through 12 of their Complaint, dated January 24, 2003 (the "Complaint"). All of Plaintiffs' claims are predicated, *inter alia*, upon Mr. Morin's loan relationship with NFCU. As more fully demonstrated by Defendants' Local Rule 56(a)(1) Statement and its accompanying affidavits and exhibits, and Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment, both filed herewith, summary judgment should enter in favor of Defendants on the following counts for the following reasons:

1.      Mr. Morin cannot sustain his claims against NFCU for breach of the parties' loan contract (Count 1) or for breach of the covenant of good faith and fair dealing arising thereunder (Count 2) because there is no genuine dispute that Mr. Morin did not satisfy his loan obligations to NFCU.  Mr. Morin's claims against NFCU for conversion (Count 3), violation of Conn. Gen. Stat. § 42a-9-503 (2000) (Count 9) and also, to the extent asserted, for statutory theft under Conn. Gen. Stat. § 52-564 (Prayer for Relief, ¶ 4) upon NFCU's repossession of a certain motor vehicle (the "Durango") fail as a matter of law because of Mr. Morin's undisputed default in his loan obligations to NFCU and the fact that the Durango secured those loans.

2.      The claims against NFCU under Connecticut state statutory and common law for, *inter alia*, wrongful furnishing of information to consumer reporting agencies—Count 4 for intentional infliction of emotional distress, Count 5 for invasion of privacy, Count 6 for libel or slander, Count 8 for violation of Connecticut's Creditors' Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*, and Count 12 for violation of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110b, *et seq.*—are all preempted by the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, *et seq.*, particularly § 1681t(b)(1) thereof.[1]

---

[1] Plaintiffs have failed to allege sufficient facts to discern the precise bases for their numerous claims, but the claims appear to be potentially subject to statute of limitations and preemption.  Defendants have accordingly raised federal statutes of limitations and federal preemption as legal bars to several of the Plaintiffs' claims herein.  As it is unsettled as to whether express statutory clauses providing for limitations periods and preemption of state law are jurisdictional or rather should be raised as affirmative defenses, (see, e.g., Fishman v. Delta Air Lines, Inc., 132 F.3d 138 (2d Cir. 1998) ("Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute."); Ultra-

3.      Count 4 alleging intentional infliction of emotional distress fails on the additional ground (among others) that no outrageous behavior by NFCU is alleged or proved.

4.      Count 5 for invasion of privacy also fails on its merits because the alleged communications complained of were without publicity, were not "highly offensive" to a reasonable person and, also, were a matter of legitimate public concern.

5.      Count 6 for libel or slander fails because the alleged statements complained of were true and/or resulted in no damage.

6.      Count 7 alleging violation of § 36a-41(2) fails on the additional ground that the communication(s) complained of do not constitute a "financial record' within the purview of the statute and, also, were within NFCU's ordinary course of business and, thus, permissible under the statute.

7.      With respect to Count 8, Courts have repeatedly held that there is no private right of action under the CCPA and, even if there were, Plaintiffs have failed to allege any facts supporting a claim under the CCPA.

8.      Judgment in favor of NFCU on Mr. Morin's FRCA claim in Count 11—*inter alia,* that NFCU repossessed the Durango based on information provided to it by Nationwide not

---

Precision Mfg., Ltd. v. Ford Motor Co., 411 F.3d 1369, 1376 -1377 (Fed. Cir. 2005) ("preemption defense [is] not waived if raised anytime before the pretrial order, even if not pled as an affirmative defense"); see also Fitzgerald v. Mallinckrodt, Inc., 681 F. Supp. 404, 405, n. 1 (E.D. Mich. 1987) ("the Court is not convinced preemption qualifies as an affirmative defense"); Savings Bank of Rockville v. Wieglos, No. CV970065409, 2001 WL 835411, at *2 (Conn. Super. Ct. June 27, 2001) ("Since the TILA provides for statutory rights and remedies, the statute of limitations applicable to the Act is jurisdictional")) in an abundance of caution, Defendants have filed concurrently with this Motion a Motion to Amend their Answer to add federal preemption and statutes of limitations as affirmative defenses.

disclosed to Mr. Morin—is warranted on a number of grounds. The undisputed facts prove (1) NFCU repossessed the Durango because of Mr. Morin's monetary defaults and not upon any information provided to it by Nationwide; (2) at all relevant times, Mr. Morin knew, because NFCU told him, of the information disclosed by Nationwide to NFCU, i.e. that he resigned from Nationwide and elected to forego post-termination ASC payments by Nationwide securing his loans; and (3) Mr. Morin's FRCA claims are time-barred.[2]

9. Plaintiffs' CUTPA Count 12 fails with the Counts upon which it is predicated.

WHEREFORE, for each and all these reasons, summary judgment should enter in favor of Defendants on each Count of Plaintiffs' Complaint.

**DEFENDANTS NATIONWIDE FEDERAL CREDIT UNION, ET AL**

By: /s/ Michael D. Blanchard
Deborah S. Freeman (ct05257)
Michael D. Blanchard (ct25891)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103-3178
(860) 240-2700
(860) 240-2818 (fax)
Their Attorneys
deborah.freeman@bingham.com
michael.blanchard@bingham.com

---

[2] See supra note 1.

CTDOCS/1687095.2

# **CERTIFICATION**

I hereby certify that on this 11th day of April, 2007, a copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail to:

Richard P. Weinstein, Esq.
Nathan A. Schatz, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Ste. 207
West Hartford, CT 06107
*Counsel for Plaintiff*

                            /s/ Michael D. Blanchard
                            Michael D. Blanchard