UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | May 9, 2007 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

A legion of Second Circuit case law holds that it is proper to grant leave to amend to assert affirmative defenses, through summary judgment and far beyond, when there is no undue prejudice to the plaintiffs, bad faith or dilatory motive.[1] While Plaintiffs pay lip service to the prejudice requirement by relying on what they "urged above" as grounds for denial (Opp. at 9), their opposition presents not even a scintilla of prejudice, bad faith or dilatory motive. Nor can Plaintiffs substantiate such assertions. The preemption and limitations arguments that Defendants seek to assert by way of affirmative defense (assuming such arguments must be asserted as affirmative defenses) raise pure legal questions, require no additional discovery (Plaintiffs do not assert otherwise) and will not prejudice Plaintiffs in any respect (let alone unduly prejudice them). The sole basis for Plaintiffs' purported prejudice is delay. Opp. at 9 -

---

[1] This case has not yet been scheduled for trial, and while Plaintiffs do complain about the length of time this case has been pending, there have been inordinate delays occasioned by the needs of the Plaintiffs (i.e., Plaintiffs' June 6, 2005 motion for modification of scheduling order to permit disclosure of

10. However, as the Second Circuit has repeatedly held, delay alone does not warrant denial of a motion to amend. See Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). It is not surprising then that even much of the case law proffered by Plaintiffs in opposition to Defendants' motion in fact supports granting leave.

I. **ABSENT PREJUDICE TO THE PLAINTIFF, A DEFENDANT MAY RAISE AN AFFIRMATIVE DEFENSE IN A MOTION FOR SUMMARY JUDGMENT FOR THE FIRST TIME—AND PLAINTIFFS MAKE NO SHOWING OF PREJUDICE HERE**

In the Second Circuit, "[a]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." See Aetna Casualty And Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603 (2d Cir. 2005) (per curiam, appendix C, District Court decision) (citations and internal quotation marks omitted).[2] While they claim in conclusory fashion that the preemption and limitations defenses will cause "prejudice" (Opp. at 7, 10), Plaintiffs simply skip over the Second Circuit's test for determining prejudice (plainly because they cannot satisfy it). As the Second Circuit has held:

---

an expert witness, filed 14 months after the deadline for disclosure, allowed by the Court on December 27, 2006 (see Docket Nos. 55 and 81)).

[2] Indeed, "a party's motion for summary judgment may be regarded as a motion to amend its pleadings under Fed. R. Civ. P. 15(a) if the party asserts an unpleaded affirmative defense." Multi-Juice, S.A. v. Snapple Beverage Corp., 2006 WL 1519981, at *15 (S.D.N.Y. June 1, 2006) (copies of unreported cases are attached hereto as Ex. A); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (affirming district court's consideration of motion for summary judgment containing unpleaded affirmative defense as motion to amend under Fed. R. Civ. P. 15(a)); City of Yonkers v. Otis Elevator Co., 649 F. Supp. 716, 726 n. 14 (S.D.N.Y. 1986) (aff'd 844 F.2d 42 (2d Cir.1988)) (concluding that "on a motion for summary judgment, the Court may properly consider the Statute of Frauds defense [not raised in the answer], even without formal amendment of the pleadings"). Here, Defendants have

2

> In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) <u>require the opponent to expend significant additional resources to conduct discovery</u> and prepare for trial; (ii) <u>significantly delay the resolution of the dispute</u>; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. "**<u>Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.</u>**"

<u>Block v. First Blood Assocs.</u>, 988 F.2d 344, 350 (2d Cir. 1993) (emphases added).[3]

Plaintiffs have not identified any legitimate basis for their claim that prejudice would result if Defendants' motion for leave to amend were granted.[4] Nor can they. The preemption

---

both requested leave to assert affirmative defenses and asserted the preemption and limitations arguments in their motion for summary judgment.

[3] This disposes of Plaintiffs' contention that it is Defendants' burden to show an excuse for the delay. Nevertheless, Defendants' delay here is understandable in view of the repeated starts and stops of this litigation. Approximately a year and a half passed between the time Defendants moved to dismiss the complaint on March 28, 2003 and the date of this Court's September 22, 2004 order denying the motion without prejudice to asserting the same arguments (which included preemption and limitations) on summary judgment. See Dockets Nos. 13 and 33. Following the filing of Defendants' answer, discovery was completed fairly quickly, between November 2004 and August 2005, but the case was then delayed for another year and a half when Plaintiffs sought leave to disclose an expert 14 months after the deadline, with Plaintiffs' request not resolved until December 27, 2006. While such delays are understandably inherent in litigation, in the "stop and go" of this case (where the "stops" lasted for lengthy periods), these purely legal defenses were raised early on. Moreover, as noted below (see infra note 5), it is not entirely clear whether the limitations and preemption issues in this case are properly affirmative defenses. Defendants' initial omission of these defenses as "affirmative" defenses in their answer should not be subject to an inflexible standard. See <u>Strauss v. Douglas Aircraft Co.</u>, 404 F.2d 1152, 1158, 1968 (2d Cir. 1968) (explaining that while a motion to amend may be denied where the movant has been dilatory and substantial prejudice has resulted, "[w]e do not intend….to impose a requirement of perfect foresight on litigants or their counsel"); <u>United States For and on Behalf of Maritime Administration v. Continental Illinois Nat. Bank and Trust Co.</u>, 889 F.2d 1248, 1255 (2d Cir. 1989) (distinguishing cases disallowing motions to amend to assert affirmative defenses from the case before it because "the question whether MarAd was required to plead its [defense] affirmatively was fairly close, and there were few relevant precedents"). As is evident from the fact that Defendants alluded to these defenses in their initial motion to dismiss, which Plaintiffs acknowledge (Opp. at 4), there can be no suggestion that Defendants were engaged in an attempt to "hide the ball."

[4] The sole basis Plaintiffs assert for any purported prejudice is the conclusory claim that forcing them "to respond to summary judgment arguments based on affirmative defenses that are not yet, and

3

and limitations arguments that Defendants assert in their motion for summary judgment and seek leave to assert as affirmative defenses (assuming they are in fact affirmative defenses)[5] are pure legal questions that require <u>no discovery</u>, <u>will cause no delay in these proceedings</u>, and cannot be viewed in any respect as affecting an unfair advantage.  In short, the Plaintiffs complain about "[m]ere delay [which] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  <u>Id.</u>; <u>see also</u> <u>Rachman Bag Co.</u>, 46 F.3d at 234-35 (explaining that delay alone unaccompanied by prejudice or bad faith does not warrant denial of motion to amend and, accordingly, holding that the district court's allowance of a motion to amend to assert an additional affirmative defense **four years** after the complaint was filed was proper where the plaintiff "offered no reason, such as prejudice or bad faith" in its opposition);

---

may not ever be, properly part of the case, is prejudicial."  Opp. at 7.  Plaintiffs' position is circular—they claim that they should not have to address Defendants' defenses because they are prejudicial and that the defenses are prejudicial simply because they should not have to address them.  Their conclusory claim of prejudice lacks a basis in both law and logic as Second Circuit authority unequivocally allows affirmative defenses to be raised for the first time on summary judgment.  <u>See</u> <u>supra</u> note 2.

[5]  It is not settled as to whether a limitations period that is an integral part of a statute creating a cause of action is a substantive element of a plaintiff's claim or a matter to be raised as an affirmative defense.  <u>See</u>, e.g., <u>Fishman v. Delta Air Lines, Inc.</u>, 132 F.3d 138 (2d Cir. 1998) ("Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute."); <u>Savings Bank of Rockville v. Wieglos</u>, No. CV970065409, 2001 WL 835411, at *2 (Conn. Super. Ct. June 27, 2001) ("Since the TILA provides for statutory rights and remedies, the statute of limitations applicable to the Act is jurisdictional.").  Similarly, it appears that courts vary in their interpretation of whether a claim of federal preemption is an affirmative defense contemplated under Fed. R. Civ. P. 8(c).  <u>Compare</u> <u>Saks v. Franklin Covey Co.</u>, 316 F.3d 337, 350 (2d Cir. 2003) (explaining that ERISA preemption defense should be raised as an affirmative defense) <u>with</u> <u>Ultra-Precision Mfg., Ltd. v. Ford Motor Co.</u>, 411 F.3d 1369, 1376 -1377 (Fed. Cir. 2005) ("preemption defense [is] not waived if raised anytime before the pretrial order, even if not pled as an affirmative defense"); <u>see also</u> <u>Fitzgerald v. Mallinckrodt, Inc.</u>, 681 F. Supp. 404, 405, n. 1 (E.D. Mich. 1987) ("the Court is not convinced preemption qualifies as an affirmative defense").

4

Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000) ("Even in the face of Barlo's **seven-year delay** to add its statute of limitations defense, we will not upset the district court's decision to permit Barlo to amend its answer accordingly, absent any showing of prejudice to Commander Oil or bad faith on the part of Barlo." (emphasis added)).

II.  **ALLOWING LEAVE TO AMEND HERE DOES NOT OFFEND RULE 8(C)--DENYING LEAVE, HOWEVER, WOULD RUN CONTRARY TO THE PURPOSE OF RULE 15 AS DELINEATED BY THE SECOND CIRCUIT**

"The main objective of Rule 8(c) is to give the opposing party notice of the affirmative defense and the opportunity to rebut it." Carnley v. Aid to Hospitals, Inc., 975 F. Supp. 252, 254 (W.D.N.Y. 1997) (citing United States v. Continental Illinois Nat'l Bank and Trust Co. of Chicago 889 F.2d 1248, 1255 (2d Cir. 1989) ("one of the main reasons for the rule ... is to avoid surprise to the plaintiff")); see also Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003) (purpose of requiring affirmative defense to be pled is "to give the opposing party notice"). With this in mind, "courts have been more lenient in the context of motions for summary judgment." Steinberg v. Columbia Pictures Indus., Inc., 663 F. Supp. 706, 715 (S.D.N.Y. 1987).

Allowing the affirmative defenses to be asserted here comports with the purposes of Rule 8(c). Plaintiffs make no claim that the defenses will require any additional discovery or that they are prejudiced in their ability to respond—only that they are prejudiced by having to respond. Nor can Plaintiffs claim "surprise." As they acknowledge (Opp. at 4), the preemption and limitations arguments were alluded to in Defendants' initial motion to dismiss, and, accordingly, the only "facts" predicating the defenses (i.e., the time of filing the complaint and existence of

5

federal preemption and limitations statutes) were known. Because the Plaintiffs cannot with a straight-face claim to be blindsided by these defenses (nor do they) and have the opportunity to fully brief the defenses (as they acknowledge they will), Defendants' motion to amend should be allowed. See Block, 988 F.2d at 351 (allowing defendants to assert affirmative defense in their motion for summary judgment four years after complaint was filed because plaintiffs had knowledge of facts giving rise to the defense); Curry, 316 F.3d at 331 ("Here, [defendant] raised the defense of collateral estoppel in the reply memorandum filed in response to [plaintiff's] opposition to the motion for summary judgment. [Plaintiff] was given leave, and additional time, to file a sur-reply, in which [Plaintiff] opposed [the defense]…. Thus, if the primary purpose of requiring collateral estoppel to be pled as an affirmative defense is providing notice and an opportunity to respond, that purpose was served in the instant case."); Maritime Administration, 889 F.2d at 1255 (finding "little legitimate surprise" to plaintiff when defendant sought leave to amend to add affirmative defense invoked by defendant in previous motion papers); Tokio Marine & Fire Ins. Co. Ltd. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986) (holding that denial of motion to amend to assert affirmative defense was improper where there was no showing of prejudice from delay and "the affirmative defense…had been foreshadowed at the oral argument"); Astor Holdings, Inc. v. Roski, 325 F. Supp. 2d 251, 260 (S.D.N.Y. 2003) (upholding defendant's federal preemption defense raised for the first time in "a supplementary letter brief filed prior to [plaintiff's] opposition papers" because the plaintiff has an opportunity to respond and did respond).

6

On the other hand, denying leave to amend would be entirely inconsistent with Rule 15. According to the Second Circuit, Rule 15 "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d Cir. 2000). Because Plaintiffs plainly had notice of the facts underlying the preemption and limitations issues, as well as Defendants' intent to assert them, denying leave here would avoid deciding the case on all applicable and relevant law based on a "mere technicality."

### III. PLAINTIFFS RELY ON CASE LAW THAT REPRESENTS THE MINORITY VIEW REJECTED BY THE SECOND CIRCUIT AND THAT ACTUALLY SUPPORTS GRANTING LEAVE TO AMEND

In light of the foregoing, it is unsurprising that the case law relied upon by Plaintiffs fails to support their position. Indeed, the lynchpin of Plaintiffs' argument adopts a minority view directly at odds with that of the Second Circuit. Many of Plaintiffs' cases actually militate in favor of granting leave to amend in these circumstances.

Plaintiffs properly acknowledge "that the case law in the Second Circuit does not bar belated defenses that are raised at the summary judgment stage" but nonetheless urge the Court to "exercise its discretion" in such situations and posit that "the analysis of the issue by the D.C. Circuit in Harris v. Secretary, U.S. Dept. of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997), is instructive." Opp. at 8. Plaintiffs then quote extensively from the court's analysis in Harris. Id. at 8-9. However, as the Southern District of New York has held, Harris represents a "minority

7

view" that is inconsistent with the Second Circuit's (and several other Circuits') view that "a district court may consider the merits of an affirmative defense…raised for the first time at the summary judgment stage, so long as the plaintiff has had an opportunity to respond." Astor Holdings, Inc. v. Roski, 325 F. Supp. 2d 251, 260-61, 260 n. 6 (S.D.N.Y 2003); see also Ahmad v. Furlong, 435 F.3d 1196, 1201 (10th Cir. 2006) ("Most other courts are not so strict [as the D.C. Circuit]. They do permit a defendant to raise an affirmative defense for the first time in a post-answer motion if the defense is raised in sufficient time that there is no prejudice to the opposing party merely because of the delay." (quoting Moore's Federal Practice, § 8.07[2] (3d. ed. 1997))); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999) (noting that Harris diverges from the "majority approach" that "absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion").

Plaintiffs also rely on Saks v. Franklin Covey, Co., 316 F.3d 337, 349-50 (2d Cir. 2003) for the argument that a claim of federal preemption is an affirmative defense that is waived if not timely raised. Opp. at 2. Yet, Plaintiffs omit the central holding in Saks:

> Notwithstanding a defendant's failure to timely plead the preemption defense, a district court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff…. In such circumstances, the district court may construe the motion for summary judgment as a motion to amend the defendant's answer…. Accordingly, we remand to the district court to determine whether defendants' motion for summary judgment should be construed as a motion to amend the answer, and, if so, to rule on that motion.

8

Saks, 316 F.3d at 351 (emphasis added).  Accordingly, on remand the district court ruled as follows:  "Having considered the submissions of the parties, I construe [defendant's] assertion of an ERISA preemption defense as a Motion for leave to amend the answer, <u>I grant that Motion</u>…." Saks v. Franklin Covey Co., No. 7:99-cv-09588-CM-LMS, Memorandum Decision and Order, 06/05/03, docket no. 54 (emphasis added) (copy of docket report attached as <u>Ex. B</u>.)

The remaining cases upon which Plaintiffs rely are either distinguishable, inapposite or misconstrued:

- In <u>Doubleday 7 Co., Inc. v. Curtis</u>, 763 F.2d 495 (2d Cir. 1985), the judge dismissed plaintiff's claims *sua sponte* <u>after trial</u> based on waiver (an affirmative defense which defendant had not asserted).  The Second Circuit reversed, finding that the defendant had forfeited the waiver defense by not raising it earlier, <u>but only after concluding that the defendant never even moved for an amendment under Rule 15(a)</u>.  <u>Id.</u> at 503 n.10.

- In <u>Atkinson v. General Research of Electronics, Inc.</u>, 24 F. Supp. 2d 894 (D. Ill. 1998), the court found waiver of a statute of limitations defense raised in <u>pre-trial motions in limine</u> where there were <u>multiple previous amended answers</u> that included affirmative defenses to federal copyright claims, but contained "no whisper" of a statute of limitations defenses to state law claims in the same complaint.  <u>Id.</u> at 896.

- In <u>Federal Ins. Co. v. Gates Learjet Corp.</u>, 823 F.2d 383 (10th Cir. 1987), the court explained that denial of a motion to amend is justified "<u>[i]f the delay in amending results in prejudice</u>" and relied on the fact that the district court had indeed made a finding of undue prejudice.  <u>Id.</u> 387 (emphasis added).

- In <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60 (2d Cir. 1990), the Second Circuit found the denial of a <u>plaintiff's</u> motion to amend proper  where the plaintiff sought to add an entirely new claim <u>after already amending their complaint twice</u> and <u>responding to defendant's motion for summary judgment</u> without ever asserting the claim.  <u>Id.</u> at 72.

- In <u>Deere v. Goodyear Tire and Rubber Co.</u>, 175 F.R.D. 157 (N.D.N.Y. 1997), the court highlighted that "delay by itself will not be reason to deny the motion [to amend]" and in denying the motion to amend relied in large part on its conclusion that "the motion to amend the complaint to add punitive damages <u>is futile</u>."  <u>Id.</u> at 166 (emphasis added).

9

- In <u>Dais v. Lane Bryant, Inc.</u>, 2000 WL 145755 (S.D.N.Y. Feb. 8, 2000), the court did not automatically deny the motion based merely on lack of a satisfactory explanation for the delay, but also expressly found undue prejudice resulting from such delay. <u>Id.</u> at *2.

- Plaintiffs cite <u>First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc.</u>, 820 F.2d 1127 (10th Cir. 1987) for the proposition that in the Tenth Circuit prejudice is not required to be shown where undue delay is shown, but then immediately (and appropriately) concede that the Second Circuit requires such showing. Opp. at 9.

Far from supporting Plaintiffs' contention that the Court would be within its discretion in denying a motion to amend in the absence of any showing whatsoever of prejudice to Plaintiffs, these cases do the exact opposite and reaffirm the relief Defendants seek.

For all of the reasons stated above, Defendants respectfully request that the Court grant this Motion to Amend.

**DEFENDANTS NATIONWIDE FEDERAL CREDIT UNION, ET AL**

By: /s/ Michael D. Blanchard
  Deborah S. Freeman (ct05257)
  Michael D. Blanchard (ct25891)
  BINGHAM McCUTCHEN LLP
  One State Street
  Hartford, CT  06103-3178
  (860) 240-2700
  (860) 240-2818 (fax)
  Their Attorneys
  deborah.freeman@bingham.com
  michael.blanchard@bingham.com

ACTIVE/61687022.5

## **CERTIFICATION**

I hereby certify that on this 9th day of May, 2007, a copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail to:

Richard P. Weinstein, Esq.
Nathan A. Schatz, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Ste. 207
West Hartford, CT 06107
*Counsel for Plaintiff*

                              /s/ Michael D. Blanchard
                                  Michael D. Blanchard