UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL, | : | CIVIL ACTION NO. |
| | : | 3:03CV277 (CFD) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | JULY 19, 2007 |
| ET AL, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' MEMORANDUM OF LAW
### IN ORDER TO BRING NEWLY-DECIDED, CONTROLLING AUTHORITY
### TO THE ATTENTION OF THE COURT

On July 10, 2007, the Connecticut Supreme Court released its decision in the case of Rollins v. People's Bank Corp., 283 Conn. 136 (2007). In that decision, the court concluded that there is no implied private right of action in favor of a customer against a financial institution for disclosure of a customer's financial records in violation of Connecticut General Statutes § 36a-42.

In Count 7 of the Complaint in the instant case, the plaintiff seeks to recover damages against defendant Nationwide Federal Credit Union for disclosure of plaintiff's financial records in violation of Connecticut General Statutes § 36a-42. In seeking summary judgment on that claim, the defendants have not argued that there is no implied private right of action for a violation of § 36a-42; instead, the defendants have urged that the challenged disclosure by Nationwide Federal Credit Union did not violate the terms of the statute. The plaintiff has directly addressed that argument on pages 39-40 of his June 19, 2007 Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment (hereinafter "Plaintiff's Opposition Brief"). However,

1

in light of the Rollins decision, it is now clear that Count 7 is not viable as a separate cause of action for reasons other than those argued by the parties (namely, that no private right of action exists with respect to a violation of § 36a-42). Therefore, the plaintiff hereby acknowledges, on the record, that it is likely that a summary judgment must now enter against the plaintiff on Count 7 based on the recent Rollins decision of the Connecticut Supreme Court.

Nonetheless, it must be pointed out that the factual allegations and statutory violation that are at issue in Count 7, which are discussed on pages 39-40 of Plaintiff's Opposition Brief, are still part of the plaintiff's CUTPA claim in Count 12. In this regard, the plaintiff notes, that even where a statutory violation is determined not to give rise to a separate private right of action, the statutory violation can still provide the basis for a CUTPA violation. See Plaintiff's Opposition Brief, p. 45, footnote 14 (citing cases). Thus, the question of whether there is a genuine issue of material fact concerning the plaintiff's claim that there has been a violation of Connecticut General Statutes § 36-42 is still an issue that must be addressed by the Court, albeit for purposes of Count 12 alone.

PLAINTIFFS,

By /s/
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215
rpw1@dtg.net

2

## CERTIFICATION

I hereby certify that on this 19th day of July, 2007, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Richard P. Weinstein