UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD P. MORIN, SR., ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | |
| | : | 3:03 CV 277 (CFD) |
| v. | : | |
| | : | |
| NATIONWIDE FEDERAL CREDIT UNION, | : | |
| ET AL., | : | |
|     Defendants. | : | August 17, 2007 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE SCANDALOUS (AND DEMONSTRABLY FALSE) ACCUSATIONS**

In their Summary Judgment Opposition Memorandum, Plaintiffs accuse Kathleen Brisendine, affiant for Defendants, of providing false testimony. As the *omitted* pages from the documents Plaintiffs selectively quote from establish, the assertion is demonstrably false.

Plaintiffs claim Ms. Brisendine testified that Mr. Morin's Durango was sold in August 2000 when the documents attached to the affidavit show that it was sold in June:

> Most significantly, *while NFCU asserts that, after is repossession, the Durango was not sold by NFCU until August 2002, the documentary evidence (attached to NFCU's own summary judgment affidavit) demonstrates that the <u>vehicle was actually sold by NFCU on June 20, 2001</u>*, notwithstanding NFCU's later representations to Mr. Morin, in July of 2001, that he could 'redeem your vehicle' by paying a specified amount on the vehicle loan. (Morin Affidavit, ¶ 25, 26.)
>
> The fact that Kathleen Brisendine testifies <u>falsely</u> in her affidavit that the Durango was not sold until August of 2001 when the documentary evidence demonstrates that the sale actually occurred on June 20, 2001, is a sufficient basis for the trier of fact <u>to reject *all* of her affidavit testimony</u>....

Opposition, at 26 and n. 7 (emphasis in original).

In support, Plaintiffs point to a copy of a bill of sale dated June 20, 2001 purporting to transfer Mr. Morin's Durango from Southern Auto Sales, Inc. to Patrici Chrysler Plymouth for $16,900.00 and a copy for a check in the amount of $16,598.00 made payable to NFCU, dated June 21, 2001. *See* Brisendine Aff., *Ex. 23*, at N/W RM 00968-69.

Omitted from Plaintiffs' diatribe, however, is the *cover letter* for these two documents, dated July 3, 2001 *from* NFCU *to* Southern Auto Sales, Inc. stating:

> *Enclosed is the original check and bill of sale that was sent to Nationwide Federal Credit Union for the 2000 dodge (sic) Durango.  **As per our phone conversation, I'm instructing you to hold the vehicle until Tuesday, July 24th**, **2001.  I will contact you on that date to inform you if the vehicle can be sold***.

*See* Brisendine Aff., *Ex. 23*, at N/W RM 00967 (emphasis added).  Also omitted is a fax dated **August 6, 2001** from NFCU to Southern Auto Sales, Inc. stating: "Carl, ***it is now possible to sell the 2000 Dodge Durango***." *See* Brisendine Aff., Ex. 23, at N/W RM 00972 (emphasis added).[1]

For all of the above stated reasons Defendants respectfully request that the Court grant this Motion.

**DEFENDANTS NATIONWIDE FEDERAL CREDIT UNION, ET AL**

By: /s/ Michael D. Blanchard
Ben M. Krowicki (ct06153)
Deborah S. Freeman (ct05257)
Michael D. Blanchard (ct25891)
Seth N. Stratton (ct27293)
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT  06103-3178
(860) 240-2700
(860) 240-2818 (fax)
ben.krowicki@bingham.com
deborah.freeman@bingham.com
michael.blanchard@bingham.com
seth.stratton@bingham.com
Their Attorneys

---

[1] Incidentally, even if the vehicle had been sold on some other date, Plaintiffs mischaracterize Ms. Brisendine's testimony as stating "that the Durango was not sold until August of 2001."  On the contrary, Ms. Brisendine plainly testified *only* that Mr. Morin *was advised* that the vehicle was sold at auction in August, referencing an August 31, 2001 letter." Brisendine Aff., ¶ 45. ("With no payment forthcoming, Mr. Morin was advised on August 31, 2001 that the Durango had been sold at auction on August 6, 2001 for $16,785.00 and that the deficiency due to the NFCU was $16,155.99." )   The testimony is indisputably true, as the August 31 letter submitted with the affidavit advised Mr. Morin that his vehicle was sold in August.  *See* Brisendine Aff., *Ex. 23*, at N/W RM 00974.

## **CERTIFICATION**

I hereby certify that on this 17th day of August, 2007, a copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail to:

Richard P. Weinstein, Esq.
Nathan A. Schatz, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Ste. 207
West Hartford, CT 06107
*Counsel for Plaintiff*


        /s/ Michael D. Blanchard
        Michael D. Blanchard