# EXHIBIT B

## STATEMENTS IN RULE 56(A)(2) STATEMENT TO BE STRICKEN

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| 4 | "However, the plaintiff's departure from Nationwide was a 'qualified cancellation' of the Agent's Agreement that entitled him to Agency Security Compensation under Paragraph 11e of the Agent's Agreement, and there was no violation of Paragraph 11f at the time of his departure. See Affidavit of Ronald P. Morin, Sr. ('Morin Affidavit'), ¶ 9, 10, 12." (second sentence) | This statement is based solely on improper affidavit testimony involving bald assertions, conclusory allegations and legal conclusions. *See supra* legal basis for striking ¶¶ 10, 12, Morin Affidavit. |
| 32 | "However, the information set forth in that letter regarding forfeiture of Extended Earnings and DCIC was inaccurate. See Morin Affidavit, ¶ 9, 10, 12; see also Deming v. Nationwide Mut. Ins. Co., 279 Conn. 745, 757-69 (2006). (second sentence) | This statement is based solely on improper legal conclusions and, thus, does not properly dispute any material fact. *See supra* legal basis for striking ¶¶ 10, 12, Morin Affidavit.<br><br>The legal nature of this conclusion is further evidenced by Plaintiffs' citation to case law as purportedly creating a disputed issue of fact. |
| 37 | "As to the first sentence, the forms dated July 4, 2000, were signed on that date and returned to NFCU immediately thereafter, so they should have been received by NFCU weeks earlier than August 1, 2000. See Morin Affidavit, ¶ 16." (second sentence) | This statement is based solely on bald assertions and speculation as to when the forms "should have been received by NFCU". *See* Brief, § II; *see also supra* legal basis for striking ¶ 16, Morin Affidavit.<br><br>Moreover, purportedly disputed facts regarding defaults with respect to Mr. Morin's personal loans are not *material*, but irrelevant, to the issues before the Court because Plaintiffs' admit defaults with respect to the business loan (*see* Plaintiffs' Rule 56(a)(2) Statement, ¶¶ 38 & 43). Plaintiffs seek to create distractions by disputing irrelevant factual minutiae while simultaneously admitting that Mr. Morin defaulted. *See Burlington Coat Factory* |

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| | | *Warehouse Corp. v. Esprit Corp.*, 769 F.2d 919, 923 (2d Cir. 1985) ("disputes over irrelevant facts must not be allowed to obscure the lack of a material disputes"). |
| 39 | "It is disputed that NFCU did not receive the July 4 ACH forms until August 1, 2000. See Response to #37 above. NFCU failed to take payments under the new ACH authorization as instructed and as agreed to by NFCU. See Morin Affidavit, ¶ 16, 20; see also Morin Affidavit, ¶ 19, 21." | *See supra* legal basis for striking ¶ 37, 56(a)(2) Statement; legal basis for striking ¶¶ 16, 19-21, Morin Affidavit. |
| 43 | "…wrongfully… and NFCU agreed that that payment would keep that loan current through November of 2001." See Morin Affidavit, ¶ 18." | The unsubstantiated conclusory allegation that Nationwide "wrongfully" withheld payment from Mr. Morin is not fact and does not create a disputed issue of fact. *See* Brief, § II.

Additionally, the unsubstantiated assertion that NFCU agreed that application of payment from Nationwide would be applied to future payments rather than principal is necessarily based on inadmissible hearsay by an unidentified individual. *See supra* legal basis for striking ¶ 18, Morin Affidavit. |
| 44 | "However, as set forth in Response to #43 above and in ¶ 18 of the Morin Affidavit, based on the $31,578.99 of Mr. Morin's money that Nationwide had transferred to NFCU in October of 2000 and the understanding of the parties in regard to the application of those funds, monthly payments on Mr. Morin's Partnership Plus (business) loan were current through November of 2001. (second sentence) | *See supra* legal basis for striking ¶ 43, 56(a)(2) Statement and ¶ 18, Morin Affidavit.

The reference to an "understanding" is based on inadmissible hearsay and also mischaracterizes Mr. Morin's own testimony in which he alleges that an unknown NFCU representative purportedly "voiced no objection to or concern with" applying the funds to pay the Business Loan going forward. |

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| 45 | "Denied. Based on the $31,578.99 of Mr. Morin's money that Nationwide had transferred to NFCU in October of 2000, and the understanding of the parties in regard to the application of those funds, monthly payments on Mr. Morin's Partnership Plus (business) loan were current through November of 2001. See Responses to # 43 and # 44 above; see also Morin Affidavit, ¶ 18." | *See supra* legal basis for striking ¶¶ 43 & 44, 56(a)(2) Statement. |
| 46 | "As to the first and last sentences, Nationwide's payment of the $31,578.99 was made to and received by NFCU on or about October 17, 2000. See Morin Affidavit, ¶ 18." (second sentence) | *See supra* legal basis for striking ¶¶ 43 & 44, 56(a)(2) Statement. |
| 47 | "However, all loans were up to date at that time, but for NFCU's admitted failure to process the ACH authorization properly. See Morin Affidavit, ¶ 17-24." | *See supra* legal basis for striking ¶¶ 43 & 44, 56(a)(2) Statement. The statement that all loans were "up to date" but for NFCU's purported failure to process ACH authorizations properly is a bald assertion that is unsubstantiated (and contradicted) by the undisputed facts of record. *See supra* legal basis for striking ¶¶ 17-21, 23-24, Morin Affidavit. |
| 48 | "Denied. Based on the $31,578.99 of Mr. Morin's money that Nationwide had transferred to NFCU in October of 2000, and the understanding of the parties in regard to the application of those funds, monthly payments on Mr. Morin's Partnership Plus (business) loan were current through November of 2001. See Responses to # 43 and # 44 above; Morin Affidavit, ¶ 18." | *See supra* legal basis for striking ¶ 43, 56(a)(2) Statement. |
| 49 | "Denied. See Morin Affidavit, ¶ 20-24." | This denial is based on a host of improper affidavit testimony, including bald assertions, conclusory allegations and incompetent testimony. *See* legal basis for striking ¶¶ 20-21, 23-24, Morin Affidavit. |

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| | | Moreover, Plaintiffs' purported dispute with respect to whether they defaulted on the Durango payments in February 2001, even if considered to be disputed, is not *material* because Mr. Morin had already unequivocally defaulted on the business loan. *See* Plaintiffs' Rule 56(a)(2) Statement, ¶¶ 38 & 43. |
| 50 | "Denied in part. …however, at that time, Mr. Morin was current on his NFCU loans, including the Durango loan. See Morin Affidavit, ¶ 20-24. As to the third sentence, NFCU had sold the Durango on June 20, 2001, weeks before its July 7, 2001 letter advising Mr. Morin of the sums required to redeem the vehicle. See Morin Affidavit, ¶ 25 and Exhibit G attached thereto. As to the remaining sentences, in light of the foregoing, it is disputed that any 'deficiency' existed…." | The statement that Mr. Morin was current on his NFCU loans is a bald assertion that is unsubstantiated (and contradicted) by the undisputed facts of record. *See supra* legal basis for striking ¶¶ 17-21, 23-24, Morin Affidavit.<br><br>The statement that NFCU sold the Durango prior to advising Mr. Morin of his right to redeem is misleading, unsubstantiated and contradicted by the undisputed facts of record. *See supra* legal basis for striking ¶ 25, Morin Affidavit; *see also* Defendants' Memorandum in Support of Motion to Strike Scandalous (and Demonstrably False) Accusations, dated August 17, 2007. |
| 52 | "… in part. It appears that NFCU 'wrote off' the various loans, but the plaintiffs dispute that any amounts are due or owing on those loans. See Morin Affidavit, ¶ 17-26." | The "dispute" that amounts are due or owing on Mr. Morin's loans from NFCU is based on bald assertions that are unsubstantiated (and contradicted) by the undisputed facts of record. *See supra* legal basis for striking ¶¶ 17-21, 23-26, Morin Affidavit. |
| 54 | "Denied in part. NFCU falsely reported to one or more credit reporting agencies information that Mrs. Morin was obligated with Mr. Morin on the Partnership Plus (business) loan. See Morin Affidavit, ¶ 30. In addition, whether there actually were non-payments when NFCU reported the same to credit reporting agencies is a disputed issue. See Morin Affidavit, ¶ | This denial is based on Mr. Morin's unsubstantiated and conclusory claims that NFCU supplied "false information" to credit reporting agencies and that Denise Morin was never obligated on the Partnership Plus loan, which fails to satisfy Rule 56(e). *See supra* legal basis for striking ¶ 30, Morin Affidavit.<br><br>Moreover, contrary to Plaintiffs' assertion that whether there were non-payments is a |

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| | 15-23, 29." | disputed issue, they admit that there were non-payments in their 56(a)(2) statement. *See* Plaintiffs' Rule 56(a)(2) Statement, ¶¶ 38, 43, 44, 51. |
| 56 | "Denied. NFCU appears to have relied on information supplied by Nationwide to shut off the available credit on Mr. and Mrs. Morin's NFCU Visa credit card and to declare a default on Mr. Morin's Partnership Plus (business) loan. Morin Affidavit, ¶ 6, 12, 13, 31." | This denial is based on speculation as to actions NFCU "appears" to have taken and bald assertions unsubstantiated by any competent evidence. *See supra* legal basis for striking ¶ 31, Morin Affidavit. |
| 58 | "Denied. The facts and reasonable inferences to be drawn therefrom show that the defendants' conduct was a purposeful and coordinated effort to cause emotional harm and distress to the plaintiffs through the misapplication of loan payments, the failure to debit accounts established for automatic payments of loans, wrongfully claiming defaults when loans were current, sending false reports to credit reporting agencies regarding the status of loans, wrongfully repossessing collateral and failing to dispose of that collateral properly, refusing repeated requests for information and clarification, all of which in fact caused such harm to the plaintiffs. *See* Morin Affidavit, ¶ 5-13, 15-31." | This denial is mere argument, not fact and the "facts" form the Morin Affidavit on which this denial is purportedly based are deficient for all of the reasons set forth in *Exhibit A*. |
| 59 | "In light of the facts set forth in the Morin Affidavit (¶ 5-13, 15-31), whether NFCU conducted a reasonable investigation and whether NFCU acted properly and acted in good faith is disputed." | Mr. Morin's affidavit and summary judgment submission contains not one shred of evidence concerning NFCU's investigations and good faith actions -- no emails, memos, deposition transcripts -- nothing. Mr. Morin's mere speculation about NFCU's internal processes and motivations has no place in a summary judgment proceeding. *See Scotto*, 143 F.3d at 114 ("non-moving party may not rely on . . . unsubstantiated speculation.") |

| 56(a)(2) Stmt. ¶ | STATEMENT TO BE STRICKEN | LEGAL BASIS FOR STRIKING |
|---|---|---|
| 61 | "In light of the facts set forth in the Morin Affidavit (¶ 5-13, 13-31), whether NFCU acted in good faith is disputed." | *See supra* legal basis for striking ¶ 59, 56(a)(2) Statement. |
| 62 | "The plaintiffs dispute that any amounts are due or owing on that loan. <u>See</u> Morin Affidavit, ¶ 17-26." | The "dispute" that amounts are due or owing on Mr. Morin's loans from NFCU is based on bald assertions that are unsubstantiated (and contradicted) by the undisputed facts of record. *See supra* legal basis for striking ¶¶ 17-21, 23-26, Morin Affidavit. |
| 63 | "However, the information in the credit report that Mrs. Morin was [*sic*] had co-signed Mr. Morin's business loan, which information had been supplied to the credit reporting agency by NFCU, was false.  Furthermore, the false information that NFCU had provided to the credit reporting agency had caused Chase Manhattan Bank, N.A. to deny Mrs. Morin's request for a credit limit increase on her Chase Visa credit card on or about March 1, 2002. <u>See</u> Morin Affidavit, ¶ 30." | Plaintiff's conclusory assertion about what NFCU reported -- without any evidence of any NFCU communication -- does not create a disputed issue of fact. *See supra* legal basis for striking ¶ 30, Morin Affidavit.<br><br>Moreover, Plaintiffs' response regarding action taken by Chase Manhattan bank is necessarily based on inadmissible hearsay and, therefore, cannot create a disputed issue of fact. *See id.* |
| 65 | "<u>But</u> <u>see</u> Response to # 63 above." | *See supra* legal basis for striking ¶ 63, 56(a)(2) Statement. |
| A - X | With respect to the purported "Disputed Issues of Material Fact," they either (1) do not present disputed issues of material fact because, for the reasons set forth in Defendants' Motion to Strike and supporting papers, Plaintiffs' fail to present competent evidence required to raise such a dispute under Rule 56, or (2) involve purely legal questions to be resolved by the Court. |